UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MENTAL HYGIENE LEGAL SERVICE,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　- against -<br><br>ELIOT SPITZER, in his official capacity as Governor of the State of New York, ANDREW CUOMO, in his official capacity as Attorney General of the State of New York, MICHAEL HOGAN, in his official capacity as Commissioner of the New York State Office of Mental Health, DIANA JONES RITTER, in her official capacity as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, and BRIAN FISCHER, in his official capacity as Commissioner of the New York State Department of Correctional Services,<br><br>　　　　　　　　　　　　Defendants. | **STATEMENT**<br><br>Docket Number<br>07-CV-2935<br>(GEL) (THK) |

　　EDWARD J. CURTIS, JR., states under penalty of perjury that the following is true and correct:

　　1. I am an Assistant Attorney General in the office of ANDREW M. CUOMO, Attorney General of the State of New York, counsel for the parties herein and defendant pro se.

　　2. I am making this statement in opposition to the Plaintiff's motion for a preliminary injunction enjoining certain aspects of New York's Sex Offender Management and Treatment Act ("SOMTA" or "the Act").

　　3. I am making this statement on my personal knowledge and on information and belief, the bases for which are my review of documents maintained by the Attorney General and my communications with employees of the Attorney General.

### A. Statutory Background

4. Under SOMTA, when it appears to the New York State Department of Correctional Service ("DOCS"), the New York State Office of Mental Health ("OMH"), or the New York State Office of Mental Retardation and Developmental Disabilities ("OMRDD") that a person who may be a detained sex offender is nearing an anticipated release, the agency is required to notify the Commissioner of OMH and the Attorney General. N.Y. Mental Hyg. Law § ("MHL") 10.05 (b). The New York State Division of Parole ("Parole") may give notice that a person subject to its supervision is a detained sex offender nearing an anticipated release. MHL 10.05 (d).

5. Following such notice, a preliminary review by an OMH multidisciplinary staff of clinical and professional personnel assesses relevant medical, clinical, criminal institutional, and other pertinent risk assessment records. MHL 10.05(d).

6. If the multidisciplinary staff determines that the person may be a sex offender needing civil management, the staff will refer the case to a Case Review Team ("CRT"). Id. If a person is referred to a CRT, that person is thereafter referred to as a "respondent." MHL 10.03 (n).

7. Following the staff referral, the CRT reviews the respondent's records and may arrange for a psychiatric examination of the respondent. MHL 10.05 (a), (e). If the CRT

determines that the respondent does not need civil management, it notifies the respondent and OAG. MHL 10.05 (f). If the CRT finds that the respondent is a sex offender requiring civil management, it notifies the respondent and OAG in writing. MHL 10.05 (g).

8. Upon receiving notice that the CRT has found a respondent is a sex offender requiring civil management, OAG may file a sex offender civil management petition with a court in the county where the respondent is located. MHL 10.06 (a).

9. If, following the MHL 10.05 (b) notice to the Commissioner and OAG, it appears that a respondent may be released before the CRT makes its determination, OAG may file a securing petition if the OAG determines that the protection of public safety so requires. MHL 10.06 (f).

10. If a securing petition is filed, no probable cause hearing may be held before the CRT makes its determination. Id. If the CRT determines that the respondent is not a sex offender requiring civil management, OAG will inform the court, which shall dismiss the securing petition. Id.

11. Within thirty days of the filing of a civil management petition, the court is to conduct a hearing to determine if there is probable cause to believe that the respondent is a sex offender requiring civil management. MHL 10.06 (g). If the respondent was about to be released, or was released but was then confined pending the probable cause hearing, the hearing must commence within either seventy-two

hours after the time the respondent would have been released or seventy-two hours after he was confined for the probable cause hearing. MHL 10.06 (h).

12. If, after the hearing, the court finds that there is not probable cause to believe the respondent is a sex offender requiring civil management, the respondent is released in accordance with other provisions of law. MHL 10.06 (k). If the court finds that there is probable cause to believe respondent is a sex offender requiring civil management, respondent is confined in a secure treatment facility pending a full trial. Id.

13. If there has been a finding of probable cause, a jury trial must be held within sixty days of the probable cause finding. MHL 10.06 (k), 10.07 (a).

### B. Petitions Filed Since The Act Became Effective

14. On Friday, April 13, 2007, SOMTA became effective. The same day, OAG filed a securing petition. The securing petition lasted to Monday, April 16, 2007, when OAG filed a sex offender civil management petition. Since then, OAG has not filed a securing petition.

15. From April 13, 2007, to May 16, 2007, OAG has filed sixteen sex offender civil management petitions.

16. During that period, OAG has conducted six probable cause hearings. In each hearing, probable cause was found that the respondent was a sex offender requiring civil management. One respondent waived the probable cause hearing.

17. Of the seven cases in which there has been a probable cause hearing, all seven are scheduled for a jury trial in June.

Dated:  New York, New York
        May 16, 2007

                                        _____
                                        EDWARD J. CURTIS, JR.