UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MENTAL HYGIENE LEGAL SERVICE,

                      Plaintiff,

- against -

ELIOT SPITZER, in his official capacity as Governor of the State of New York, ANDREW CUOMO, in his official capacity as Attorney General of the State of New York, MICHAEL HOGAN, in his official capacity as Commissioner of the New York State Office of Mental Health, DIANA JONES RITTER, in her official capacity as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, and BRIAN FISCHER, in his official capacity as Commissioner of the New York State Department of Correctional Services,

                      Defendants.

Docket Number 07-CV-2935 (GEL) (THK)

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT**

                      ANDREW M. CUOMO
                      Attorney General of the State of New York
                      <u>Attorney for Defendants</u>
                      120 Broadway, 24th Floor
                      New York, New York 10271
                      Tel. No. (212) 416-8641

                      June 14, 2007

EDWARD J. CURTIS, JR.
BRUCE McHALE
Assistant Attorneys General
<u>of Counsel</u>

**TABLE OF CONTENTS**

<u>Page</u>

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

   I.  ADEQUATE GUIDELINES ARE PROVIDED TO ENSURE THAT ISSUANCE
OF A SECURING PETITION WILL NOT VIOLATE A  RESPONDENT'S
CONSTITUTIONAL RIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

  II.  PROOF BY CLEAR AND CONVINCING EVIDENCE THAT A
DESIGNATED FELONY WAS "SEXUALLY MOTIVATED"
ADEQUATELY PROTECTS A RESPONDENT'S RIGHTS . . . . . . . . . . . . . . . . . . 3

      A.  Respondents' Due Process Rights Are Adequately Protected By The
Requirement Of Clear And Convincing Proof . . . . . . . . . . . . . . . . . . . . . . . . . 3

      B.  Respondents' Equal Protection Rights Are Adequately Protected
By The Legislative Classification Made In MHL Article 10 . . . . . . . . . . . . . . 4

  III.  PLAINTIFF FAILS TO SHOW DUE PROCESS OR EQUAL PROTECTION
VIOLATIONS IN THE MHL ARTICLE 10 PROVISIONS GOVERNING
PRE-TRIAL DETENTION OF INCAPACITATED PERSONS . . . . . . . . . . . . . . . 5

  IV.  AN INCAPACITATED DEFENDANT MAY BE FOUND TO BE
SUBJECT TO MANAGEMENT AND TREATMENT DESPITE
LACKING CAPACITY TO RESPOND TO CRIMINAL CHARGES . . . . . . . . . . 7

   V.  PLAINTIFF'S ASSERTION THAT THE PROBABLE CAUSE
DETERMINATION PROVIDES FOR DETENTION WITHOUT
CONSIDERING DANGEROUSNESS MISCHARACTERIZES
THE STATUTE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

  VI.  NO RIGHT TO COUNSEL IS TRIGGERED BY THE POSSIBILITY
THAT AN EXAMINER MIGHT LATER TESTIFY . . . . . . . . . . . . . . . . . . . . . . . 8

  VII.  PLAINTIFF FAILS TO ESTABLISH THE FACIAL UNCONSTITUTIONALITY
OF MHL 10.17 PERMITTING  RELEASE OF INFORMATION . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                                           **Page**

ABN 51st St. Partners v. City of New York, 724 F. Supp. 1142 (SDNY 1989) . . . . . . . . . . . . 2, 8

Addington v. Texas, 441 U.S. 418 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 6, 8

Bach v. Pataki, 408 F.3d 75 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 2007 U.S. LEXIS 5901 (2007) . . . . . . . . . . . 1

City of Cleburne v. Cleburne Living Center, 473 U.S. 432 (1985) . . . . . . . . . . . . . . . . . . . . . . . 4

City of New York v. United States, 179 F.3d 29 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 1

Cooper v. Oklahoma, 517 U.S. 348 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Doe v. Pataki, 120 F.3d 1263 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Goldstein v. Pataki, 2007 U.S. Dist. LEXIS 41216 (EDNY June 6, 2007) . . . . . . . . . . . . . . . . . 1

