UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

|  |  |
|---|---|
| MENTAL HYGIENE LEGAL SERVICE, | |
|        Plaintiff, | |
| and SHAWN S., | |
|        Intervening Plaintiff, | |
|        -v.- | |
| ELIOT SPITZER, in his official capacity as Governor of the State of New York, ANDREW CUOMO, in his official capacity as Attorney General of the State of New York, MICHAEL HOGAN, in his official capacity as Commissioner of the New York State Office of Mental Health, DIANA JONES RITTER, in her official capacity as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, and BRIAN FISCHER, in his official capacity as Commissioner of the New York State Department of Correctional Services, | Docket No. 07-CV-2935 (GEL) <br><br> **COMPLAINT OF INTERVENOR** |
|        Defendants. | |

------------------------------------------------------------X

Plaintiff-Intervenor Shawn S.[*] alleges:

**Introduction**

1. The main action captioned above seeks a declaratory judgment and injunction to enjoin certain provisions of New York's Sex Offender Management and Treatment Act [SOMTA], which provides

---

[*] Proposed intervenor Shawn S. wishes to proceed anonymously in this action in light of the stigma associated with the allegations that he has a mental abnormality as well as the publicity that has surrounded the adoption of the new civil commitment legislation that is the subject of this suit. To enable Defendants to respond to the motion to intervene, Mr. S.'s full name will be disclosed to the Court and to Defendants' counsel by letter accompanying this complaint. A formal motion to proceed anonymously will follow.

for either civil commitment or outpatient intensive parole supervision for certain sex offenders. Among the provisions challenged in the main action is N.Y. Mental Hygiene Law (MHL) §10.06 (k), which provides for mandatory pretrial detention of all offenders awaiting trial under SOMTA. Mr. S., one of the first persons against whom a SOMTA petition has been filed, seeks to join in the challenge to the mandatory detention provision of MHL §10.06 (k), which would preclude a court from considering whether he might safely remain in the community under parole supervision while awaiting trial.

## Jurisdiction & Venue

2. Mr. S. adopts the jurisdiction and venue allegations of the main complaint.

## Parties

**Plaintiff**

3. Plaintiff Shawn S. is a convicted sex offender and one of the first persons against whom a SOMTA petition has been filed.

4. As further detailed below, Mr. S. has been free on parole for nearly two years and the SOMTA petition against him appears to seek only a commitment to outpatient intensive supervision by the Division of Parole, not confinement in a secure facility. Nevertheless, if the court finds probable cause to believe that Mr. S is a sex offender requiring civil management, he will be subject to mandatory pretrial detention in a secure facility under MHL §10.06 (k).

**Defendants**

5. Mr. S. adopts the allegations about Defendants contained in the main complaint.

## Factual Background

6. Shawn S. was convicted in May 1992 of sodomy, rape, and acting in a manner injurious to a child. He was sentenced to an indeterminate period of incarceration of 5 to 15 years in a New York State Correctional Facility.

7. Mr. S. served ten years in prison and was initially released on parole in May 2002. However, his parole was revoked in January 2003, and he was returned to prison. He was again released to parole

supervision on October 31, 2005.

8. Since his release in October 2005, Mr. S. has successfully fulfilled all of the conditions of his parole. He has had no parole violations whatsoever since his release in October 2005.

9. Mr. S. has been employed as a farm hand at the Dairy-Air Dairy Farm in Candor, New York since December 29, 2005. He currently is paid between eight-and-ten dollars per hour based on the work performed. He works approximately forty-to-forty-five hours per week.

10. As a condition of his parole, Mr. S. was required to seek the approval of his parole officer before initiating any close personal relationships. His parole officer initially approved a relationship with his girlfriend, Amanda Milazzo, in June of 2006, and then withdrew approval a few months later. Approval was reinstated, in approximately March of 2007. They are currently residing together.

11. Mr. S. successfully completed an out-patient sex offender treatment program in approximately May 2007.

12. Mr. S. was scheduled to be released from parole on June 10, 2007. Parole supervision was continued pending an Article Ten probable cause hearing, pursuant to MHL §10.06 (h).

**Statutory Scheme**

13. SOMTA took effect on April 13, 2007. In essence, it created a new program for civil commitment or out-patient strict and intensive parole supervision for convicted sex offenders found to suffer from a "mental abnormality" that would predispose them to the commission of further sex offenses. This program, and the procedural protections provided in advance of any commitment or supervision regime, is codified at MHL Article 10.

14. The procedures set forth in Article 10 are aimed at determining whether a particular offender is a "sex offender requiring civil management."

15. As set forth in MHL §10.03 (q),

> " 'sex offender requiring civil management' means a
> detained sex offender who suffers from a mental abnormality.
> A sex offender requiring civil management can, as determined
> by the procedures set forth in this article, be either (1) a

>   dangerous sex offender requiring confinement or (2) a sex
>   offender requiring strict and intensive supervision."

16. When an offender is nearing the date for his release from supervision the Division of Parole may provide notice of the offender's background and criminal history to the Office of Mental Health and the Attorney General. MHL §10.05 (b).

## SOMTA Proceedings Against Mr. S.

17. In late May or early June 2007, as Mr. S. neared the date of his release from parole supervision, the Division of Parole sent notice of his identity and background to the Office of Mental Health, as provided in MHL §10.05 (b).

18. Under SOMTA, the Office of Mental Health's Case Review Team "consider[s] whether the respondent is a sex offender requiring civil management." MHL §10.05 (e). In accord with the definition of "sex offender requiring civil management" set forth above, this assessment does not require the Case Review Team to determine whether commitment to secure confinement or outpatient supervision is most appropriate for any particular offender.

