UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                     :

MENTAL HYGIENE LEGAL SERVICE,          :

                Plaintiff,          :
and SHAWN S.,
                Intervening Plaintiff,    :

       -v.-                                       :

ELIOT SPITZER, in his official capacity as    :    Docket No. 07-CV-2935 (GEL)
Governor of the State of New York,
ANDREW CUOMO, in his official capacity as  :
Attorney General of the State of New York,    :
MICHAEL HOGAN, in his official capacity    :    MOTION AND NOTICE OF
 as Commissioner of the New York State Office  :   MOTION TO INTERVENE
of Mental Health, DIANA JONES RITTER, in her :   AS A PLAINTIFF AND FOR
official capacity as Commissioner of the New York  :  TEMPORARY RESTRAINING
State Office of Mental Retardation and        :    ORDER
Developmental Disabilities, and BRIAN FISCHER, :
in his official capacity as Commissioner of the New :
York State Department of Correctional Services,    :

               Defendants.          :

------------------------------------------------------------X

To:    Sadie Zea Ishee
        Dennis B. Feld
        <u>Attorneys for Plaintiff</u>
        41 Madison Ave., 26th Fl.
        New York, New York 10010

        Edward Curtis, Assistant Attorney General
        <u>Attorney for Defendants</u>
        120 Broadway
        New York, New York 10271

      PLEASE TAKE NOTICE that upon the accompanying complaint and all papers and proceedings

heretofore had herein, the undersigned will move this Court, on a date to be determined by this Court, at the

Courthouse located at 500 Pearl Street, New York, New York, 10007, for an order permitting Shawn S.[*] to intervene as a Plaintiff in this matter, pursuant to Fed. R. Civ. P. 24 (b). Mr. S. further seeks a temporary restraining order and seeks to join in Plaintiff Mental Hygiene Legal Service's pending motion for preliminary injunctive relief.

Mr. S.'s motion to intervene is made on the grounds that:

1. This is an action brought by Mental Hygiene Legal Service seeking declaratory and injunctive relief to enjoin certain provisions of New York's newly-enacted Sex Offender Management and Treatment Act [SOMTA]. *See* Complaint (Docket Doc. # 07-CV-2935)

2. Defendant has moved to dismiss the complaint on the grounds that Plaintiff fails to state a claim for which relief can be granted. *See* Motion to Dismiss (Docket Doc. #07-CV-2935)

3. One of the claims asserted in Plaintiffs' complaint is that new Mental Hygiene Law §10.06 (k) is unconstitutional because it requires mandatory detention in a secure facility pending trial for all persons for whom "civil management" is sought under Article10. *See* Complaint, Seventh Claim. Plaintiff has claimed that §10.06 (k) is unconstitutional because it precludes any inquiry into whether an individual offender would pose a danger to himself or others if not confined during the pendency of the Article 10 proceeding, but makes pre-trial confinement mandatory for all persons upon a finding that there is probable cause that the person has a mental abnormality. *Id.*; *see also* Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (Docket No. #07-CV-2935) .

4. As more fully described in Mr. S.'s proposed complaint, attached hereto, he likewise complains of the unconstitutionality of §10.06 (k), and his proposed complaint raises the same questions of

---

[*]Proposed intervenor Shawn S. wishes to proceed anonymously in this action in light of the stigma associated with the allegations that he has a mental abnormality, discussed further in the accompanying complaint, as well as the publicity that has surrounded the adoption of the new civil commitment legislation that is the subject of this suit. To enable Defendants to respond to the motion to intervene, Mr. S.'s full name will be disclosed to the Court and to Defendants' counsel by letter accompanying this motion. A formal motion to proceed anonymously will follow.

law that Plaintiff has alleged in its Seventh Claim.

5. Mr. S. stands to be mandatorily confined for two months or more pending an Article 10 trial under the mandatory pre-trial detention provisions of MHL §10.06 (k). Mr. S., who has been free on parole since October 2005, stands to lose his job if he is subjected to the mandatory confinement provision. Furthermore, the state is not ultimately seeking his civil commitment to a secure facility under Article 10, but only seeks to have him committed to strict and intensive supervision under the Division of Parole. *See* Complaint.

6. The State has not alleged that Mr. S. would pose a danger to himself or others if he were continued on parole supervision rather than confined pending trial. Indeed, the State's Article 10 petition sought such parole supervision, rather than confinement of Mr. S., pending the probable cause hearing. However, under the plain language of MHL §10.06 (k), the probable cause court will have no choice but to order Mr. S. confined pending trial if probable cause is found that he would be subject to continued strict and intensive parole supervision under Article 10.

7. Thus, Mr. S. is likely to be subjected to the same deprivation of constitutional rights that is alleged in Claim Seven of Plaintiff's complaint, and his complaint raises a question of law in common with the main action.

8. Because the constitutionality of MHL §10.06 (k)'s mandatory detention provision is a pure question of law, the addition of Mr. S. to this case will not delay the adjudication of the pending motion to dismiss, which argues that MHL §10.06 (k) is constitutional in all its particulars, nor will his participation prejudice the adjudication of the rights of the original parties.

9. Furthermore, Mr. S. is likely to suffer immediate and irreparable injury if he is subjected to the mandatory detention provision of MHL §10.06 (k). Specifically, if probable cause is found that Mr. S. is a sex offender in need of community-based supervision, as alleged in the Article 10 petition against him, he will be immediately involuntarily committed to a secure facility pending trial and will lose his employment and housing. For this reason, he seeks a temporary restraining order to enjoin the application

of the mandatory detention provision of MHL §10.06 (k).

    10. This motion is timely because no decision has yet been made on the motion to dismiss the main complaint.

Dated: August 8, 2007

                                  SHEILA E. SHEA, Director
                                  Mental Hygiene Legal Service, Third Department
                                  Attorneys for Shawn S.

                                  -s-
                          _____

By:    Hollie S. Levine
         Associate MHLS Attorney
         44 Hawley St., 16th floor
         Binghamton, New York  13901
         (607) 721-8440

F:\SHARE\HLevine\short\motion of intervenor.wpd