```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MENTAL HYGIENE LEGAL SERVICE,                               :
                                                            :
                Plaintiff,                                  :
                                                            :
and SHAWN S.,                                               :
                                                            :
                Intervening Plaintiff,                      :
                                                            :
        -v.-                                                :
                                                            :
ELIOT SPITZER, in his official capacity as                  :     Docket No. 07-CV-2935
Governor of the State of New York,                          :
ANDREW CUOMO, in his official capacity                      :
as Attorney General of the State of New York,               :
MICHAEL HOGAN, in his official capacity as                  :
Commissioner of the New York State Office of                :
Mental Health, DIANA JONES RITTER, in her                   :
official capacity as Commissioner of the New                :
York State Office of Mental Retardation and                 :
Developmental Disabilities, and BRIAN                       :
FISCHER, in his official capacity as                        :
Commissioner of the New York State Department               :
of Correctional Services,                                   :
                                                            :
                Defendants.                                 :
------------------------------------------------------------X
```

**Memorandum of Law in Support of
Plaintiff-Intervenor Shawn S's Motion to Proceed Anonymously**

**I. BACKGROUND**

Plaintiff-Intervenor Shawn S., a convicted sex offender, is one of the first persons against whom a petition has been filed under the Sex Offender Management and Treatment Act [SOMTA]. While he contests the SOMTA petition's central allegation that he suffers from a mental abnormality that predisposes him to commit sex offenses, he is reluctant to proceed to a probable cause hearing to test that allegation because, under SOMTA, a probable cause finding

carries with it the specter of mandatory physical detention in a secure facility while awaiting trial– even where, as in Shawn S.'s case, the petition itself does not seek in-patient commitment. Mr. S. has moved to intervene in the pending challenge to SOMTA specifically to challenge the mandatory pretrial detention provision, MHL § 10.06 (k).  Mr. S. seeks to proceed anonymously in this litigation to protect against publication of the allegations about his mental abnormality until he has had the chance to challenge those allegations in the Article 10 proceeding.

## II.  ARGUMENT

Although there is a general presumption of openness in the federal court system that disfavors anonymous litigation, persons will nevertheless be permitted to litigate under pseudonyms where substantial privacy interests are at stake.  *See*, *e.g.*, *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).  A motion to proceed anonymously is entrusted to the discretion of the district court.  *Barth v. Kaye*, 178 F.R.D. 371, 376 (S.D.N.Y. 1998).

In this jurisdiction, factors commonly weighed in considering a plaintiff's motion to proceed under a pseudonym include the plaintiff's right to privacy and security, harm to the defendants which would stem from falsification of the plaintiff's name, and the public interest in identification of litigants.  *See, e.g., Guerrilla Girls, Inc. v.  Kaz,* 224 F.R.D. 571, 573 (S.D.N.Y. 2004); *Doe v. City of New York,* 201 F.R.D. 100, 102 (S.D.N.Y. 2001); *Doe v. Shakur,* 164 F.R.D. 359 (S.D.N.Y. 1996); *EW v. N.Y. Blood Center*, 213 F.R.D. 108, 110 (E.D.N.Y. 2003). Plaintiff has substantial privacy interests in not being publically identified as suffering from a "mental abnormality," while neither the defendants nor the public would be harmed by permitting Mr. S. to be identified by his first name only.  The Court should grant Mr. S.'s motion to proceed anonymously.

**A.  SHAWN S. HAS A SUBSTANTIAL PRIVACY INTEREST IN PROTECTING HIS IDENTITY.**

In evaluating the privacy interests of a plaintiff who wishes to file under a pseudonym, the court will evaluate four factors: "(1) Whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be required to disclose information of the utmost secrecy, [and] (4) whether the identification would risk suffering injury if identified." *Shakur,* 164 F.R.D. at 361*; see also Doe v. City of New York,* 201 F.R.D. at 102*; Guerrilla Girls, 224 F.R.D. at 573; EW*, 213 F.R.D. at 110. Because of the extraordinary stigma associated with the allegation that Shawn S. has a "mental abnormality" that predisposes him to commit sex offenses, these factors demonstrate a substantial privacy interest in proceeding under a pseudonym.

