UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MENTAL HYGIENE LEGAL SERVICE,

                              Plaintiff,

        - and -

SHAWN S.,

      Proposed Plaintiff-Intervenor,

        - against -

ELIOT SPITZER, in his official
capacity as Governor of the State of
New York, ANDREW CUOMO, in his
official capacity as Attorney General
of the State of New York, MICHAEL
HOGAN, in his official capacity as
Commissioner of the New York State
Office of Mental Health, DIANA JONES
RITTER, in her official capacity as
Commissioner of the New York State
Office of Mental Retardation and
Developmental Disabilities, and BRIAN
FISCHER, in his official capacity as
Commissioner of the New York State
Department of Correctional Services,

                              Defendants.

**STATEMENT**

Docket Number
07-CV-2935 (GEL)
(THK)

GEOFFREY B. ROSSI states under penalty of perjury that the following is true and correct:

1. I am an Assistant Attorney General in the office of ANDREW M. CUOMO, Attorney General of the State of New York, counsel for the parties herein and defendant pro se.

2. I am making this statement in opposition to the motions of Proposed Plaintiff-Intervenor SHAWN S. ("Intervenor") 1) pursuant to Rule 24 of the Federal Rules of Civil Procedure

("FRCP") for permission to intervene in this action, 2) pursuant to FRCP 65 for a temporary restraining order, and 3) to proceed anonymously in this action. This action seek declaratory and injunctive relief concerning certain aspects of New York's Sex Offender Management and Treatment Act ("SOMTA" or "the Act"), codified, in part, in Article 10 of the New York State Mental Hygiene Law ("MHL").

3. I am making this statement on my personal knowledge and on information and belief, the bases for which are my review of documents maintained by the Office of the Attorney General ("OAG") and my communications with employees of OAG, the New York State Office of Mental Health ("OMH"), and the New York State Division of Parole ("Parole").

## I. INDEX OF DOCUMENTS

4. Attached to this Statement as page "1" of Exhibit A is a true and correct copy of a Notice to the Intervenor dated June 6, 2007, that he has been identified as a "detained sex offender" as defined by MHL 10.03 (g) and referred to a Case Review Team ("CRT").

5. Attached to this Statement as pages "2" through "7" of Exhibit A is a true and correct copy of the psychiatric examiner's report of Jennifer Berryman, Ph.D., Chief Psychologist, Greater Binghamton Health Center, dated June 8, 2007, concluding Intervenor is "a sex offender requiring civil

management" as defined in MHL 10.03 (q).

6. Attached to this Statement as page "8" is the Notice to the Intervenor dated June 8, 2007, that the CRT had determined that Respondent was a sex offender requiring civil management.

7. Attached to this Statement as pages "9" through "10" of Exhibit A is a true and correct copy of an Order to Show Cause captioned People of the State of New York v. Shawn S. signed by the Honorable Ferris D. Lebous, J.S.C., for the Honorable Jeffrey A. Tait, J.S.C., of the Supreme Court of the State of New York for the County of Tioga, on June 8, 2007, setting the matter down for a hearing to determine whether there is probable cause to believe that Intervenor is a sex offender requiring civil management and appointing the Mental Hygiene Legal Service ("MHLS") as his attorney.

8. Attached to this Statement as pages "11" through "16" of Exhibit A is a true and correct copy of a Sex Offender Civil Management Petition dated June 8, 2007 ("Petition").

9. Attached to this Statement as page "17" of Exhibit A is a letter to Justice Tait from Hollie S. Levine, Associate Attorney, MHLS, requesting adjournment of the July 5, 2007 probable cause hearing.

10. Attached to this Statement as pages "18" through "19" is a true and correct copy of a letter from Ms. Levine to JoAnn M. Peet, Chief Clerk, Tioga County Supreme and County Courts,

Oswego, New York, enclosing a Notice of Removal for State v. Shawn S., Tioga County Index Number 35925, pursuant to MHL 10.06 (b), to Schuyler County.

11. Attached to this Statement as pages "20" through "21" is a true and correct copy of a letter to Justice Tait from Ms. Levine enclosing an Order of Removal in State v. Shawn S., Tioga County Index Number 35925, removing venue of the proceeding from Tioga County to Schuyler County.

12. Attached to this Statement as page "22" is a letter to the Honorable Elizabeth A. Garry, J.S.C., Supreme Court of the State of New York for the County of Schuyler, from Ms. Levine requesting an adjournment of the probable cause hearing.

13. Attached to this Statement as pages "23" through "24" is a true and correct copy of a letter to Justice Garry from me objecting to certain aspects of a proposed order submitted to the court by Ms. Levine concerning an examination of Intervenor by Charles Patrick Ewing, Ph.D., a psychiatric examiner hired by the Intervenor.

## II. STATEMENT OF FACTS

14. On June 6, 2007, Richard P. Miraglia, Associate Commissioner, OMH Division of Forensic Services, sent Intervenor a memorandum advising him that he had been identified as a possible "detained sex offender" and that his case had been referred to a CRT. Exh. A at 1. Mr. Miraglia informed Intervenor

4

that if the CRT determined that he needed civil management, his case could be referred to OAG, which may then elect to file a civil management petition against him. Id. Mr. Miraglia concluded:

> There are three potential results of this process. First, it could be determined that you do not require any civil management and accordingly, you will be discharged from your sentence. Second, it could be determined that you require strict and intensive supervision and treatment in the community under the jurisdiction of the Division of Parole. Third, it could be determined that you need to be treated in a secure treatment facility operated by the New York State Office of Mental Health until a court determines that it is appropriate for you to be released.

Id.

