UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MENTAL HYGIENE LEGAL SERVICE,

    Plaintiff,

   - and -

SHAWN S.,

  Proposed Plaintiff-Intervenor,

   - against -

ELIOT SPITZER, in his official capacity as
Governor of the State of New York, ANDREW
CUOMO, in his official capacity as
Attorney General of the State of New York,
MICHAEL HOGAN, in his official capacity as
Commissioner of the New York State Office
of Mental Health, DIANA JONES RITTER, in
her official capacity as Commissioner of
the New York State Office of Mental
Retardation and Developmental
Disabilities, and BRIAN FISCHER, in his
official capacity as Commissioner of the
New York State Department of Correctional
Services,

    Defendants.

Docket Number
07-CV-2935 (GEL)
(THK)

## MEMORANDUM OF LAW IN OPPOSITION TO MOTIONS TO INTERVENE, A TEMPORARY RESTRAINING ORDER, AND TO PROCEED ANONYMOUSLY

ANDREW M. CUOMO
Attorney General of the State
 of New York
Attorney for Defendants
120 Broadway, 24th Floor
New York, New York 10271
Tel. No. (212) 416-8641

EDWARD J. CURTIS, JR.
BRUCE McHALE
Assistant Attorneys General
of Counsel

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . 1

       A.   Statutory Background . . . . . . . . . . . . . . . 1
       B.   The Intervenor's Underlying Crimes . . . . . . . . 3
       C.   The SOMTA Proceeding Against Intervenor . . . . . . 4

           1. The Psychiatric Examiner's Report . . . . . . . . 4
           2. The Sex Offender Civil Management Proceeding . . . . 5

       D.   The Motion To Intervene In This Case . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT I   PERMISSION TO INTERVENE SHOULD BE DENIED
          BECAUSE INTERVENOR'S INTEREST IS ALREADY
          ADEQUATELY PROTECTED . . . . . . . . . . . . . . . 7

POINT II  IN ANY EVENT, INTERVENTION SHOULD BE
          DENIED BECAUSE THE ONGOING STATE PROCEEDING
          REQUIRES THAT THIS COURT ABSTAIN UNDER
          <u>YOUNGER V. HARRIS</u> . . . . . . . . . . . . . . . . 10

POINT III NO TEMPORARY RESTRAINING ORDER SHOULD BE
          IMPOSED BECAUSE INTERVENOR DOES NOT PRESENT
          AN EMERGENCY . . . . . . . . . . . . . . . . . . . 13

POINT IV  INTERVENOR SHOULD NOT BE GRANTED PERMISSION
          TO PROCEED ANONYMOUSLY IN THIS CASE . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . 17

i

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page**

AIM Int'l Trading, LLC v. Valcucine SpA,
 188 F. Supp. 2d 384 (S.D.N.Y. 2002) . . . . . . . . . . 15

Able v. United States, 44 F.3d 128 (2d Cir. 1995) . . . . . . 15

Borey v. Nat'l Union Fire Ins. Co.,
 934 F.2d 30 (2d Cir. 1991) . . . . . . . . . . . . . . . 15

Bronx Household of Faith v. Community School District,
 331 F.3d 342 (2d Cir. 2003) . . . . . . . . . . . . . . 14

Christ the King Regional High School v. Culvert, 815 F.2d 219
 (2d Cir.), cert. denied, 484 U.S. 830 (1987) . . . . 10, 11

Diamond "D" Construction Corp. v. McGowan,
 282 F.3d 191 (2d Cir. 2002) . . . . . . . . . . . . . . 10

Doe v. Del Rio, 241 F.R.D. 154 (S.D.N.Y. 2006) . . . . . . . 15

Echo Design Group v. Zino Davidoff S.A.,
 283 F. Supp. 2d 963 (S.D.N.Y. 2003) . . . . . . . . . . 14

H.L. Hayden Co. of New York v. Siemens Medical Systems,
 797 F.2d 85 (2d Cir. 1986) . . . . . . . . . . . . . . . 7

