10/26/2007 12:09 607-721-8447 MENTAL HYGIENE LEGAL PAGE 02/03
Case 1:07-cv-02935-GEL   Document 32   Filed 10/29/2007   Page 1 of 2

FL
COPY

STATE OF NEW YORK
SUPREME COURT APPELLATE DIVISION
THIRD JUDICIAL DEPARTMENT
MENTAL HYGIENE LEGAL SERVICE



MEMO ENDORSED

SHEILA E. SHEA
DIRECTOR

DAVID M. LEVINE
DEPUTY DIRECTOR

RICHARD J. WENIG
PRINCIPAL ATTORNEY

44 HAWLEY STREET
STATE OFFICE BLDG. - 16TH FLOOR
BINGHAMTON, NEW YORK 13901-4435
(607) 721-8440
FAX (607) 721-8447

October 25, 2007

The Honorable Gerard E. Lynch
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/29/07

Re:   Mental Hygiene Legal Service and Shawn Short v. Spitzer, et al., 07-CV-2935 (GEL), (AJP)

Dear Judge Lynch:

    I write on behalf of intervenor Shawn Short to request that the Court immediately determine whether a preliminary injunction should be issued in Mr. Short's favor with respect to the challenged automatic confinement provision of MHL 10.06 (k). As Your Honor is aware, that section mandates the secure confinement of an Article 10 respondent pending trial, based solely on a probable cause finding of mental abnormality.

    By way of summary, Mr. Short was conditionally released from prison to Parole Supervision in October 2005. His sentence and parole supervision for his 1992 conviction expired on June 10, 2007. The State filed it's Article 10 application on June 8, 2007. MHL 10.06 (h) extends supervision by the Division of Parole, pending a probable cause hearing. Mr. Short's probable cause hearing has yet to be conducted.

    On October 5, 2007 Mr. Short was arrested and incarcerated by the Division of Parole on an administrative warrant alleging that Mr. Short had violated conditions of supervision that had been established in 2005, in connection with his release from prison.

    Since we last corresponded with the Court by letter dated October 9, 2007 (attached), Mr. Short filed a habeas petition in the New York State Supreme Court challenging the authority of the New York State Division of Parole to arrest and incarcerated him on an alleged parole violation, under color of MHL 10.06 (h).

    Mr. Short's habeas petition challenging his administrative arrest and confinement in jail was denied by State Supreme Court Justice Elizabeth A. Garry on October 17, 2007.[1] The following day, a Division of Parole hearing officer extended Mr. Short's jail confinement, finding probable cause to believe that Mr. Short

---

[1] A copy of the transcript of the October 17, 2007 proceeding on the writ, which includes Justice Garry's bench decision, is attached.

The Honorable Gerard E. Lynch
Page 2
October 25, 2007

violated a curfew on September 20, 2007.[2]

The State maintained in its response to the writ that MHL 10.06 (h) extends Mr. Short's sentence, and that the Division of Parole may administratively arrest and confine Mr. Short in jail until Mr. Short's probable cause hearing is conducted. Consequently, Mr. Short requested that the MHL Article 10 court schedule his Article 10 probable cause hearing as soon as possible. Mr. Short's probable cause hearing has been scheduled for October 30, 2007. However, the issue of the constitutionality of the post probable cause mandatory confinement provisions of MHL 10.06 (k) still remain pending before Your Honor, unresolved.

The State's examination report in support of the State's Article 10 application asserts that Mr. Short has a mental abnormality. This report was previously submitted to the Court. The state examiner stated in her report that Mr. Short would be "likely to benefit from individual psychotherapy, sex offender treatment and intensive supervision." The psychiatric examiner appointed by the State Court at Mr. Short's request has concluded that Mr. Short doesn't not have a mental abnormality, and does not present a risk of committing additional sex offenses (affidavit attached). Therefore, even if probable cause of a mental abnormality is found, the state court pleadings provide no clinical basis for Mr. Short's automatic confinement in a secure facility pending trial, as currently is required under MHL 10.06 (k).

Given the imminence of Mr. Short's probable cause hearing, Mr. Short urgently requests that Your Honor address and grant Mr. Short's application for a temporary restraining order, restraining his automatic confinement via MHL 10.06 (k) in a secure facility pending trial based solely upon a probable cause finding of mental abnormality.

Thank you for your consideration.

Very truly yours,

Sheila E. Shea, Esq., Director

By *[signature]*

Hollie S. Levine
Associate MHLS Attorney

s:HSL:attachment

cc: Edward Curtis, Assistant Attorney General
Sadie Ishee, Associate MHLS Attorney

*[Handwritten note:]* The pending motions will be addressed in due course. To the extent Mr. Short seeks more urgent relief, the request is denied. To the extent that Mr. Short has been incarcerated in any event on a parole violation charge, the availability of incarceration under Article 10 is less, not more, urgent in his case.

SO ORDERED
*[signature]*
GERARD E. LYNCH, U.S.D.J.
10/26/07

[2] No proof was submitted by the Division at the preliminary parole revocation hearings on October 18, 2007 as to the other alleged violations of conditions of parole and no additional findings were made. A copy of Parole's October 18, 2007 preliminary administrative determination is attached.