UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MENTAL HYGIENE LEGAL SERVICE,

                    Plaintiff,

        - and -

SHAWN SHORT,

                    Plaintiff-Intervenor,

        - against -

ELIOT SPITZER, in his official capacity as
Governor of the State of New York, ANDREW
CUOMO, in his official capacity as Attorney
General of the State of New York, MICHAEL
HOGAN, in his official capacity as
Commissioner of the New York State Office of
Mental Health, DIANA JONES RITTER, in her
official capacity as Commissioner of the New
York State Office of Mental Retardation and
Developmental Disabilities, and BRIAN FISCHER,
in his official capacity as Commissioner of
the New York State Department of Correctional
Services,

                    Defendants.

Docket Number
07-CV-2935
(GEL) (THK)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS INTERVENOR COMPLAINT AGAINST
DEFENDANTS SPITZER, RITTER, AND FISCHER**

ANDREW M. CUOMO
Attorney General of the State
 of New York
<u>Attorney for Defendants</u>
120 Broadway, 24th Floor
New York, New York 10271
Tel. No. (212) 416-8641

EDWARD J. CURTIS, JR.
BRUCE McHALE
Assistant Attorneys General
<u>of Counsel</u>

## TABLE OF CONTENTS

**<u>Page</u>**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 3

THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION
AGAINST DEFENDANTS SPITZER, RITTER OR FISCHER . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 5

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Defendants ELIOT SPITZER, Governor of the State of New York, DIANA JONES RITTER, Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities ("OMRDD"), and BRIAN FISCHER, Commissioner of the New York State Department of Correctional Services ("DOCS") (collectively "Defendants"), in support of their motion pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure ("FRCP") for an order dismissing so much of the Intervenor Complaint dated October 5, 2007 ("Intervenor Compl.") as is asserted against them.

## STATEMENT OF FACTS

Plaintiff-Intervenor SHAWN SHORT ("Intervenor"), formerly a parolee, is the subject of a petition brought by the Attorney General for the State of New York ("OAG") pursuant to Section 10.06 of the Mental Hygiene Law ("MHL") and pending in the Supreme Court of the State of New York for the County of Schuyler.[1] Intervenor Compl., ¶¶ 17-34. Upon the filing of an MHL 10.06 petition, the Supreme Court must conduct a hearing to determine whether there is probable cause to believe that the

---

[1] Defendants have previously filed with this Court a memorandum and statement containing more detailed information about Intervenor's claims. See Statement of Geoffrey B. Rossi dated August 19, 2007 (Document Number 25) and Defendants' Memorandum of Law in Opposition to Motions to Intervene, a Temporary Restraining Order, and to Proceed Anonymously dated August 27, 2007 (Document Number 26). In order to avoid needless repetition, Defendants are summarizing only those facts relevant to the instant motion.

respondent is a sex offender requiring civil management. MHL 10.06 (g). If, at the conclusion of the hearing, the court determines that there is probable cause to believe that the respondent is a sex offender requiring civil management, the court is to commit the respondent to a secure treatment facility operated by the New York State Office of Mental Health ("OMH"), from which he is not to be released until his MHL 10.07 jury trial is completed. MHL 10.06 (k). That trial is to be conducted within sixty days of the probable cause determination. MHL 10.07(a).

On August 8, 2007, Intervenor moved for permission to intervene in this action. He alleged that, if the MHL 10.06 hearing court determined that there was probable cause to believe that he was a sex offender requiring civil management, his constitutional rights would be violated by his placement in a secure treatment facility pending trial. Intervenor Compl., ¶¶ 36-41. On or shortly before September 20, 2007, this Court granted the motion. On October 5, 2007, Defendants were served with the Intervenor Complaint.[2]

---

[2] On October 31, 2007, the Honorable Elizabeth Garry of the Supreme Court of the State of New York for the County of Schuyler determined that there was probable cause to believe that the Intervenor is a sex offender in need of civil management.

