UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MENTAL HYGIENE LEGAL SERVICE,

                Plaintiff,

       -and-

SHAWN SHORT,

            Plaintiff-Intervenor,

       -against-

ELIOT SPITZER, in his official capacity as Governor
of the State of New York, ANDREW CUOMO, in his
official capacity as Attorney General of the State of
New York, MICHAEL HOGAN, in his official capacity
as Commissioner of the New York state Office of Mental
Health, DIANA JONES RITTER, in her official capacity
as Commissioner of the New York State Office of
Mental Retardation and Developmental Disabilities, and
BRIAN FISCHER, in his official capacity as Commissioner
of the New York state Department of Correctional Services,

              Defendants.
_____

Docket Number
07-CV-2935 (GEL)
(THK)

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION
TO DISMISS THE INTERVENOR COMPLAINT AGAINST
DEFENDANTS SPITZER, RITTER AND FISHER**

MENTAL HYGIENE LEGAL SERVICE
THIRD JUDICIAL DEPARTMENT
SHEILA E. SHEA, Director
(Hollie S. Levine, Esq., of Counsel)
Attorney for Plaintiff - Intervenor
State Office Building
44 Hawley Street, Room 1602
Binghamton, New York 13905
Phone (607) 721-8440
FAX (607) 721-8447

To:    ANDREW CUOMO
Attorney General of the
Sate of New York
Attorney for Defendants
120 Broadway, 24th Floor
New York, New York 12071
Phone (212) 416-9641

MARVIN BERSTEIN
Director, Mental Hygiene Legal Service
First Judicial Department
( SADIE ZEA ISHEE, of Counsel)
41 Madison Avenue, 26th Floor
New York, New York 10010
Tel. 212-779-1734
Fac. 212-779-7899

SIDNEY HIRSCHFELD
Director, Mental Hygiene Legal Service
Second Judicial Department
( DENNIS B. FELD, of Counsel)
170 Old Country Road, Suite 500
Mineola, New York 11501
Tel. ( 516)-746-4373
Fac. (516)-746- 4372

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT...........................................................................................1

STATEMENT OF FACTS....................................................................................................1

ARGUMENT.........................................................................................................................3

    DEFENDANTS SPITZER, RITTER AND FISCHER
    ARE PROPER PARTIES TO THIS ACTION..............................................................3

CONCLUSION......................................................................................................................4

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*MHLS v. Spitzer,* Slip Op. 2007 WL 4115936..................................................1, 2

*Dreary v. Guardian Loan Co.,* 563 F Supp 264 (SDNY,1983)..........................3

*Ex parte Young,* 209 U.S. 123 (1908)................................................................4

**FEDERAL RULES OF CIVIL PROCEDURE**

*Rule 12 (b) (6)*....................................................................................................1

**MENTAL HYGIENE LAW**

*Article 10*....................................................................................................passim

*10.06 (k)*........................................................................................................2, 4

*10.03 (a)*...........................................................................................................4

PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Plaintiff - Intervenor SHAWN SHORT ("Intervenor") in opposition to the FRCP Rule 12 (b) (6) motion submitted on behalf of Defendants ELIOT SPITZER, Governor of the State of New York, DIANA JONES RITTER, Commissioner of the New York State Office of Developmental Disabilities ("OMRDD") and BRIAN FISCHER, Commissioner of the New York State Department of Correctional Services ("DOCS") ( collectively "Defendants" ) for an order dismissing so much of the Intervenor Complaint dated October 5, 2007 as is asserted against them.

The Defendants motion to dismiss was filed on November 8, 2007. On November 16, 2007, this Court issued an Opinion and Order, among other things, granting preliminary injunctive relief against all of the Defendants named in the main complaint and in the intervenor complaint, including Defendants SPITZER, RITTER and FISCHER. *MHLS v. Spitzer* ( Slip Op. 2007 WL 4115936 ).  As such, and as more fully stated below, SPITZER, RITTER and FISCHER are proper parties to the Intervenor Complaint and the Defendants' motion to dismiss should be denied.

STATEMENT OF FACTS

The Court's familiarity with the New York State Sex Offender Management and Treatment Act and Article 10 of the New York Mental Hygiene Law, as well as the facts as alleged in the Intervenor Complaint is assumed based upon the Court's November 16, 2007 Opinion and Order in *MHLS v. Spitzer* ( Slip Op. 2007 WL 4115936 ).

1

To summarize, the Intervenor Complaint challenges the constitutionality of Mental Hygiene Law 10.06 (k) which mandates the secure confinement of an article 10 respondent where the court finds probable cause to believe that the respondent has a "mental abnormality." This Court has now enjoined the use of 10.06 (k) " insofar as the section requires detention pending trial absent specific, individualized finding of probable cause to believe that a person is sufficiently dangerous to require confinement, and that lessor conditions of supervision will not suffice to protect the public during the pendency of the proceedings." ( decision, page 32).