Gonzales v. Carhart, 127 S. Ct. 1610 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Helvering v. Mitchell, 303 U.S. 391 (1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Kansas v. Hendricks, 521 U.S. 346 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

People v. Maldonado, 86 N.Y.2d 631 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

People v. Shulman, 6 N.Y.3d 1 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Ughetto v. Acrish,130 A.D.2d 12 (2d Dep't 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v. Contreras, 776 F.2d 51 (2d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Gagnon, 373 F.3d 230 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Gurary, 793 F.2d 468 (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Rybicki, 354 F.3d 124 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

United States v. Salerno, 481 U.S. 739 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 9, 10

...

**Federal Rules and Regulations**

Federal Rules of Civil Procedure ("FRCP")
FRCP 8(a)(2) ................................................................ 1
FRCP 12(b)(6) .............................................................. 1

**State Statutes**

Kan.Stat.Ann. §§ 59-29a05 & 29a06 ........................................... 8
New York Penal Law § 130.91 .................................................. 7

New York Mental Hygiene Law ("MHL")
MHL Article 10 ........................................................ passim
MHL 10.03(b) ............................................................... 10
MHL 10.03(i) ............................................................. 2, 8
MHL 10.06 .................................................................. 3
MHL 10.06(f) ......................................................... 1, 2, 3, 10
MHL 10.06(g) ............................................................... 3
MHL 10.06(h) ............................................................... 3
MHL 10.06(k) ............................................................. 2, 8
MHL 10.07(c) ............................................................. 7, 9
MHL 10.17 .................................................................. 9
MHL 33(c)(9)(vii) .......................................................... 9
MHL 33.13(c) &(f) .......................................................... 10
MHL 33.13(c)(9)(v) ......................................................... 9

**PRELIMINARY STATEMENT**

This reply memorandum of law is submitted in further support of Defendants' motion pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure ("FRCP") for a judgment dismissing the Complaint dated April 12, 2007 ("Complaint"). Plaintiff challenges certain aspects of New York State's "Sex Offender Management and Treatment Act" ("SOMTA") codified at, inter alia, Article 10 of the New York State Mental Hygiene Law ("MHL").

**ARGUMENT**

Plaintiff's "Standards of Review" discussion omits reference to the Supreme Court's May 21, 2007 decision in Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 2007 U.S. LEXIS 5901 (2007), expressly abandoning the Conley v. Gibson rule that an FRCP 12(b)(6) motion is to be denied absent a showing that there is "no set of facts" which would permit relief. 2007 U.S. LEXIS 5901 *35. Under Bell Atl. a complaint must allege enough facts to state a plausible claim to relief. Id. at 23, 25; Goldstein v. Pataki, 2007 U.S. Dist. LEXIS 41216 *100 (EDNY June 6, 2007) (Bell Atl. "plausible claim" requirement generally applicable under FRCP 8(a)(2)).

**I. ADEQUATE GUIDELINES ARE PROVIDED TO ENSURE THAT ISSUANCE OF A SECURING PETITION WILL NOT VIOLATE A RESPONDENT'S CONSTITUTIONAL RIGHTS**

Plaintiff charges that MHL 10.06 (f), on its face, allows issuance of a securing petition detaining a respondent without notice and an opportunity to be heard. Compl., ¶ 55, Pl. Mem at 5-6. For Plaintiff's facial challenge to survive, Plaintiff must establish that there is no set of circumstances under which SOMTA would be valid. United States v. Salerno, 481 U.S. 739, 745 (1987). Furthermore, the fact that SOMTA might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it facially invalid. Id.; Bach v. Pataki, 408 F.3d 75, 89 (2d Cir. 2005); United States v. Rybicki, 354 F.3d 124, 130 (2d Cir. 2003); City

of New York v. United States, 179 F.3d 29, 33 (2d Cir. 1999); see also, Gonzales v. Carhart, 127 S.Ct. 1610, 1629 (2007) (A statute should not be invalidated on its face even if it encourages arbitrary or discriminatory enforcement if it contains even minimal guidelines to govern its application, and "somewhat speculative" future applications will not support a facial challenge).[1]