19. In conducting its assessment, the Case Review Team may arrange for a psychiatric examination of the offender. MHL §10.05 (e).

20. In Mr. S.'s case, the Case Review Team arranged for Mr. S. to be examined and assessed by Dr. Jennifer Berryman.

21. In the report that she submitted to the Case Review Team, Dr. Berryman concluded that Mr. S. was a "sex offender requiring civil management," but went on to make risk management recommendations for Mr. S. Dr. Berryman noted that "Mr. S[] is currently doing well under the structure of Parole. He is likely to continue to benefit from individual psychotherapy, sex offender treatment, and intensive supervision. The additional structure and treatment are likely to help prevent recidivism *and assist him in continuing to live in the community*." (emphasis added).

22. Relying on Dr. Berryman's report, which it attached to its memorandum of findings, the Case Review Team concluded that Mr. S. was a sex offender requiring civil management, as defined by SOMTA.

This finding enabled the Attorney General to file an Article 10 petition against Mr. S. *See* MHL §10.06 (a).

23. On June 8, 2007, Defendant Andrew Cuomo, Attorney General of the State of New York, filed an Article 10 petition against Mr. S., alleging that he is a "sex offender in need of civil management," i.e., a detained sex offender suffering from a mental abnormality. MHL §10.03 (p).

24. The Article 10 petition relies heavily on Dr. Berryman's report and appends that report as an exhibit.

25. Although the Article 10 petition makes no mention of risk management recommendations, it can be inferred from the inclusion of Dr. Berryman's report and adoption of her general conclusions that the State is only seeking Mr. S's commitment to outpatient strict and intensive supervision by the Division of Parole, not commitment to a secure facility.

26. On June 13, 2007, Assistant Attorney General Geoffrey B. Rossi, who represents the State in the Article 10 petition, told counsel for Mr. S. that the State would be looking for a disposition of intensive outpatient supervision only, not secure commitment.

27. In its Article 10 petition against Mr. S., the State sought to have him continued on parole supervision while awaiting a probable cause hearing, though it could have sought to have him confined in a secure facility during this time. *See* MHL §10.06 (h).

28. Mr. S denies that he is currently a sex offender requiring civil management and that should it be determined that he is, he maintains that he does not require commitment to a secure facility.

29. If probable cause is found that Mr. S. is a sex offender requiring civil management, the probable cause court will be <u>required</u> to immediately order him committed to a secure treatment facility pending completion of a trial. MHL §10.06 (k).

30. Pretrial detention in a secure facility under MHL §10.06 (k) is mandatory.

31. MHL §10.06 (k) does not permit a court any discretion to allow Mr. S. to remain in the community on parole supervision while awaiting trial.

32. A trial must be commenced with in sixty days and confinement to a secure facility under

MHL §10.06 (k) while awaiting completion of the trial could extend beyond that. MHL §10.07 (a).

33. If Mr. S. is confined to a secure facility, he will lose his job. Loss of his job will result in him defaulting on outstanding loans. It will also make it impossible for him to pay his rent, causing him to lose his place of abode.

34. The prospect of mandatory pre-trial detention under MHL §10.06 (k) gives the State improper leverage to pressure persons like Mr. S. to agree to a settlement of the Article 10 petition and encourages such persons to concede mental abnormality and proclivity to commit sex offenses in order to avoid detention upon a mere finding of probable cause.

## Statement of Claim

35. Paragraphs 1-31 are repeated and realleged as if fully set forth herein.

36. Mandatory pretrial detention must be imposed under MHL §10.06 (k) even for those offenders for whom the State will only seek outpatient supervision, not civil commitment.

37. The Supreme Court has held that a person can be civilly committed on the basis of a mental illness or abnormality only upon clear and convincing evidence that he poses a danger to himself or others. *Addington v. Texas*, 441 U.S. 418, 432-33 (1979); *O'Connor v. Donaldson*, 422 U.S.563, 575 (1975).

38. Mr. S. would not pose a danger to himself or others if continued on parole supervision while awaiting trial under Article 10.

39. The Supreme Court has held that pretrial detention must be predicated on particularized findings that a person would be dangerous if released pending trial. *Zadvydas v. Davis*, 533 U.S. 678, 690-91 (2001); *United States v. Salerno*, 481 U.S. 739, 751 (1987).

40. The mandatory detention provision of MHL §10.06 (k) provides no leeway for a court to make particularized findings that an individual offender would be dangerous if released pending trial, but rather, directs pretrial confinement for all persons allegedly requiring civil management under Article 10.

41. Enforcement of the mandatory detention provision of MHL §10.06 (k) would violate Shawn S.'s due process rights, as guaranteed by the Fourteenth Amendment of the United States Constitution.

**Prayer for Relief**

WHEREFORE, Shawn S. respectfully asks that this Court:

(a) declare that enforcement of the mandatory pretrial detention provision of MHL §10.06 (k) against Mr. S. would violate his due process rights unless the State is able to demonstrate that Mr. S. would pose a danger to himself or others if not confined pending trial;

(b) enjoin the State from committing Mr. S. to a secure facility during the pendency of any Article 10 trial against him, unless it has first proven, by clear and convincing evidence, that he would pose a danger to himself or others if not confined pending trial; and

(c) grant any other relief that this Court deems just and proper.

Dated: August 8, 2007

                                        SHEILA E. SHEA, Director
                                        Mental Hygiene Legal Service, Third Department
                                        Attorneys for Shawn S.

                                        _____-s_____

By:    Hollie Levine
           Associate MHLS Attorney
           44 Hawley St., 16th floor
           Binghamton, NY 13901
           (607) 721-8440