As to the first factor, Shawn S. is proceeding against a government entity, not an individual. The court in *EW* explained the significance of this element:

> [W]here a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong. *See, e.g., Roe v. Wade*, 410 U.S. 113. . . . In such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights. In addition, the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant. Further, in a class action context challenging governmental action, the individual defendant's personal characteristics (such as credibility) are generally not in issue.

213 F.R.D. at 111. *See also Shakur*, 164 F.R.D. at 359. The actions challenged in this proceeding are performed by state authorities and, as such, fall under the category of governmental activity. Thus, Mr. S. has a "particularly strong" interest in proceeding anonymously.

In evaluating the second and fourth factors, Chief Judge Korman of the Eastern District has noted that generally, "a plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm." *EW*, 213 F.R.D. at 110. As noted earlier, because Mr. S. is a convicted sex offender, but the SOMTA petition against him goes further, alleging that he has a "mental abnormality" which will "predispose" him to commit future sex offenses. These allegations are highly contentious and carry with them intense stigma and potential for community reprisals. Mr. S. challenges the State's assertion that he suffers from a "mental abnormality." He seeks to intervene in this case precisely so that he may challenge this designation at the earliest possible stage–the probable cause hearing–without the threat of mandatory pretrial detention if he is unsuccessful. If he is publically associated with the alleged "mental abnormality," he will never be able to disassociate himself from the attendant stigma.

While the third factor found in this line of cases, involving the admitted intent to engage in illegal conduct, is inapplicable here, the combination of the remaining factors and other cases weigh heavily in favor of Mr. S.'s privacy interest in using his first name only to litigate this action.

**B. DEFENDANTS WILL NOT BE HARMED IF THIS MOTION IS GRANTED**

When examining the effect a motion to file anonymously has on the defendant, courts will consider whether the defendant would be prejudiced by allowing the plaintiff to do so:

> Specifically, courts look at the damage to a defendant's reputation caused by the anonymous proceeding, the difficulties in discovery, as well as at the fundamental fairness of proceeding in this manner.

*EW*, 213 F.R.D. 108, 111. Mr. S. has already ensured that filing anonymously will not cause any harm to the defendants by disclosing his true identity to Defendants to enable them to answer the

complaint. In this case, Mr. S. causes no foreseeable damage to Defendants' reputation by proceeding anonymously. Likewise, since Defendants and this Court have been notified of Mr. S.'s actual identity, (See Complaint of intervenor ¶ 26), both fundamental fairness and ease of discovery are unaffected by his use of a pseudonym.

### C. THE PUBLIC INTEREST IS NOT SIGNIFICANTLY UNDERMINED BY ALLOWING MR. S. TO LITIGATE UNDER HIS FIRST NAME ONLY.

The final factor listed in *EW* is the public interest in access to proceedings "without denying litigants access to the justice system." 213 F.R.D. at 111. Here, the public will benefit from this court's determination of the State's constitutional obligations under SOMTA. Nor is the public endangered by Mr. S.'s proceeding anonymously; as a convicted sex offender, he is already subject to parole supervision and the sex offender registry, and he has lived in the community without incident, and indeed, with no parole violations whatsoever, for nearly two years. *Cf. Doe v. Pataki*, 427 F.Supp. 2d 398, (S.D.N.Y. 2006) (anonymous litigation challenging New York Sex Offender Registration Act on due process grounds). Mr. S.'s privacy interest in not being publicly identified as having a "mental abnormality," before he has had a chance to mount a legal challenge to that designation, supercedes any public interest in learning his true identity.

### D. CONCLUSION

For the foregoing reasons, the Court should grant Shawn S.'s motion to proceed

anonymously.

    Dated: August 8, 2007
          Binghamton, New York

                                      Mental Hygiene Legal Service, Third Dept.
                                      Sheila E. Shea, Director
                                        S/
                                      By:
                                      HOLLIE S. LEVINE, Esq.
                                      Attorney for Mr. S.
                                      44 Hawley St., 16th floor
                                      Binghamton, NY   13901
                                      (607) 721-8440

To:    ELIOT SPITZER
        Attorney General of the State
            of New York
        (Edward J. Curtis, Jr., of Counsel)
        120 Broadway, 25th Floor
        New York, New York 10271
        (212) 416-8641