### A. The Psychiatric Examiner's Report

#### 1. The Interview

15. On June 8, 2007, Dr. Berryman, a psychiatric examiner employed by the CRT, issued a report. Exh. A at 2-7. She had interviewed Intervenor for ninety minutes the previous day. Id. at 3. Dr. Berryman noted that Intervenor had been convicted of rape and sodomy for engaging in anal and vaginal intercourse of a six-year-old girl. Id. Dr. Berryman noted that there was allegations that Intervenor had sexual contact with the victim's two-year-old brother, but he was not charged because of "the victim's age and an inability to articulate." Id.

16. Intervenor was paroled on May 3, 2002, but his parole was revoked on January 15, 2003, on the basis of twenty-five

violations, eleven of which involved contact with his girlfriend's three-year-old son. Id. Intervenor was alleged to have placed his mouth on the boy's penis, but he was not convicted of this. Id.

### 2. The Diagnosis

17. Dr. Berryman diagnosed Intervenor was suffering from Pedophilia and concluded that he met the criteria for designation as a sex offender requiring civil management, noting several characteristics that research indicated was predictive of recidivism. Id. at 4. She noted that he had violated his parole through contact with children. Id. He had "successfully participated in sex offender treatment recently," but only after he had violated his parole by not enrolling as directed. Id. Intervenor also claimed that his relapse prevention plan included seeing his therapist, but that as of June 7, 2007, he had not done so "since his sex offender program closed in April 2007 due to funding issues." Id.

18. Dr. Berryman concluded that Intervenor's parole violations indicated "that he is likely to initiate contacts with children again and possibly re-offend." Id. at 6. She noted that at present, Intervenor was involved in a relationship with a woman who does not have children, and that he did have a relapse prevention plan. Id. Dr. Berryman stated that Intervenor "is likely to benefit from continued intensive supervision and

outpatient sex offender treatment." Id.

19. On June 8, 2007, Mr. Miraglia sent Intervenor a notice that the CRT had determined that he was a sex offender requiring civil management and that notice was also being given to OAG, who may file a sex offender civil management petition against Intervenor. Id. at 8.

**C. The Sex Offender Civil Management Proceeding**

20. On June 8, 2007, I filed in the Supreme Court, Tioga County, a Sex Offender Civil Management Petition for Intervenor. Exh. A at 9-14.

**1. The Order to Show Cause**

21. On June 8, 2007, Justice Lebous, on behalf of Justice Tait, signed an order directing Intervenor to show cause on July 5, 2007, why an order should not be issued finding that he was a sex offender requiring civil management, appointing MHLS to represent Intervenor, and continuing Parole's supervision of Intervenor pending the outcome of the probable cause hearing. Id. at 15-16.

22. While SOMTA provides for closure of the courtroom, or sealing of papers, for good cause shown, see MHL 10.08 (g), it does not provide for automatic sealing of papers. Compare MHL 10.08 (g) with 9.31 (f) (providing that the court must seal MHL Article 9 papers). There has been no application to seal the papers in this proceeding, and to my knowledge, they have not

been sealed.

23. On June 14, 2007, Ms. Levine, who was representing Intervenor, sent Justice Tait a letter requesting that the July 5, 2007 probable cause hearing be adjourned to enable her to conduct pre-hearing discovery included, if necessary, an independent examination of Intervenor. Id. at 17. Ms. Levine noted that I consented to the adjournment. Id.

### 2. The Removal From Tioga County To Schuyler County

24. On June 15, 2007, Ms. Levine served and filed a notice pursuant to MHL 10.06 (b) removing the case from Tioga County, where Intervenor was located, to Schuyler County, where the underlying sex crime had taken place. Id. at 18-19. OAG did not oppose the removal and, on June 29, 2007, Ms. Levine submitted an Order of Removal. Id. at 20-21.

25. On July 10, 2007, Ms. Levine sent a letter to Justice Garry of the Supreme Court, Schuyler County, requesting a further adjournment of the probable cause hearing "based on the need to perform discovery, obtain an expert, and to pursue a motion to intervene in litigation challenging the statute currently pending in the Southern District of New York." Id. at 22. Ms. Levine noted that I consented to the adjournment.

### 3. The Order Authorizing Examination By Intervenor's Expert

26. Ms. Levine subsequently submitted an order authorizing Charles Patrick Ewing, Ph.D., a psychiatric examiner, to examine

Intervenor. Id. at 23-24.

27. At this point, the probable cause hearing has been adjourned indefinitely until after Dr. Ewing's examination has been completed. To my knowledge, Dr. Ewing has not interviewed Intervenor.

28. A copy of my signature, sent by facsimile transmission, may be treated as the original for the purpose of serving and filing this Statement, and the original shall be provided if required.

Dated: Binghamton, New York
      August 19, 2007

GEOFFREY B. ROSSI
Assistant Attorney General

9

# Exhibit A



**State of New York**
Eliot Spitzer
Governor



**Office of Mental Health**
44 Holland Avenue
Albany, New York 12229
www.omh.state.ny.us

# Memorandum

**TO:**      Shawn S██████████

**FROM:**    Richard P. Miraglia, LCSW
             **Associate Commissioner Division of Forensic Services**

**SUBJECT:** **Sex Offender Management and Treatment Act**
             **Notice of Referral to Case Review Team**

**DATE:**    **June 6, 2007**

In accordance with Mental Hygiene Law §10.05(e), as added by the Sex Offender Management and Treatment Act (SOMTA), which was signed into law as Chapter 7 of the Laws of 2007, be advised that you have been identified as a possible "detained sex offender", as that term is defined by Mental Hygiene Law § 10.03(g), and that your case has been referred to a Case Review Team within the Office of Mental Health for evaluation under Article 10 of the Mental Hygiene Law. The purpose of the referral is to determine whether or not you may require civil management upon completion of your sentence. In accordance with the SOMTA, you may be referred for a psychiatric examination and potentially for further proceedings in accordance with Article 10.