Hansel v. Town Court, 56 F.3d 391 (2d Cir.), cert. denied,
 516 U.S. 1012 (1995) . . . . . . . . . . . . . . . . . . 11

Hnot v. Willis Group Holdings, 2006 U.S. Dist. LEXIS 87091
 (S.D.N.Y. Nov. 30, 2006) . . . . . . . . . . . . . . . . 8

Huffman v. Pursue, 420 U.S. 592 (1975) . . . . . . . . . . . 10

In re Bank of N.Y. Derivative Litigation,
 320 F.3d 291 (2d Cir. 2003) . . . . . . . . . . . . . . . 7

Kansas v. Crane, 534 U.S. 407 (2002) . . . . . . . . . . . . 12

Kansas v. Hendricks, 521 U.S. 346 (1977) . . . . . . . . . . 12

Kaufman v. Kaye, 466 F.3d 83 (2d Cir. 2006), cert. denied
 2007 U.S. LEXIS 3050 (U.S. Supreme Ct., Mar. 19, 2007) . 12

Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York
     Shipping Ass'n, 965 F.2d 1224 (2d Cir. 1992) . . . . . .  14

Mazurek v. Armstrong, 520 U.S. 968 (1997) . . . . . . . . .  14

Medical Soc'y of the State of New York v. Toia,
     560 F.2d 535 (2d Cir. 1977) . . . . . . . . . . . . . .  14

Middlesex County Ethics Committee v. Garden State Bar Assoc.,
     457 U.S. 423 (1983) . . . . . . . . . . . . . . .  10, 11

Ohio Civil Rights Comm'n v. Dayton Christian Schools,
     477 U.S. 619 (1986) . . . . . . . . . . . . . . . . . .  10

Pan American World Airways v. Flight Engineers' Int'l Ass'n,
     PAA Chapter, AFL-CIO,
     306 F.2d 840 (2d Cir. 1962) . . . . . . . . . . . . . .  14

Pennzoil Co. v. Texaco, 481 U.S. 1 (1987) . . . . . . . . .  10

Rodriquez v. DeBuono, 175 F.3d 227 (2d Cir. 1999) . . . . .  15

Smith v. Doe, 538 U.S. 84 (2003) . . . . . . . . . . . . .  12

Spargo v. N.Y. State Comm'n on Judicial Conduct,
     351 F.3d 65 (2d Cir. 2003) cert. denied, 541 U.S. 1085
     (2004) . . . . . . . . . . . . . . . . . . . . .  11, 13

Spencer Trask Software & Info. Services v. Rpost Int'l,
     190 F. Supp. 2d 577 (S.D.N.Y. 2002) . . . . . . . . . .  14

Temple of the Lost Sheep, Inc. v. Abrams, 930 F.2d 178
     (2d Cir.), cert. denied, 534 U.S. 1128 (2002) . . . . .  11

United States v. Salerno, 481 U.S. 739 (1987) . . . . . . .  12

University Club v. City of New York,
     842 F.2d 37 (2d Cir. 1988) . . . . . . . . . . . . . .  10

Williams v. Bennett, 2007 U.S. Dist. LEXIS 27104
     (N.D.N.Y. April 12, 2007) . . . . . . . . . . . . . . .  12