2

## ARGUMENT

## THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS SPITZER, RITTER, AND FISCHER

Although Defendants Spitzer, Ritter, and Fischer are named in the caption of the Intervenor Complaint, no allegations are made against them. In fact, the Intervenor Complaint merely "adopts the allegations about Defendants made in the main complaint." Intervenor Compl., ¶ 5. None of the allegations made in the Intervenor Complaint could reasonably be read to suggest that the Governor, the Commissioner of OMRDD, or the Commissioner of DOCS are at all involved in the Intervenor's cause of action.

The Complaint's single mention of the Governor asserts that "[h]e is charged with the faithful execution of the laws of the state, including the statutory provisions here at issue," and is sued solely in his official capacity. Complaint dated April 12, 2007 ("Compl."), ¶ 41. There are no allegations that the Governor has or will have any involvement in the conduct which Intervenor contends effects a deprivation of federally protected rights, and indeed, the factual allegations describing the challenged statutory scheme affirmatively assert that he has no such involvement. See Warden v. Pataki, 35 F. Supp. 2d 354, 359 (S.D.N.Y. 1999), aff'd sub nom. Chan v. Pataki, 201 F.3d 430 (2d Cir. 1999) (Governor was not proper party to suit based duty to take care that the laws are faithfully executed.); Romeu v. Cohen, 121 F. Supp. 2d 264, 272 (S.D.N.Y. 2000), aff'd, 265 F.3d

3

118 (2d Cir. 2001) (same). "[W]here the legislative enactment
provides that entities other than the executive branch of the
state are responsible for implementation of the statute no claim
against the Governor lies." Wang v. Pataki, 164 F. Supp. 2d 406,
410 (S.D.N.Y. 2001); United States v. New York, 2007 U.S. Dist.
LEXIS 21722 at * 7 (N.D.N.Y. Mar. 27, 2007) (same).

     In the same way, the only claim against Defendant Ritter and
Defendant Fischer is that OMRDD and DOCS are responsible under
MHL 10.05 (b) for notifying OMH and OAG if a person who may be a
detained sex offender in their custody is nearing an anticipated
release. Intervenor does not allege that he has ever been in the
custody of the Commissioner of OMRDD and he was not in the
custody of the Commissioner of DOCS at the time the MHL 10.05 (b)
notice was sent to OMH and OAG. In order to maintain a Section
1983 suit for injunctive relief against a state officer
plaintiffs must show that the officer "acting in his official
capacity, had 'a direct connection to, or responsibility for, the
alleged illegal action.'" Cincotta v. New York City Human
Resources Admin., 2001 U.S. Dist. LEXIS 11457, at *28 (S.D.N.Y.
Aug.  9, 2001) (quoting Marshall v. Switzer, 900 F. Supp. 604,
615 (N.D.N.Y. 1995)(collecting cases). The allegations against
Defendants Ritter and Fischer do not ascribe to them, and the MHL
Article 10 statutory scheme does not assign to them, the direct
responsibility for the alleged unconstitutional conduct which is

4

required for Section 1983 liability.

The granting of this motion will not deny recourse to Intervenor, as his claims arise from the filing and prosecution by the Attorney General of the sex offender civil management petition and will remain pending against Andrew Cuomo in his official capacity as Attorney General.

Accordingly, the Complaint should be dismissed as against Governor Spitzer, Commissioner Ritter and Commissioner Fischer.

## CONCLUSION

For the foregoing reasons, so much of the Intervenor Complaint as is asserted against these Defendants should be dismissed.

Dated: New York, New York
        November 8, 2007

                                        ANDREW M. CUOMO
                                        Attorney General of the State
                                          of New York
                                        <u>Attorney for Defendants</u>
                                        By:
                                        _____
                                        EDWARD J. CURTIS, JR.
                                        Assistant Attorney General

EDWARD J. CURTIS, JR.
BRUCE McHALE
Assistant Attorneys General
<u>of Counsel</u>

5