The Intervenor is the subject of an Article 10 proceeding commenced by the Attorney General for the State of New York. which is currently pending in Supreme Court of the State of New York for the County of Schuyler. Justice Elizabeth A. Garry is presiding over the proceeding. Following the issuance of this Court's November 16, 2007 Opinion and Order, Justice Garry issued an order dated November 21, 2007 releasing the Intervenor from secure confinement pending trial, pursuant to conditions set by the Court. The November 21, 2007 order of Justice Garry is appended to the December 10, 2007 "Statement of Hollie S. Levine" which is filed in conjunction with this memorandum of law. [1]

---

[1] The Attorney General of the State of New York thereafter commenced a motion to vacate Justice Garry's November 21, 2007 release order and return the Intervenor to secure confinement. The State maintained, among other things, that the New York State Division of Parole could not be ordered to exercise supervision of the Intervenor pending trial, and that absent such supervision, the State has no adequate and less restrictive alternative other than to maintain the Intervenor in secure confinement pending trial. Justice Garry denied this relief on December 6, 2007, stating from the bench that the relief sought by the Attorney General's Office would serve to "eviscerate" the preliminary injunctive relief granted the Intervenor by this Court's November 16, 2007 Opinion and Order. It is expected that Justice Garry will sign an order formally denying the State's motion to return the Intervenor to secure confinement within the next few days ( see Statement of Hollie Levine dated December 10, 2007). The Executive Branch officers should remain parties if for no other reason to fulfill their role of coordinating services between the agencies as to services to be provided to Mr. Short pending trial.

2

ARGUMENT

DEFENDANTS SPITZER, RITTER AND FISCHER
ARE PROPER PARTIES TO THIS ACTION

The intervenor complaint adopts the allegations concerning the Defendants as are made in the main complaint ( Intervenor Complaint ¶ 5). In its pending motion, Defendants allege that the Governor Spitzer, and Commissioners Ritter and Fischer are not " at all involved in the Intervenor's cause of action" and therefore that the claims against them should be dismissed (Defendant's memorandum of law, page 3). Defendants have advanced similar arguments with respect to the claims asserted by the institutional plaintiffs ( MHLS 1st and 2nd ) in the main complaint. The Intervenor adopts the arguments previously advanced by the institutional plaintiffs in a Reply Memorandum filed with this Court on June 6, 2007, in support of his arguments that Defendants SPITZER, RITTER and FISCHER are properly named as defendants in the intervenor complaint.

More specifically, and as already noted by the institutional plaintiffs, Governor Spitzer's role in implementing article 10 goes beyond passive enforcement. As Governor, Defendant Spitzer directs and guides the actions and policy decisions of State agencies, including the Department of Correctional Services, and the Offices of Mental Health and Mental Retardation and Developmental Disabilities. In this capacity he is inextricably implicated in the State's interpretation and execution of article 10 ( *See, Dreary v. Guardian Loan Co.,* 563 F. Supp. 264 [S.D.N.Y. 1983] - a plaintiff challenging the constitutionality of a state statute need no name as defendants only the State officials responsible for ministerial acts in connection with enforcement of a statute ). As noted by the District court in *Dreary*, it would appear that the

3

effect of *Ex parte Young, 209 U.S. 123* (1908) is to permit a state officer to be named as a party defendant so long as such officer has 'some connection' with the enforcement of the statute in question...[T]he important and material fact is simply the existence of *some connection* with the enforcement of the act by virtue of the office held by the party defendant."

The fact that the Intervenor was not in the custody of DOCS at the time his case was referred to OMH for civil management ( the Division of Parole was the "agency with jurisdiction"), or that he has never been in the custody of OMRDD, does not defeat his facial constitutional challenge to the automatic commitment provision of MHL 10.06 (k) as against Defendants FISCHER AND RITTER. Defendants FISCHER and RITTER are the heads of State agencies with particular responsibilities under the challenged statute and are properly named as defendants in the intervenor complaint.

Specifically, Defendants FISCHER ( DOCS ) and RITTER ( OMRDD ) are each the head of an "agency with jurisdiction" under Article 10 and refer individuals for assessment as possible sex offenders in need of civil management. MHL 10.03 (a). Such individuals who are referred will then be subject to the challenged mandatory detention provisions of MHL 10.06 (k), should an Article 10 petition is filed.

## CONCLUSION

For the foregoing reasons, the motion of Defendants SPITZER, RITTER and FISCHER to dismiss the Intervenor Complaint as against them should be denied in its entirety.

DATED: December 10, 2007

                              MENTAL HYGIENE LEGAL SERVICE
                              THIRD JUDICIAL DEPARTMENT
                              SHEILA E. SHEA, Director
                              <u>Attorney for Plaintiff - Intervenor</u>

                              By:

                              _____s/_____
                              Hollie S. Levine, Esq.,
                              Associate Attorney
                              44 Hawley St. 16th floor
                              Binghamton, NY  13901
                              (607) 721-8440