Defendants argued that securing petitions will be used rarely and that by the terms of MHL 10.06 (f), the petition must be filed with the court. Def. Mem. at 8. The securing petition continues a respondent's detention only until the Case Review Team ("CRT") has made the clinical determination of whether he is a sex offender requiring civil management. MHL 10.06 (f). Defendants contended that the provisions for notice and an opportunity to be heard found elsewhere in MHL 10.06 can thus be applied to the securing petition. Def. Mem. at 10.

Plaintiff contends that even if these provisions are properly applied to the securing petition, it is beyond this Court's power "to construe and narrow state laws." Pl. Mem. at 5, citing ABN 51st St. Partners v. City of New York, 724 F. Supp. 1142 (SDNY 1989). Here, Plaintiff misstates this Court's inquiry.

ABN did not refer to Salerno, relying instead on a 1971 Supreme Court precedent.[2] Under Salerno Plaintiff must show that there are no set of circumstances under which the securing petition can be validly obtained, and that Plaintiff fails to do. Instead, Plaintiff retorts that, "Defendants do not explain how the separate notice and hearing provisions contained elsewhere

---

[1] On June 5, 2007, the New York Court of Appeals issued a decision in State ex rel. Harkavy v. Consilvio (2007 NY Slip Op 4681, 2007 N.Y. LEXIS 1272) which provides for a remand proceeding which would provide a state court forum for issues raised here.

[2] This Court should note that the court in ABN rejected each of the constitutional challenges to the statute at issue there. 724 F. Supp. at 1158.

in Article 10 could reasonably be applied to MHL 10.06 (f) in the face of express statutory language to the contrary." Pl. Mem. at 5. However, the statutory provision referenced by plaintiff merely provides that the Article 10 probable cause hearing will not be convened until the CRT report. MHL 10.06 (f), (g). The MHL 10.06 (f) language does not prevent the State court from considering the basis for a respondent's detention for that interim period. See MHL 10.06 (h) (referring to the respondent's release prior to the filing of the sex offender civil management petition). It is reasonably inferred, from other provisions of MHL 10.06 and from the normal practices of the State courts, that the subject of a securing petition will receive regular notice and an opportunity to be heard. Certainly Plaintiff has failed to provide any reason to think that normal State court practices and procedures will be ignored in those rare instances where a securing petition will be sought. For that reason, Plaintiff's first cause of action fails to state a claim and must be dismissed.

## II. PROOF BY CLEAR AND CONVINCING EVIDENCE THAT A DESIGNATED FELONY WAS "SEXUALLY MOTIVATED" ADEQUATELY PROTECTS A RESPONDENT'S RIGHTS

Plaintiff makes due process and equal protection arguments that there is no legitimate basis for prospectively providing that designated felony charges include a determination of sexual motivation under the "reasonable doubt" standard generally applicable in criminal cases, but providing for a "clear and convincing" standard for finding the sexual motivation component for those convicted of designated felonies prior to the statute's effective date.

### A. Respondents' Due Process Rights Are Adequately Protected By The Requirement Of Clear And Convincing Proof

Plaintiff's due process argument that proof beyond a reasonable doubt is constitutionally

3

mandated for the determination of "sexual motivation" for an offender convicted prior to the effective date of the statute relies on Addington v. Texas, 441 U.S. 418, 429 (1979), Pl. Reply Mem. at 7-8, notwithstanding that decision's explicit holding that "clear and convincing evidence" rather than proof beyond reasonable doubt applies to civil commitment proceedings. Id. at 432-33. Without citation to further authority, Plaintiff urges that, because "sexual motivation" is a "fact question" and not something "which must be interpreted by experts psychiatrists and psychologists," it must proven beyond a reasonable doubt. Pl. Reply Mem. at 8. This premise is dubious. All commitment proceedings contain some factual determinations, but the presence of factual issues nevertheless does not change the standard of proof to beyond a reasonable doubt. See Addington, 441 U.S. at 229 (Commitment proceedings necessarily include factual determinations). Accordingly, the Sixth Cause of Action is properly rejected.