The Case Review Team may determine that you do not require civil management and will so advice you. In the alternative, the Case Review Team may determine that you do require civil management and will then refer your case to the Attorney General for the State of New York. The Attorney General may then elect to file a civil management petition, and you then will have a lawyer assigned to represent you.

There are three potential results of this process. First, it could be determined that you do not require any civil management and accordingly, you will be discharged from your sentence. Second, it could be determined that you require strict and intensive supervision and treatment in the community under the jurisdiction of the Division of Parole. Third, it could be determined that you need to be treated in a secure treatment facility operated by the Office of Mental Health until a court determines it is appropriate for you to be released.

SERVICE: I, _____, an employee of the N.Y.S. Office of Mental Health personally served this Notice upon Mr./Ms. _____ on _____ 2007.



**GBHC**
**Greater Binghamton**
**Health Center**

MARGARET R. DUGAN, M.A.
EXECUTIVE DIRECTOR

425 Robinson Street
Binghamton, New York 13904-1775
(607) 724-1391
FAX (607) 773-4387
TTY (607) 773-4255

### Article 10 Evaluation

Respondent Name: Short, [REDACTED]
DIN/NYSID:
Date of Birth:
Release Date:
Date of Report:

#### Reason for Report

The Respondent, Shawn S[REDACTED] a 39 year-old Caucasian male who was referred by the Case Review Team of the NYS Office of Mental Health (OMH) for an evaluation to determine whether the Respondent is a sex offender requiring civil management under Article 10 of the Mental Hygiene Law (MHL). This report summarizes the undersigned examiner's findings in regard to this issue.

#### Evaluation Procedures

The evaluation is based on the following information:

Records:
- Case Review Team Summary Notes, dated May 25, 2007
- STATIC-99 Report completed by Dawne Ansler, MA, dated 10-24-05
- FPMS Inmate Overview, dated 10-18-05
- STATIC-99 Report completed by Lillianne Dobert, LSSW-R, dated 5-13-07
- Pre-Plea Report completed by Peter Lawrence, Probation Officer, dated 3-16-92
- Investigation Report completed by Jay Bonnett, Sr. Probation Officer and Kathlyn Roush, Probation Supervisor, dated 3-17-92
- Sexual Abuse Victim Impact Statement, dated 2-4-94
- George Apalachin Central School District Triennial Report completed by Shelly Taylor, dated 5-1-90
- Letter from Sue Pommerczki, ACSW, Tioga County Mental Health Clinic, Supervising Social Worker, dated 3-5-92
- Pre-Sentence Investigation by Peter Lawrence, Probation Officer, dated 5-18-92
- Parole Board Release Decision Notice, dated 12-17-00
- Reasons for Recommendation on Delinquent Time - Assessment Which Requires Board Action, dated 11-22-00
- Violation of Release Report, dated 7-4-02
- Inmate Status Report for Parole Board Appearance, dated 2-7-01





JUN-30-2007  13:05        CLINICAL OFFENDERS OFFICE              607 775 4792    P.13

Page 2



Article 10 Evaluation

- Parole Release Decision Notice, dated 3/16/99
- Inmate Status Parole Board Appearance completed by John St. Andrewch, FPOI, dated 2/6/97
- Owego-Apalachin Central School District Counseling Summary, completed by Shelly Taylor, dated for '89-'90 School Year

### Interviews:

- Interviewed Shawn S■■■ for 90 minutes on 6/7/07.
- Spoke with Deb Brown, LCSW via phone from Tioga County on 6/7/07 for 30 minutes.
- Spoke with James Pirozzolo, Probation Officer via phone on 6/7/07 for 15 minutes.

The respondent was informed of the purpose of the evaluation and that a report would be prepared and may be forwarded to the Attorney General for consideration for possible proceedings pursuant to MHL Article 10. The Respondent was further informed that information provided during the evaluation was not protected by the confidentiality provisions of the Mental Hygiene Law. The Respondent agreed to participate in the evaluation. Factual details of the Respondent's criminal and parole supervision histories are documented in several other sources and will not be recounted in this report. Instead this report will focus on whether the Respondent is a sex offender requiring civil management pursuant to the provisions of MHL Article 10.

The Respondent was evaluated at Broome County Parole Office on June 7, 2007. The duration of the interview was approximately 90 minutes.

### Instant Offense and Criminal History

A review of the above-cited records yielded the following list of offenses for which Mr. Short was found responsible.

| | | |
|---|---|---|
| 3/22/89 | Placed on PINS Probation, 1 year at age 14 due to lack of attendance |
| 5/3/91 | Speeding - License Suspended. Fine $155 |
| 6/10/91 | Speeding | |
| 11/25/91 | Indictment: | Sodomy 1° |
| | | Rape 1° |
| 5/6/92 | Conviction: | Convicted Upon Verdict after Trial |
| | | Sodomy - Deviate Intercourse with Other Person < 11 |
| | | Sentence: 5 to 15 years Incarceration |

3

NOV-06-2007    13:05    ELMIRA SURGEONS OFFICE    607 773 4451    P. 46

Page -4-

Article 10 Evaluation

Rape <1: Intercourse with Person < 11
Sentence: 5 to 15 years Incarceration
Act in a Manner Injurious to a Child
Sentence: 1 year Incarceration

5/16/97    Paroled
1/15/03    Parole Revoked

Records reflect that Mr. S███ was found responsible for engaging in penis to vagina intercourse and penis to anus intercourse with a 6 year-old girl on one occasion during the time period of April 1991 to July 1991. ████████████████████████ There were also allegations that he had sexual contact with the victim's 2 year-old brother. ████████████████████████ Charges were not pursued to the victim's age and an inability to articulate.