Younger v. Harris, 401 U.S. 37 (1971) . . . . . . . . . . .  10

**Federal Rules of Civil Procedure**

Rule 10 (a) . . . . . . . . . . . . . . . . . . . . . 15

Rule 24 (a)(2) . . . . . . . . . . . . . . . . . . . . 8

Rule 24 (b) . . . . . . . . . . . . . . . . . . . 1, 7, 8

Rule 65 . . . . . . . . . . . . . . . . . . . . . 1, 13

**State Statutes**

New York Penal Law § 70.40 (1) . . . . . . . . . . . . . 3, 4

New York State Mental Hygiene Law ("MHL")
    Article 9 . . . . . . . . . . . . . . . . . . . . 16
    Article 10 . . . . . . . . . . . . 1, 6, 9, 13, 16, 17
    Article 47 . . . . . . . . . . . . . . . . . . . . 9
    MHL 9.31(f) . . . . . . . . . . . . . . . . . . . 16
    MHL 10.01 . . . . . . . . . . . . . . . . . . . . 1
    MHL 10.03(g) . . . . . . . . . . . . . . . . . . . 16
    MHL 10.05(b) . . . . . . . . . . . . . . . . . . . 2
    MHL 10.05(d) . . . . . . . . . . . . . . . . . . . 2
    MHL 10.05(e) . . . . . . . . . . . . . . . . . . . 2
    MHL 10.05(g) . . . . . . . . . . . . . . . . . . . 2
    MHL 10.06(a) . . . . . . . . . . . . . . . . . . 1, 2
    MHL 10.06(b) . . . . . . . . . . . . . . . . . . . 2
    MHL 10.06(c) . . . . . . . . . . . . . . . . . . . 9
    MHL 10.06(g) . . . . . . . . . . . . . . . . . . . 3
    MHL 10.06(g)(1) . . . . . . . . . . . . . . . . . . 1
    MHL 10.06(k) . . . . . . . . . . . . . . . . 3, 6, 8, 13
    MHL 10.07(a) . . . . . . . . . . . . . . . . . . . 3
    MHL 10.08(g) . . . . . . . . . . . . . . . . . . . 16

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Defendants in opposition to the motions of Proposed Plaintiff-Intervenor SHAWN S. ("Intervenor"): 1) pursuant to Rule 24 of the Federal Rules of Civil Procedure ("FRCP") for permission to intervene in this action, 2) pursuant to FRCP 65 for a temporary restraining order, and 3) to proceed anonymously in this action. This action seek declaratory and injunctive relief concerning certain aspects of New York's Sex Offender Management and Treatment Act ("SOMTA" or "the Act"), codified, in part, in Article 10 of the New York State Mental Hygiene Law ("MHL").

## STATEMENT OF FACTS

### A. Statutory Background

SOMTA was enacted after the Legislature determined that certain "detained sex offenders" nearing the end of their incarceration, confinement, or supervision needed evaluation to determine whether they presented a risk of re-offending and should be subject to continued treatment or supervision. See MHL 10.01. Among the detained sex offenders who the Legislature thought might need continued supervision were parolees nearing the end of their period of supervision by the Division of Parole ("Parole"). MHL 10.06 (a), (g)(1).

SOMTA provides that when it appears to Parole that "a person who may be a detained sex offender is nearing" the end of his period of supervision, Parole may give notice of that fact to the

Office of the Attorney General ("OAG") and the Office of Mental Health ("OMH"). MHL 10.05 (b). Upon receiving notice, the OMH multidisciplinary staff review and assess the subject of the notice to determine whether that subject should be referred to a Case Review Team ("CRT") for evaluation. MHL 10.05 (d). If the subject is referred to the CRT, he is given notice of the referral.[1] MHL 10.05 (e).

The CRT reviews the Respondent's records and may arrange for a psychiatric examination of the Respondent. Id. If the CRT determines that the Respondent is a sex offender requiring civil management, it notifies the Respondent and OAG. MHL 10.05 (g). The MHL 10.05 (g) notice must include a psychiatric examiner's report "that includes a finding as to whether the respondent has a mental abnormality."

If the CRT finds that the Respondent is a sex offender requiring civil management, OAG may file a sex offender civil management petition in the county where the Respondent is located. MHL 10.06 (a). Within ten days, the Respondent may file a notice of removal to the county of the underlying criminal sex offense charges. MHL 10.06 (b). If, within five days, OAG does not oppose removal, the proceeding is removed to that county. Id.

Within thirty days after the petition is filed, the court

---

[1] After referral to a CRT, the subject of the MHL 10.05 (b) notice is identified as a respondent. MHL 10.05 (e).