### B. Respondents' Equal Protection Rights Are Adequately Protected By The Legislative Classification Made In MHL Article 10

Plaintiff incorrectly argues that because it has not claimed that sex offenders or persons previously convicted and now facing an MHL Article 10 proceeding are a suspect class, such classifications are not subject to rational basis scrutiny. The question is not whether Plaintiffs have identified offenders as a suspect class, but whether the Legislature has employed suspect classifications. City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439-40 (1985). Legislative sex offender classifications are not suspect and are subject to rational basis analysis, see Def. Memo at 15-17, and Plaintiff cites no contrary authority.[3] That post-statute criminally

---

[3] In fact, the courts hold that legislative sex offender classifications serve "compelling" state interests in protecting the public, see e.g. Kansas v. Hendricks, 521 U.S. 346, 358 (1997) (Upholding sex offender commitment statute); Doe v. Pataki, 120 F. 3d 1263, 1266, 1276 (2d Cir. 1997) (Identifying compelling state interests in protecting the public from dangers posed by

convicted offenders will be subject to enhanced sentencing and supervision provisions which could not be applied to pre-statute convictions constitute legitimate legislative judgments warranting differing treatment of these groups made in the interests of public safety which withstand rational basis, and even intermediate, scrutiny. See Compl. Exh. A, at 24-34, MHL Article 10 changes to Penal Law. The Fifth Cause of Action thus also fails to state a claim.

### III. PLAINTIFF FAILS TO SHOW DUE PROCESS OR EQUAL PROTECTION VIOLATIONS IN THE MHL ARTICLE 10 PROVISIONS GOVERNING PRE-TRIAL DETENTION OF INCAPACITATED PERSONS

Plaintiff argues that the MHL Article 10 provision allowing pre-trial detention of incapacitated persons is unlawful because it permits detention "without any court finding that they in fact committed the criminal conduct with which they were charged." Pl. Reply Mem. at 12. Defendants previously noted that the statute permissibly provides that when there has been a grand jury indictment for a subject offense it is unnecessary at the probable cause stage to "relitigate" whether the person committed a sex offense because the CPL provides that an indictment means that there is legally sufficient evidence establishing reasonable cause to believe that the person committed every element of the offense. Def. Mem. at 20. "Reasonable cause" generally corresponds to "probable cause." People v. Maldonado, 86 N.Y.2d 631, 635 (1995).

In response, plaintiff makes the inapposite argument that an indictment does not constitute a "criminal conviction," Pl. Reply Mem. at 13, disregarding that the MHL Article 10 stage under consideration is the probable cause determination. Probable cause does not require

---

sex offenders). Plaintiff's quote from Justice Kennedy's concurrence in Hendricks, Pl. Reply Mem. at 11, which Plaintiff suggests makes equal protection distinctions between pre-statute and post-statute offenses, does not further its argument. The quoted reference actually states Justice Kennedy's agreement that the statute was not an ex post facto pretext to disguise punishment.

proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been committed by the person charged. People v. Shulman, 6 N.Y.3d 1, 25 (2005); United States v. Gagnon, 373 F.3d 230, 236 (2d Cir. 2004). Plaintiff extends this inapt conflation between probable cause and trial by urging that the MHL Article 10 pre-trial detention provisions are unlawful because incapacitated defendants have not "had an opportunity (at their criminal trials) to challenge the criminal acts alleged and to be convicted upon proof beyond a reasonable doubt." Pl. Reply Mem. at 14. However, Plaintiff offers no authority for the proposition that it is unconstitutional at the MHL Article 10 probable cause stage to abide by the CPL provisions regarding grand jury determinations. See United States v. Contreras, 776 F.2d 51, 53-54 (2d Cir. 1985) (A grand jury indictment satisfies the constitutional requirement for probable cause, and no separate probable cause hearing or determination is required to subject a defendant to the Bail Reform Act.); United States v. Gurary, 793 F.2d 468, 472 (2d Cir. 1986), cert. denied, 490 U.S. 1035 (1989) (Grand jury indictment establishes the existence of probable cause).