Mr. S███ was paroled 5/16/97. Parole was revoked 1/15/03. There were 25 charges included in his parole revocation. Mr. S███ had contact with his girlfriend's 3 year-old boy on at least 11 occasions. He traveled outside of Chemung County without the permission of his P.O. He was accused of placing his mouth on the penis of a 3 year-old male child, but was not convicted for this.

## Behavioral Observations

Mr. S███ was cooperative with the interview process. He was alert and adequately groomed. His interactions with the examiner were cooperative and polite. ████████████████████████

## Mental Abnormality

The clinical psychologist concludes with a reasonable degree of professional certainty that the respondent meets the DSM-IV diagnostic criteria for the following mental disorder:
Axis I: Pedophilia, sexually attracted to males and females, Nonexclusive Type

Pedophilia refers to a mental condition characterized by recurrent sexual fantasies, sexual urges, and/or sexual behavior involving prepubescent children which lasts at least 6 months. Mr. S███ ████████████████████████ He was accused, but not convicted, of sexually assaulting two boys, both under the age of four. Mr.

Page -4-

Article 10 Evaluation

Mr. ████ parole was revoked for having contact with a young boy on 11 occasions. He testified he did not have contact with the chil█████████

The condition of Pedophilia is a mental abnormality as defined by MHQ. § 10.03(i). The statute defines "mental abnormality" as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense, and that results in that person having serious difficulty in controlling such conduct." Pedophilia is a DSM-IV diagnosis which is consistent with the definition of a mental abnormality.

## RISK MANAGEMENT CONSIDERATIONS

A "Sex Offender Requiring Civil Management", as defined by MHL § 10.03(q), is "a detained sex offender who suffers a mental abnormality and is either a dangerous sex offender requiring confinement or a sex offender requiring strict and intensive supervision."

This psychiatric examiner conducted the evaluation within the context of professionally accepted standards for the assessment of sex offenders in order to provide information related to risk management for decision makers. These included three elements:

- Characteristics that professional research has demonstrated to be predictive of future sexually violent acts by previously convicted sex offenders (discussed below under "Actuarial Risk Assessment").
- Effectiveness of treatment that the Respondent has been already engaged in relative to mitigating or aggravating the Respondent's potential for sexual violence.
- Situational considerations and circumstances unique to this Respondent's aftercare services that may either mitigate or aggravate risk for sexual violence.

This evaluator has formed the opinion that Mr. Shawn S██████ meets the criteria for being designated a "sex offender requiring civil management." He exhibits several characteristics which empirical research has demonstrated to be predictive of future sexually violent acts by previously convicted sex offenders. For example, Mr. S██ violated his Parole by being convicted of having contact with child 11 times even though he understood that he was not to have contact with children. Although he successfully participated in sex offender treatment recently, when paroled initially, Mr. S██ did not enroll in sexual offender treatment as ordered. Mr. S██ reported to this examiner that his relapse plan includes seeing his therapist, communication with the therapist Deb Brown, LCSW on 5/3/07 revealed that Mr. S██ has not seen the therapist since his sex offender program closed in April 2007 due to funding issues.

5

Page -5-

Article 10 Evaluation

## Actuarial Assessment Findings

Static-99

The Respondent's score on the Static-99 is 6 which places him in a group considered to be high risk for sexual recidivism. According to research on this instrument fifty-two percent of previously convicted sex offenders with scores of 6 or higher were re-convicted of sexual crimes within 15 years of release.

## Treatment Benefit

Mr. ▮▮▮ had 25 parole violations the first time he was released from prison, which included not enrolling in a sex offender treatment program and having contact with a child on 3 occasions. He has had no violations since his most recent release from prison although his current parole only began less than 2 years ago (10/31/05). Mr. ▮▮▮ successfully completed a sex offender treatment program at Tioga County. It should be noted that the program was closed at that time due to financial issues.

## Situational Considerations

Mr. ▮▮▮ has demonstrated, by his Parole violations, that he is likely to initiate contact with children again and possibly re-offend.  His therapist and Probation Officer reported that he is involved in a relationship with an adult female who does not have children.  He is employed and was able to verbalize a relapse prevention plan.  Although he is currently complying with requirements of his parole, he is likely to benefit from continued intensive supervision and outpatient sex offender treatment.

## Conclusions and Recommendations

This psychiatric examiner came to the opinion, to a reasonable degree of professional certainty, that the Respondent does suffer from a mental abnormality that 1) affects his emotional, cognitive, or volitional capacity in a manner that predisposes him to the commission of conduct constituting a sex offense and 2) that is associated with serious difficulty in controlling such conduct.

Civil Management recommendations do not apply to Mr. ▮▮▮

Mr. ▮▮▮ has been convicted, and admitted to, rape and sodomy of a 6 year-old girl.  He may have sexually abused two boys under the age of four, although he was not charged with these crimes.  Actuarial data indicates that he is at high risk of re-offending.

Page 6

Article 10 Evaluation

Mr. _____ is currently doing well under the structure of Parole. He is likely to continue to benefit from individual psychotherapy, sex offender treatment, and intensive supervision. The additional structure and treatment are likely to help prevent recidivism and assist him in continuing to achieve success in the community.