2

must conduct a hearing to determine whether there is probable
cause to believe that the Respondent is a sex offender requiring
civil management. MHL 10.06 (g). If, at the conclusion of the
hearing, the court determines that there is probable cause to
believe that the Respondent is a sex offender requiring civil
management, the court is to commit the Respondent to a secure
treatment facility from which he is not to be released until his
jury trial is completed. MHL 10.06 (k). A jury trial is to be
scheduled within sixty days of the probable cause determination.
MHL 10.07 (a).

### B. The Intervenor's Underlying Crimes

On June 27, 1992, Intervenor was committed to the custody of
the New York State Department of Correctional Services ("DOCS")
for a term of incarceration of five to fifteen years following
his convictions in Schuyler County for the crimes of Rape in the
First Degree and Sodomy in the First Degree. See
http://nysdocslookup.docs.state.ny.us (DOCS "Inmate Population
Information Search," or "Inmate Lookup"). New York State law
allows a prisoner to become eligible for parole after he or she
has completed the minimum term of his incarceration. N.Y. Penal
Law § 70.40 (1). Intervenor was paroled, but was returned to
DOCS' custody on January 15, 2003. DOCS Inmate Lookup. On October
31, 2005, he was again released to the custody of Parole. Id.
Intervenor's maximum expiration date, after which he would no

longer be subject to Parole's supervision, was June 10, 2007. Id.

## C. The SOMTA Proceeding Against Intervenor

On June 6, 2007, Richard P. Miraglia, Associate Commissioner, OMH Division of Forensic Services, sent Intervenor a memorandum advising him that he had been identified as a possible "detained sex offender" and that his case had been referred to a CRT. Statement of Geoffrey B. Rossi, dated August 19, 2007 ("Rossi Statement"), ¶ 14. Mr. Miraglia informed Intervenor that if the CRT determined that he needed civil management, his case could be referred to OAG, which may then elect to file a civil management petition against him. Id.

### 1. The Psychiatric Examiner's Report

On June 8, 2007, Dr. Berryman, a psychiatric examiner employed by the CRT, issued a report. Rossi Statement, ¶ 15. Dr. Berryman noted that Intervenor had been convicted of rape and sodomy for engaging in anal and vaginal intercourse with a six-year-old girl. Id. Intervenor was paroled on May 3, 2002, but his parole was revoked on January 15, 2003, on the basis of twenty-five violations of the conditions of his parole, eleven of which involved contact with his girlfriend's three-year-old son. Id., ¶ 16.

Dr. Berryman diagnosed Intervenor as suffering from Pedophilia and concluded that he met the criteria for designation as a sex offender requiring civil management, noting several

4

characteristics that research indicated were predictive of recidivism. Id., ¶ 17. Dr. Berryman concluded that Intervenor's parole violations indicated "that he is likely to initiate contacts with children again and possibly re-offend." Id., ¶ 18. Dr. Berryman stated that Intervenor "is likely to benefit from continued intensive supervision and outpatient sex offender treatment." Id.

On June 8, 2007, Intervenor was notified that the CRT had determined that he was a sex offender requiring civil management. Id., ¶ 19.

### 2. The Sex Offender Civil Management Proceeding

On June 8, 2007, a Sex Offender Civil Management Petition was filed in Supreme Court, Tioga County, against Intervenor, and an Order to Show Cause was signed setting a probable cause hearing for July 5, 2007. Id., ¶¶ 20, 21. The Mental Hygiene Legal Service ("MHLS") was assigned to represent Intervenor. Id. On June 14, 2007, MHLS requested that the Supreme Court, Tioga County, adjourn the July 5, 2007 probable cause hearing to enable Intervenor to conduct pre-hearing discovery including, if necessary, a psychiatric examination of Intervenor. Id., ¶ 23. OAG consented to the adjournment. Id.

MHLS subsequently filed a notice removing the case from Tioga County, where Intervenor was located, to Schuyler County, where the underlying sex crime had taken place. OAG did not

5

oppose the removal and, on June 29, 2007, MHLS submitted an Order of Removal to the Supreme Court, Tioga County. Id., ¶ 24.