Plaintiff argues, again inexplicably relying on Addington, that at the MHL Article 10 trial stage, the Constitution requires that there be proof beyond a reasonable doubt that an incapacitated respondent engaged in the conduct constituting a sex offense. Pl. Reply Mem. at 15. As noted above, Addington provides no support for this argument, holding that clear and convincing evidence satisfies the constitution.[4] Plaintiff's couching this as an equal protection

---

[4] As was the case in plaintiff's opening brief, its reply memorandum suggests that Cooper v. Oklahoma, 517 U.S. 348, 352 (1996) somehow supports this position. Pl. Reply Mem. at 16. Defendants previously noted that Cooper in fact expressly reiterates that clear and convincing evidence is the constitutional standard. Id. at 368-69. See Def. Mem. at 22, n. 7.

violation is also unavailing. Pl. Reply Mem. at 16 & Compl., ¶ 65. The Legislature's decision to enhance Penal Law § 130.91 to provide that certain "specified offenses" are deemed "sexually motivated felonies" where committed "for the purpose, in whole or substantial part, of his or her own sexual gratification," does not mandate a wholesale importation of the reasonable doubt standard into MHL Article 10 proceedings as to incapacitated defendants. It means merely that henceforth the clear and convincing evidence standard generally applicable for MHL Article 10 trial proceedings is deemed satisfied as to the "sex offense" component because it will be included in future indictments and upon conviction will have been determined beyond a reasonable doubt. MHL 10.07(c) (Respondent's commission of a sex offense need not be relitigated when "the respondent stands convicted of such offense"). However, the same clear and convincing evidence standard pertains for all MHL Article 10 respondents, whether or not incapacitated. Thus, the Second and Third Causes of Action should be rejected.

### IV. AN INCAPACITATED DEFENDANT MAY BE FOUND TO BE SUBJECT TO MANAGEMENT AND TREATMENT DESPITE LACKING CAPACITY TO RESPOND TO CRIMINAL CHARGES

Plaintiff argues that criminal defendants who have been found to lack capacity to stand trial cannot later be found to have engaged in the conduct that was the subject of the criminal charges. Compl., ¶¶ 67-69. However, the fact that an incapacitated defendant cannot stand trial on the criminal charges brought against him does not mean that the same defendant can never be subject to any other judicial determination concerning his conduct. See, e.g., Helvering v. Mitchell, 303 U.S. 391, 397-98 (1938). For that reason, the Fourth Cause of Action should be dismissed.

### V. PLAINTIFF'S ASSERTION THAT THE PROBABLE CAUSE DETERMINATION PROVIDES FOR DETENTION WITHOUT CONSIDERING DANGEROUSNESS MISCHARACTERIZES THE STATUTE

Plaintiff incorrectly argues that detention following an MHL Article 10 probable cause hearing is unlawful because the probable cause finding fails to include any determination as to dangerousness. Pl. Reply Mem. at 17. Detention pursuant to the MHL Article 10 probable cause includes a finding that the respondent is a "sex offender requiring civil management," i.e., a sex offender who suffers from a mental abnormality, MHL 10.06(k). "Mental abnormality" is "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct." MHL 10.03(i). Contrary to Plaintiff's assertion, detention pending trial may be ordered only following this particularized finding. MHL 10.06(k).[5] Thus, Plaintiff's Seventh Cause of Action does not state a claim.