Report submitted by

*Jennifer Berryman, PhD*

Jennifer Berryman, P.D.
Chief Psychologist



**State of New York**
Eliot Spitzer
Governor

**Office of Mental Health**
44 Holland Avenue
Albany, New York 12229
www.omh.state.ny.us

# Memorandum

**TO:**      Shawn S███████████████████

**FROM:**    **Richard P. Miraglia, LCSW**
             **Associate Commissioner Division of Forensic Services**

**SUBJECT:** **Sex Offender Management and Treatment Act**
             **Notice of Determination from Case Review Team**

**DATE:**    **June 8, 2007**

This notice is provided pursuant to Section 10.05 of the Mental Hygiene Law as added by the Sex Offender Management and Treatment Act (SOMTA), effective on and after April 13, 2007. As the Agency with Jurisdiction of Shawn S███(Respondent),  The New York State Division of Parole notified the Attorney General and the Commissioner of Mental Health, on 4/25/07 that the Respondent may be a detained sex offender who is nearing an anticipated release. Multidisciplinary staff persons designated by the Commissioner have reviewed and assessed the Respondent's relevant medical, clinical, criminal, or institutional records, actuarial risk assessment instruments or other records and reports, and have determined that the Respondent should be referred for evaluation to the Case Review Team to consider whether the Respondent is a sex offender requiring civil management, as defined by SOMTA.  The Case Review Team reviewed relevant records, including those described above, and arranged for the psychiatric examination of the Respondent.

## FINDINGS
*Check as applicable*

☐   The Case Review Team finds that the Respondent is not a sex offender requiring civil management as defined by SOMTA.

**X**  The Case Review Team finds that the Respondent is a sex offender requiring civil management as defined by SOMTA.  This notice is accompanied by the report of a psychiatric examiner that indicates a finding that the Respondent has a mental abnormality.

☐   The Case Review Team also finds that the Respondent's sex offense was a designated felony that was sexually motivated.

As provided by SOMTA, this information is provided to the Respondent and the Attorney General.  Upon a finding of the Case Review Team that the Respondent is a sex offender requiring civil management as defined by SOMTA, the Attorney General may file a sex offender civil management petition in the Supreme Court or County Court where the Respondent is located.

STATE OF NEW YORK ~~TIOGA~~
SUPREME COURT: ~~CHENANGO~~ COUNTY

_____

THE PEOPLE OF
THE STATE OF NEW YORK,

               Petitioner,

      -against-                       ORDER TO SHOW CAUSE

SHAWN S█████████
an individual under the supervision of        Index #
New York State Division of Parole,           RJI #

               Respondent.

_____

    Upon the annexed papers, it is hereby

    ORDERED that SHAWN S█████ show cause at a Term of the Supreme Court,

Tioga County, Courthouse, 16 Court Street, Owego, New York before the Honorable

Jeffrey A. Tait on __JULY 5__, 2007 at __1:00__ o'clock in the ~~fore~~/after noon of

that day why an order should not be issued finding that there is probable cause to believe

that Respondent is a sex offender requiring civil management; and it is further,

    ORDERED that the Mental Hygiene Legal Service is appointed to represent

Respondent; and it is further

    ORDERED that service of this Order shall be made on Respondent, and on the

Mental Hygiene Legal Services by __JUNE 8__, 2007; and it is further

    ORDERED that the New York State Division of Parole shall produce respondent at

the date, time, and place specified above for the return of this Order and at all further

proceedings thereunder; and it is further

ORDERED that pursuant to Mental Hygiene Law Article 10.06(h) that respondents

release from the supervision of the New York State Division of Parole be stayed pending the

outcome of the probable cause hearing.  Thereby continuing respondent's present status

with the New York State Division of Parole.

DATED:    Binghamton, New York
          June  8  , 2007

HON. FERRIS D. LEBOUS
for HON. JEFFREY A. TAIT

10

STATE OF NEW YORK
SUPREME COURT: TIOGA COUNTY

_____

THE PEOPLE OF
THE STATE OF NEW YORK,

                    Petitioner,

        -against-                              SEX OFFENDER
                                               CIVIL MANAGEMENT
SHAWN S█████,                                  PETITION
an individual under the supervision of
New York State Division of Parole,             Index #

                    Respondent.

_____

        Petitioner, the State of New York, by its attorney, Andrew M. Cuomo, New York

State Attorney General, Geoffrey B. Rossi, Assistant Attorney General of counsel, alleges as

follows:

### *RESPONDENT IS A DETAINED SEX OFFENDER*

        1.      Respondent, Shawn S█████, (d.o.b. ████████, was convicted on May 6, 1992

of Sodomy in the First Degree, a Class B Violent Felony, Rape in the First Degree

(intercourse with a person less than 11 years of age) and of acting in a manner injurious to a

child a Misdemeanor.  He was sentenced to an indeterminate period of incarceration of 5 to

15 years in a New York State Correctional Facility.  (See Commitment Order, attached

hereto as Exhibit A).  Mr. S████ was released to parole supervision on May 3, 2002.

However, his parole was revoked on January 15, 2003.

        2.      Mr. S████s parole was revoked on the basis of 25 charges that were filed in

support of Mr. S████s parole revocation.  (See Parole Revocation Decision Notice, attached

as Exhibit B).  The charges included Mr. S████ having contact with his girlfriend's three year

11

old boy on at least 11 occasions. In addition, Mr. S███ was charged with behaving in a manner as to violate the provisions of the law and that he placed his mouth on the penis of a male child. Mr. S███s parole revocation also included a charge that he had violated Board imposed special condition #3, to participate in sex offender counselor treatment as directed by his parole officer when he was discharged for cause and was unsuccessfully discharged after being directed by his parole officer to enter and complete successfully the family services offender program.