On July 10, 2007, MHLS requested that the Supreme Court, Schuyler County, adjourn the probable cause hearing "based on the need to perform discovery, obtain an expert, and to pursue a motion to intervene in litigation challenging the statute currently pending in the Southern District of New York." Id., ¶ 25. OAG consented to the adjournment. Id. Since then, MHLS has submitted an order to the Supreme Court, Schuyler County, authorizing its psychiatric examiner to examine Intervenor. Id., ¶ 26. At this point, the probable cause hearing has been adjourned indefinitely until after Intervenor's psychiatric examination has been completed. Id. ¶ 27.

### C. The Motion To Intervene In This Case

On August 8, 2007, the instant motions were filed. In seeking this Court's permission to intervene, Intervenor asserts that if the Supreme Court, Schuyler County, finds that there is probable cause to believe that he is a sex offender needing civil management, by operation of MHL 10.06 (k) he will be committed to a secure treatment facility. Motion and Notice of Motion to Intervene as a Plaintiff and for a Temporary Restraining Order dated August 8, 2007 ("Motion to Intervene"). As a result, he maintains that he will probably lose his job. Id., ¶ 5. He also argues that Defendants do not allege in the MHL Article 10

6

proceeding that he is dangerous and are only seeking that he be subjected to a regimen of strict and intensive supervision and treatment. Id.; Complaint of Intervenor, ¶ 26.

Intervenor also moves to proceed anonymously in this case, alleging that he wishes "to protect against publication of the allegations about his mental abnormality until he has had the chance to challenge those allegations in the Article 10 proceeding." Memorandum of Law in Support of Plaintiff-Intervenor Shawn S.'s Motion to Proceed Anonymously, dated August 8, 2007 ("Intervenor's Memorandum"), at 2.

**ARGUMENT**

**POINT I**

**PERMISSION TO INTERVENE SHOULD BE DENIED BECAUSE INTERVENOR'S INTEREST IS ALREADY ADEQUATELY PROTECTED**

Permission to intervene may be granted upon timely application where the Intervenor's claim and the main action "have a question of law or fact in common." FRCP 24 (b). "[R]elevant factors include the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." H.L. Hayden Co. of New York v. Siemens Medical Systems, 797 F.2d 85, 89 (2d Cir. 1986); see also In re Bank of

7

N.Y. Derivative Litig., 320 F.3d 291, 300 n.5 (2d Cir. 2003) (the
factors relevant in deciding a motion for permissive intervention
under FRCP 24 (b)(2) are "substantially the same" as the factors
when the claim for intervention is "as of right" under
FRCP 24 (a)(2)). "Permissive intervention is never mandatory."
Hnot v. Willis Group Holdings, 2006 U.S. Dist. LEXIS 87091 at *6
(S.D.N.Y. Nov. 30, 2006).

Intervenor is currently the subject of an MHL Article 10
proceeding in State court, which has been indefinitely adjourned
at Intervenor's request to enable him to seek his own expert. He
alleges that his liberty interest will be affected if the
probable cause hearing is rescheduled, is conducted, and if
probable cause is found to believe that he is a sex offender
requiring civil management and the hearing court commits him to a
secure treatment facility until his trial is completed.
MHL 10.06 (k).

The Legislature has provided that respondents as to whom
there have been probable cause findings be confined pending trial
to protect the public safety, see Defendants' Memorandum dated
May 16, 2007 at 14-19, 22-23, and to ensure that respondents are
present for the full trial with a twelve-member jury. See MHL
10.07 (b). However, for now, Intervenor's probable cause hearing
has been adjourned indefinitely. Rossi Statement, ¶ 27. His
expert has not yet been appointed, and once he has been

appointed, he will need to examine Intervenor and prepare a report. Rossi Statement, ¶ 27.

The party currently representing Intervenor's interest in this action is MHLS, an institutional plaintiff charged with the duty of representing persons with mental illness, <u>see generally</u>, MHL Article 47, and respondents under MHL Article 10 in particular. <u>See</u> MHL 10.06 (c); L. 2007, c. 7, §§ 8, 9 (amending MHL Article 47). By virtue of its representation of respondents in MHL Article 10 proceedings, MHLS' interest in prosecuting this case is coextensive with Intervenor's. Indeed, MHLS represents Intervenor on this motion. For that reason, Intervenor's interests are already adequately represented in this action.