### VI. NO RIGHT TO COUNSEL IS TRIGGERED BY THE POSSIBILITY THAT AN EXAMINER MIGHT LATER TESTIFY

Plaintiff seems to agree that the Legislature was guided by Ughetto v. Acrish (130 A.D.2d 12 (2d Dep't 1987) in providing that counsel would not be appointed for indigent respondents until the probable cause hearing was scheduled. Pl. Reply Mem. at 19-20. Plaintiff argues that,

---

[5]Plaintiff cites Addington, 441 U.S. at 432-33, for the proposition that pretrial detention is unconstitutional absent proof of metal abnormality and dangerousness by clear and convincing evidence. Pl. Mem. at 18. However, Addington applied this standard to ultimate proof at trial, as does MHL Article 10, not pretrial detention. Kansas v. Hendricks, 521 U.S. 346 (1997) upheld the Kansas sex offender commitment statute containing probable cause pretrial detention provisions similar to those in the New York statute. Kan.Stat.Ann. §§ 59-29a05 & 29a06.

despite this legislative determination, and in the absence of other federal precedents, see Def. Mem. at 25, this Court should nevertheless direct counsel to be present at any examination arranged by the CRT simply because evidence obtained at the examination might be used in subsequent litigation.[6] Under Salerno, 481 U.S. at 745, the possibility that a statute might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it facially invalid. Thus, this Court should reject Plaintiff's Eighth Cause of Action.

### VII. PLAINTIFF FAILS TO ESTABLISH THE FACIAL UNCONSTITUTIONALITY OF MHL 10.17 PERMITTING RELEASE OF INFORMATION

In its reply memorandum plaintiff does not press its initial argument regarding MHL 10.17, codified at MHL 33(c)(9)(vii), which authorizes the Commissioner to release information "to appropriate persons and entities when necessary to protect the public concerning a specific sex offender requiring civil management under this article." Defendants discussed Plaintiff's prior assertion that this provision is facially unconstitutional notwithstanding Plaintiff's agreement that the nearly identical provision of MHL 33.13(c)(9)(v), allowing the release of information to "appropriate persons and entities when necessary to prevent imminent harm to the patient or client or another person" satisfies constitutional standards. Def. Mem. at 26-28.

Plaintiff now argues that there might be distinct instances where such release would permit disclosure of particular medical conditions "from earaches to diabetes, hepatitis to herpes" and HIV positive status. Pl. Reply Mem. at 23. Such speculation does not warrant a declaration

---

[6] Plaintiff also argues that a respondent's failure to participate in the CRT psychiatric examination "can result in an adverse jury charge." Pl. Reply Mem. at 22. No adverse jury charge is made; rather, the jury "may hear evidence of the degree to which the respondent cooperated with the psychiatric examination" and, if a respondent refused to submit to an examination, the trial court shall, upon request, so instruct the jury. MHL 10.07 (c).

9

that the statute is facially unconstitutional. As defendants previously noted, MHL 33.13(c) &(f) include applicable provisions 1) limiting disclosure to information necessary in light of the reason for disclosure; 2) that the receiving person maintain confidentiality; and 3) that the patient be notified of disclosures. Def. Mem. at 26. The speculative allegations contained in Plaintiff's Ninth Cause of Action fail to meet the requirement for a successful facial claim, Salerno, 481 U.S. at 745, Bach v. Pataki, supra; United States v. Rybicki, supra; City of New York v. United States, supra; Gonzales v. Carhart, supra, and must be dismissed.[7]

## CONCLUSION

For the foregoing reasons, Defendants' motion should be granted and the Complaint should be dismissed.

Dated:   New York, New York
         June 14, 2007

ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for Defendants
By:

_____
EDWARD J. CURTIS, JR.
Assistant Attorney General

EDWARD J. CURTIS, JR.
BRUCE McHALE
Assistant Attorneys General
of Counsel

---

[7] In its main memorandum on this motion, Defendants argued that Defendant Ritter's duties under MHL Article 10 were limited to providing notice that a person who may be a detained sex offender was nearing an anticipated release. Def. Mem. at 30. However, "commissioner" is defined in MHL 10.03 (b) as including Defendant Ritter. For that reason, so much of Defendants' argument on this point as pertained to Defendant Ritter is withdrawn.