3.    Respondent is a detained sex offender, as that term is defined in the Mental Hygiene Law, Section 10.03(g)(1) because he is currently in the care, custody and control of the New York State Division of Parole, an agency with jurisdiction, and he stands convicted of a sex offense as defined in Mental Hygiene Law §10.03(p), Sodomy in the First Degree and Rape in the First Degree. Respondent was convicted upon a verdict after a trial of the above charges. The conduct associated with those charges involved the defendant having engaged in penis to vagina intercourse and penis to anus intercourse with a six year old child on one occasion during the time period of April, 1991 to July, 1991 and on November 17, 1991. The respondent confessed to police that he had sexual intercourse both vaginally and anally with the victim. (See pre-sentence report and Pre-Plea Investigation Report attached hereto as Exhibit C, *for incamera review only*).

4.    On June 7, 2007, Shawn S███ was served with a Notice of Referral to the Case Review Team pursuant to Article 10 of the Mental Hygiene Law. (Notice of Referral to CRT attached hereto as Exhibit D).

12

5.      On June 7, 2007, Dr. Jennifer Berryman, a Licensed Psychologist, completed

an evaluation of respondent's risk for dangerousness and for sexual recidivism.  Dr. Briney

interviewed the respondent in person on June 7, 2007 at the Binghamton Regional Offices

for the Division of Parole.  Dr. Berryman reviewed various documents including

respondent's criminal history, parole board summaries and pre-sentence report.  Dr.

Berryman also reviewed documents relating to respondent's history of psychiatric

treatment/sex offense treatment as well.  Additional detail concerning respondent's history

are more fully set forth in the supporting papers.

6.      Dr. Berryman also considered risk assessments included in the record as well

as his other risk assessment instruments, including the STATIC 99.

7.      The STATIC 99 is an actuarial instrument designed to assist in the prediction

of sexual and violent recidivism for sexual offenders.  The STATIC 99 consists of ten items

and produces estimates for future risk based upon the number of risk factors present in any

one individual.  The risk factors included in the risk assessment instrument are the presence

of prior sexual offenses, having committed a current non-sexual violent offense, having a

history of non-sexual violence, the number of previous sentencing dates, age less than 25

years old, having male victims, having never lived with a lover for two continuous years,

having a history of non-contact sex offenses, having unrelated victims and having stranger

victims.

8.      Mr. S████scored a six on the STATIC 99 risk assessment instrument.  Based

upon the STATIC 99 score, Mr. S███falls in the high risk category relevant to other adult

male sex offenders.  Individuals with these characteristics, on average, sexually reoffend at

13

39% over five years and at 45% over ten years. The rate for an violent recidivism (including sexual) for individuals with these characteristics is, on average, 44% over five years and 51% over ten years. (STATIC 99 test instrument as it relates to respondent attached hereto as Exhibit E).

9.    The STATIC 99 risk assessment tool used in this as applied to the respondent notes a number of factors which contribute to the examiners opinion, that Mr. S███ is likely to reoffend sexually. Those factors include Mr. S███ attitudes tolerate of sexually offending (cognitive distortions related to children in sexuality), his inability/unwillingness to suppress deviant sexual arousal, but not simple finding of deviant arousal, and that his release conditions were restructured or revoked for inappropriate sexual behavior or behavior reflective of sexual offense dynamics.

10.    Based upon her analysis of the records discussed above, and her own personal interview with the respondent, Dr. Berryman has published a report of her findings wherein she concludes that the respondent is likely to reoffend sexually. (See Exhibit F).

11.    Dr. Berryman concludes that on the basis of the risk assessments, treatment records and post-release situational considerations lead to an opinion to a reasonable degree of professional certainty that the respondent suffers from a mental abnormality comprised of Pedophilia, sexually attracted to males and females, nonexclusive type. Pedophilia refers to a mental condition characterized by recurrent sexual fantasies, sexual urges, and/or sexual behavior involving prepubescent children which lasts at least 6 months. The condition Pedophilia is a mental abnormality as defined by MHO 10.03(i) that predisposes him to the commission of conduct constituting a sex offense, and that results in

14

his having serious difficulty in controlling such conduct. The psychiatric examiner further finds that the risk assessments and the records that she reviewed concerning past and current offenses and other behaviors that lead to an opinion, that to a reasonable degree of professional certainty, Mr. S⬤ is likely to reoffend sexually.

### THE INSTANT PROCEEDING

12.    By notice dated June 7, 2007, the New York State Division of Parole, an agency with jurisdiction, gave notice pursuant to Mental Hygiene Law §10.05(b) of respondent's anticipated release to the community. (A copy of the notice, with attachments, is annexed hereto as Exhibit D).

13.    Pursuant to Mental Hygiene Law §10.05(e), on June 7, 2007, the New York State Division of Parole referred respondent's case to a Case Review Team for evaluation. Notice of this referral was provided to respondent. (See Exhibit D).

14.    Upon review of respondent's records, the Case Review Team determined that respondent is a sex offender in need of civil management. On June 7, 2007 and June 8, 2007, the Case Review Team provided notice to this office and to respondent of its final determination that respondent is a sex offender in need of civil management. (A copy of the Notice of Determination attached hereto as Exhibit G).

15.    Based upon the foregoing, petitioner respectfully contends that the respondent is a detained sex offender who requires civil management.