Finally, for the same reason, Intervenor's presence in this case will not significantly contribute to full development of the underlying factual issues in the suit or to the just and equitable adjudication of the legal questions presented. MHLS and Intervenor present a facial challenge to MHL Article 10. The factual issues are plainly presented by the statute itself and the Complaint. Thus, Intervenor's presence in this action and the facts of his situation will add nothing to the development of the issues or to the manner in which they are resolved. For these reasons, intervention should be denied.

**POINT II**

**IN ANY EVENT, INTERVENTION SHOULD BE DENIED BECAUSE THE ONGOING STATE PROCEEDING REQUIRES THAT THIS COURT ABSTAIN UNDER <u>YOUNGER V. HARRIS</u>**

"Federal courts are generally required to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." <u>Diamond "D" Construction Corp. v. McGowan</u>, 282 F.3d 191, 198 (2d Cir. 2002), citing <u>Younger v. Harris</u>, 401 U.S 37, 43-44 (1971). <u>Younger</u> abstention applies where the state proceedings are civil or administrative. <u>Huffman v. Pursue</u>, 420 U.S. 592 (1975); <u>Ohio Civil Rights Comm'n v. Dayton Christian Schools</u>, 477 U.S. 619 (1986); <u>Middlesex County Ethics Committee v. Garden State Bar Assoc.</u>, 457 U.S. 423 (1983); <u>University Club v. City of New York</u>, 842 F.2d 37 (2d Cir. 1988); <u>Christ the King Regional High School v. Culvert</u>, 815 F.2d 219, 223-24 (2d Cir.), <u>cert. denied</u>, 484 U.S. 830 (1987). The <u>Younger</u> doctrine "rests foursquare on the notion" that a state proceeding constitutes a sufficient forum for the vindication of federal constitutional rights. <u>Diamond "D,"</u> <u>supra</u>, 282 F.3d at 198. <u>See</u> <u>also</u> <u>Pennzoil Co. v. Texaco</u>, 481 U.S. 1, 12-13 (1987).

Abstention is required: (1) where there is an ongoing state proceeding; (2) involving an important state interest; and (3) where the plaintiff has an adequate opportunity for judicial review of his constitutional claims during or after the

10

proceeding. Christ the King, 815 F.2d at 224; Hansel v. Town Court, 56 F.3d 391, 393 (2d Cir.), cert. denied, 516 U.S. 1012 (1995); Temple of the Lost Sheep, Inc. v. Abrams, 930 F.2d 178, 182 (2d Cir.), cert. denied, 534 U.S. 1128 (2002). Abstention pertains where a plaintiff "has 'an opportunity to raise and have timely decided by a competent state [court] tribunal' the constitutional claims at issue in the federal suit." Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F. 3d 65, 77 (2d Cir. 2003) cert. denied, 541 U.S. 1085 (2004)(quoting Middlesex County Ethics Committee v. Garden State Bar Assoc., supra, 457 U.S. at 437). Spargo further admonished that "Younger implicitly recognizes that states may adopt a variety of different procedures to resolve legal disputes, yet it directs federal courts to defer to state procedures, leaving state institutions 'free to perform their separate functions in their separate ways.'" Id at 75 (quoting Younger, 401 U.S. at 44).

The first and third abstention elements are satisfied here, since there is an ongoing state proceeding which affords the plaintiff an adequate opportunity for judicial review of his constitutional claims during or after that proceeding. Nor can there be any question that an important state interest exists here. The New York statute is consistent with that of Kansas and other state civil commitment statutes which the Supreme Court has consistently held serve compelling public safety interests. See,

e.g., Kansas v. Hendricks, 521 U.S. 346, 358 (1977); Kansas v.
Crane, 534 U.S. 407 (2002); Smith v. Doe, 538 U.S. 84, 96 (2003)
(Alaska sex offender registration and notification requirements
upheld as proper legislative protection of the public). The Court
has also held that detention pending trial based on predictions
of dangerousness meets constitutional requirements, see United
States v. Salerno, 481 U.S. 739 (1987) (detention under Bail
Reform Act based on predictions of dangerousness held
constitutional because it serves compelling governmental
interests).