**WHEREFORE**, petitioner, the State of New York, requests the following relief:

A.    An Order directing that a probable cause hearing be held pursuant to Mental Hygiene Law Article 10.

15

B.      An Order pursuant to Mental Hygiene Law §10.06(c) appointing counsel to

        represent respondent Shawn S▬

C.      That pursuant to Mental Hygiene Law Article 10.06(h) that respondents

        release from the supervision of the New York State Division of Parole the be

        stayed pending the outcome of the probable cause hearing.  Thereby

        continuing respondent's present status with the New York State Division of

        Parole.

DATED:      Binghamton, New York
            June 8, 2007

                            ANDREW M. CUOMO
                            Attorney General of the
                              State of New York
                            Attorney for Petitioner
                            44 Hawley Street, 17th Fl.
                            Binghamton, New York 13901
                            Tel. (607) 721-8785

                    By:     George B. Rossi

                            GEOFFREY B. ROSSI
                            Assistant Attorney General

STATE OF NEW YORK
SUPREME COURT APPELLATE DIVISION
THIRD JUDICIAL DEPARTMENT
MENTAL HYGIENE LEGAL SERVICE



RECEIVED

JUN 1 5 2007

NYS Department of Law
Binghamton Regional Office



BRUCE S. DIX
  DIRECTOR
DAVID M. LEVINE
  DEPUTY DIRECTOR
RICHARD J. WENIG
  PRINCIPAL ATTORNEY

44 HAWLEY STREET
STATE OFFICE BLDG. - 16TH FLOOR
BINGHAMTON, NEW YORK 13901-4435
(607) 721-8440
FAX (607) 721-8447

June 14, 2007

The Honorable Jeffrey A. Tait
Supreme Court Chambers
Broome County Courthouse
Post Office Box 1766
Binghamton, New York 13902

RE:    People of the State of New York against Shawn S[■■■]
       Index No. 35925; RJI No. 2007-0177-M

Dear Judge Tait:

The above referenced matter is scheduled for a probable cause hearing to be held before Your Honor on July 5, 2007, at 1:00 in the afternoon.

I have discussed with Assistant Attorney General Geoffrey B. Rossi my need to adjourn the hearing in order to have adequate time to perform pretrial discovery; including if necessary, an independent examination of Mr. S[■■■]. Mr. Rossi consents to the Court granting an adjournment. I have discussed this matter with my client, and he consents to an adjournment of the hearing.

Therefore, on behalf of Mr. S[■■■], I request that the July 5, 2007, probable cause hearing be adjourned to a later date. I appreciate the Court's consideration. Thank you.

Very truly yours,

Sheila E. Shea, Esq., Director

By    Hollie S. Levine

Hollie S. Levine
Associate MHLS Attorney

s:/hsl

cc:    ✓Geoffrey B. Rossi, Assistant Attorney General

f:\share\hlevine\short\adjournment.wpd

17

STATE OF NEW YORK
SUPREME COURT APPELLATE DIVISION
THIRD JUDICIAL DEPARTMENT
MENTAL HYGIENE LEGAL SERVICE



BRUCE S. DIX
    DIRECTOR
DAVID M. LEVINE
    DEPUTY DIRECTOR
RICHARD J. WENIG
    PRINCIPAL ATTORNEY

44 HAWLEY STREET
STATE OFFICE BLDG. - 16TH FLOOR
BINGHAMTON, NEW YORK 13901-4435
(607) 721-8440
FAX (607) 721-8447

June 15, 2007

JoAnn M. Peet, Chief Clerk
Tioga County Supreme and County Courts
Court Annex Building
20 Court Street - PO Box 307
Owego, New York 13827

RE:    Shawn S
       Index No. 35925;  RJI No. 2007-0177-M

Dear Ms. Peet:

Enclosed please find for filing a Notice of Removal regarding the above named proceeding. If you have any questions, please do not hesitate to contact me at my office

Sincerely yours,

Sheila E. Shea, Esq., Director

By

Hollie S. Levine
MHLS Associate Attorney

HSL/s:enclosure

cc:    Geoffrey B. Rossi, Esq.
       The Honorable Jeffrey A. Tait

f:\share\hlevine\short\Peet.notice of removal.wpd

18

STATE OF NEW YORK
SUPREME COURT: TIOGA COUNTY

_____

THE PEOPLE OF THE STATE OF NEW YORK,

Petitioner,

-against-

SHAWN S█████████
an individual under the supervision of
New York State Division of Parole,

Respondent

**NOTICE OF
REMOVAL**

Index No. 35925
RJI    No. 2007-0177-M

_____

Pursuant to the provisions of §10.06 (b) of the Mental Hygiene Law of the State of New
York notice of removal to the county of the underlying criminal sex crime is hereby given.
The county of the underlying criminal sex crime is Schuyler County.

Dated: June 15, 2007

*Hollie S. Levine*

Sheila E. Shea, Director
Mental Hygiene Legal Service, Third Dept.
By:
Hollie S. Levine
Associate Mental Hygiene Legal Service Attorney
44 Hawley Street, Suite 1602
Binghamton, New York 13901
Attorneys for Respondent

F:\SHARE\HLevine\short\removal.wpd

19

**STATE OF NEW YORK**
**SUPREME COURT APPELLATE DIVISION**
**THIRD JUDICIAL DEPARTMENT**
**MENTAL HYGIENE LEGAL SERVICE**





**SHEILA E. SHEA**
DIRECTOR

**DAVID M. LEVINE**
DEPUTY DIRECTOR

**RICHARD J. WENIG**
PRINCIPAL ATTORNEY

**44 HAWLEY STREET**
**STATE OFFICE BLDG. - 16TH FLOOR**
**BINGHAMTON, NEW YORK 13901-4435**
**(607) 721-8440**
**FAX (607) 721-8447**

June 29, 2007

The Honorable Jeffrey A. Tait
Supreme Court Chambers
Broome County Courthouse
Post Office Box 1766
Binghamton, New York 13902

RE:    Shawn S███ Order of Removal
       Index No. 35925
       RJI  No. 2007-0177-M

Dear Justice Tait:

       Enclosed please find an Order of Removal regarding Shawn S███ If you have any questions, please do not hesitate to contact me at my office.