　　　Intervenor's argument would effectively hold that pretrial
detention is unconstitutional even based upon a judicial finding
of probable cause that he is a dangerous sex offender if some
closely supervised alternative to confinement may be devised
following conviction at a trial. There is no basis for this Court
to so find, or to hold that state courts are incapable of
assessing such claims in the pending proceedings. See Kaufman v.
Kaye, 466 F. 3d 83, 86 (2d Cir. 2006), cert. denied 2007 U.S.
LEXIS 3050 (U.S. Supreme Ct., Mar. 19, 2007), noting the Second
Circuit's consistent rejection on abstention grounds of attempts
by the federal district court to impose new requirements and bail
procedures on the New York State courts. See also, Williams v.
Bennett, 2007 U.S. Dist. LEXIS 27104 at *4 (N.D.N.Y. April 12,
2007)(federal court must abstain from request by previously

12

convicted sex offender to enjoin state court revocation proceeding on claim that subjecting him to this proceeding would deprive him of constitutional rights).

Abstention is required here because "to avoid abstention, plaintiffs must demonstrate that state law bars the effective consideration of their constitutional claims," <u>Spargo</u>, 351 F. 3d at 78. Intervenor here has failed to do so.

POINT III

**NO TEMPORARY RESTRAINING ORDER SHOULD BE IMPOSED BECAUSE INTERVENOR DOES NOT PRESENT AN EMERGENCY**

Intervenor seeks a temporary restraining order, urging that he is likely to suffer immediate and irreparable injury if he is subjected to the mandatory detention provision of MHL 10.06 (k) upon a finding of probable cause that he is a dangerous sex offender. Motion to Intervene, ¶ 9.

However, no MHL Article 10 probable cause hearing for Intervenor is imminent, or even scheduled. In fact, it appears that Intervenor is adjourning the hearing to avoid being detained if probable cause is found. Intervenor states that "he seeks a temporary restraining order to enjoin the application of the mandatory detention provision of MHL § 10.06 (k)." <u>Id.</u>

Temporary restraining orders are typically sought on an emergency basis, frequently without notice, are governed by FRCP 65(b) and cannot issue unless it "clearly appears from specific facts. . . that immediate and irreparable injury, loss,

13

or damage will result to the applicant before the adverse party
or that party's attorney can be heard in opposition." Such is not
the case here.

Beyond the requirement that there be an immediate emergency
need, the standard for a temporary restraining order is the same
as for a preliminary injunction. Local 1814, Int'l Longshoremen's
Ass'n, AFL-CIO v. New York Shipping Ass'n, 965 F.2d 1224, 1228
(2d Cir. 1992); Echo Design Group v. Zino Davidoff S.A., 283 F.
Supp. 2d 963, 966 (S.D.N.Y. 2003); Spencer Trask Software & Info.
Services v. Rpost Int'l, 190 F. Supp. 2d 577, 580 (S.D.N.Y.
2002). Preliminary injunctions and temporary restraining orders
are "an extraordinary and drastic remedy ... that should not be
granted unless the movant, by a clear showing, carries the burden
of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997);
Medical Soc'y of the State of New York v. Toia, 560 F.2d 535, 538
(2d Cir. 1977); Pan American World Airways v. Flight Engineers'
Int'l Ass'n, PAA Chapter, AFL-CIO, 306 F.2d 840, 843 (2d Cir.
1962). Where, as here, the movant seeks injunctive relief "that
commands a positive act that alters the status quo" and would
"stay government action taken in the public interest pursuant to
a statutory or regulatory scheme," the plaintiffs must
demonstrate (1) irreparable harm in the absence of an injunction,
and (2) a "clear or substantial" likelihood of success on the
merits. Bronx Household of Faith v. Community School District,