Sincerely yours,

Sheila E. Shea, Esq., Director

By

Hollie S. Levine
Associate MHLS Attorney

s:HSL:enclosure

cc:     Geoffrey B. Rossi, Esq.

STATE OF NEW YORK
SUPREME COURT :: TIOGA COUNTY

THE PEOPLE OF THE STATE OF NEW
YORK

           Petitioner,

-against-

SHAWN S▇▇▇▇
an individual under the supervision of
New York State Division of Parole,

           Respondent.

**ORDER OF REMOVAL**

Index No. 35925

RJI No. 2007-0177-M

A notice of removal pursuant to §10.06 (b) of the Mental Hygiene Law of the State of

New York having been filed with the Court on June 15, 2007, and no opposition to said notice

having been made;

It is hereby

ORDERED that the venue of the petition shall be removed from Tioga County to

Schuyler County.

ENTER

Dated: July _____, 2007
      Owego, New York

           The Honorable Jeffrey A. Tait
           Justice of the Supreme Court

f:\share\hlevine\short\order of removal.wpd

**STATE OF NEW YORK**
**SUPREME COURT APPELLATE DIVISION**
**THIRD JUDICIAL DEPARTMENT**
**MENTAL HYGIENE LEGAL SERVICE**





**SHEILA E. SHEA**
DIRECTOR
**DAVID M. LEVINE**
DEPUTY DIRECTOR
**RICHARD J. WENIG**
PRINCIPAL ATTORNEY

**44 HAWLEY STREET**
**STATE OFFICE BLDG. - 16TH FLOOR**
**BINGHAMTON, NEW YORK 13901-4435**
**(607) 721-8440**
**FAX (607) 721-8447**

July 10, 2007

The Honorable Elizabeth A. Garry
Supreme Court Chambers
The Eaton Center
Box 132 - Room 501
28 Conkey Avenue
Norwich, New York 13815

Re:     The People of the State of New York vs. Shawn S████

Dear Justice Garry:

The above-referenced matter was transferred to Supreme Court, Schuyler County, pursuant to an order of The Honorable Jeffrey A. Tait, JSC.

I had previously requested an adjournment of the probable cause hearing from Supreme Court, Tioga County, based on the need to perform discovery and to retain an expert. Assistant Attorney General Geoffrey Rossi consented to the adjournment.

I renew my request for an adjournment of the probable cause hearing based on the need to perform discovery, obtain an expert, and to pursue a motion to intervene in litigation challenging the statute currently pending in the Southern District of New York. Assistant Attorney General Geoffrey Rossi consents to the adjournment. Thank you.

Very truly yours,

Sheila E. Shea, Esq., Director

By

Hollie S. Levine
MHLS Associate Attorney

s:HSL

cc:     ✓ Geoffrey B. Rossi, Esq.

f:\share\hlevine\short\adjournment2.wpd

22



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
REGIONAL OFFICES ATTORNEY GENERAL

DIVISION OF

BINGHAMTON REGIONAL OFFICE

August 3, 2007

Honorable Elizabeth A. Garry
Supreme Court Chambers
The Eaton Center - Room 501
P.O. Box 132
28 Conkey Avenue
Norwich, N.Y.  13815

      Re:    <u>People v. Shawn ███</u>
              Index #2007-1462

Dear Judge Garry:

      This is to express my opposition to the proposed order submitted by Mental Hygiene Legal Services that has been filed in connection with the above-referenced matter.  My opposition is two fold.

      First, in its present form, the proposed order would direct that "Charles Patrick Ewing, Ph.D., shall be permitted to conduct an evaluation of the Respondent and testify in the within proceeding".  Pursuant to Mental Hygiene Law §10.06(e), "following the evaluation, such psychiatric examiner shall report his or her findings in writing to the respondent, or counsel for the respondent, to the Attorney General, and to the Court".  In its present form, the order proposed by MHLS omits any reference to the obligation of Dr. Ewing to report his findings in writing to the Attorney General and the Court.  To comply with the requirements of the statute, the language compelling Dr. Dwing to report his finding to the Attorney General and the Court must be included in the order.

      Secondly, the provisions of the statute under Mental Hygiene Law §10.06(e) include that "if the respondent is financially unable to obtain an examiner, the Court shall appoint an examiner of the respondent's choice to be paid within the limits prescribed by law."  There has been no allegation, nor any finding made by respondent, or by this Court, that respondent is in fact financially unable to obtain an examiner with his own resources.  The respondent should be required, as provided by statute, to allege that he is financially unable to obtain an examiner of his own choice and to provide at least some prima facie evidence to support such claim.

23

August 3, 2007
Page 2

_____

  There is no debate that Article 10 provides for respondents to obtain by Court order an evaluation by a psychiatric examiner.  However, it is important that the provisions of the statute be complied with explicitly.  Therefore, petitioner requests that the order in its present form be denied and that either petitioner or respondent submit a new proposed order consistent with the provisions provided by statute, for consideration by the Court.

Respectfully submitted,


GEOFFREY B. ROSSI
Assistant Attorney General

vsg
cc/  Hollie S. Levine, Esq.
   Mental Hygiene Legal Services
   44 Hawley Street, 16th Floor
   Binghamton, N.Y.  13901

   Kevin Gagan,
   Sex Offender Management Unit

24