14

331 F.3d 342, 349 (2d Cir. 2003); <u>Rodriquez v. DeBuono</u>, 175 F.3d
227, 233 (2d Cir. 1999); <u>Able v. United States</u>, 44 F.3d 128 (2d
Cir. 1995). "[A] mere possibility of irreparable harm" is not
sufficient to justify a temporary restraining order. <u>Borey v.
Nat'l Union Fire Ins. Co.</u>, 934 F.2d 30, 34 (2d Cir. 1991); <u>AIM
Int'l Trading, LLC v. Valcucine SpA</u>, 188 F. Supp. 2d 384, 387
(S.D.N.Y. 2002).

The intervention request by Intervenor plainly does not
present the kind of "immediate and irreparable injury, loss, or
damage" which would warrant a temporary restraining order.
Moreover, the proposed intervenor has not met the high burden
required to enjoin the application to him of the probable cause
provisions of the Sex Offender Management and Treatment Act.

POINT IV

**INTERVENOR SHOULD NOT BE GRANTED PERMISSION TO PROCEED
ANONYMOUSLY IN THIS CASE**

Generally, a litigant pleading or prosecuting a case in
federal court is required to use his or her real name. <u>See</u> FRCP
10 (a) ("the complaint ... shall include the names of all the
parties"). In resolving an application to proceed anonymously,
this Court recently noted nine factors, among which were the
extent to which the litigant's identity has already been kept
confidential, whether the movant would have to disclose intimate
information, and whether the movant would face injury if
identified. <u>Doe v. Del Rio</u>, 241 F.R.D. 154, 156-58 (S.D.N.Y.

15

2006) (denying motion for anonymity in a case seeking damages for false arrest)

Here, the Intervenor's identity has not been kept confidential because he has already been identified by name in his State court case. There is no provision for filing MHL Article 10 petitions under seal. <u>Compare</u> MHL 10.08 (g) (either party may request sealing of papers for good cause) <u>with</u> 9.31 (f) (providing that the court must seal MHL Article 9 papers). No request for sealing of Intervenor's case has been made by either side. To the knowledge of the Assistant Attorney General assigned to prosecute the petition against Intervenor, the papers have not been sealed. <u>See</u> Rossi Statement, ¶ 22. The fact that Intervenor's identity has already been disclosed weighs heavily against granting his motion here.

Even if Intervenor had protected his identity, he is not protecting intimate information. The State court proceeding charges that Intervenor suffers from a mental abnormality. However, the prerequisite for this charge is Intervenor's criminal convictions. <u>See, e.g.,</u> MHL 10.03 (g) (defining "detained sex offender"), (p) (defining "sex offenses"). This is public information, not intimate information.

Finally, Intervenor claims that he may be subject to injury in the form of "community reprisals." Intervenor's Memorandum at 4. Intervenor is already the subject of public criminal charges

16

describing his conduct. In addition, he has not attempted to seal the MHL Article 10 petition, which was filed in the county where he resides and is now filed in the county where he was charged. Rossi Statement, ¶¶ 20, 24, 25. Either county is more than 250 miles from this courthouse. Intervenor's concern about experiencing "community reprisals" because he is identified in a court case far from his home is hard to understand.

Intervenor has not sufficiently demonstrated his need to prosecute this case anonymously. Accordingly, his motion to proceed anonymously should be denied.

<strong>CONCLUSION</strong>

For the foregoing reasons, the Intervenor's motions to intervene in this action, for a temporary restraining order, and to proceed anonymously in this action should be denied.

Dated: New York, New York
      August 27, 2007

ANDREW M. CUOMO
Attorney General of the State
 of New York
<u>Attorney for Defendants</u>
By:

_____
EDWARD J. CURTIS, JR.
Assistant Attorney General

EDWARD J. CURTIS, JR.
BRUCE McHALE
Assistant Attorneys General
<u>of Counsel</u>

17