Exhibit 2

PRESENT: Hon. Elizabeth A. Garry

STATE OF NEW YORK
SUPREME COURT : COUNTY OF SCHUYLER

_____

The People of the State of New York,

                     Petitioner,

    -against-

Shawn Short,
an individual under the supervision of
New York State Department of Parole,

                     Respondent,

_____

**ORDER TO SHOW CAUSE**

Index No. 2007-0341
RJI #2007-0134

      Upon the annexed Affirmation of Geoffrey V. Rossi, Assistant Attorney General, duly sworn to on the 30th day of November, 2007, and upon the record and all proceedings heretofore had herein, and it appearing that Respondent's sentence for the underlying conviction on May 6, 1992, for Rape in the First Degree and Sodomy in the First Degree having expired on June 10, 2007, and Petitioner asserting that the New York State Division of Parole no longer has authority to supervise Respondent in the community and that there is no provision under Article 10 by which Respondent may be placed on interim Strict and Intensive Supervision Treatment (SIST), and the Court having previously found probable cause that Respondent is a sex offender requiring civil management, and Petitioner asserting that Respondent is thus sufficiently dangerous, and that less intrusive conditions and detention cannot guarantee the safety of the community pending trial in the Article 10 matter, it is hereby

      **ORDERED**, that Respondent Shawn Short show cause at a term of the Supreme Court

for Schuyler County to be conducted at the **Chenango County Courthouse, West Park Place, Norwich, New York**, before the undersigned on the 6th day of **December, 2007 at 2:30** in the afternoon of that day or as soon thereafter as Counsel can be heard, for oral argument as to why an Order should not be issued and entered directing that Respondent be ordered to the custody of the New York State Office of Mental Health for confinement pending the trial of the Article 10 Petition, or in the alternative, that Respondent should be held in the Tioga County Jail pursuant to Correction Law Section 500-a(I)(e) and Mental Hygiene Law Section 10.06(k) pending the trial of the Article 10 Petition, and it is further

**ORDERED**, that the terms and conditions established by this Court's prior Order dated November 21, 2007, shall remain in full force and effect pending further order of this Court, and it is further

**ORDERED**, that service of this Order shall be made upon Counsel for Respondent, Mental Hygiene Legal Services, by fax on December 5, 2007.

Dated: December 4, 2007

Norwich, New York

ENTERED

_____
Hon. Elizabeth Garry
Supreme Court Justice

STATE OF NEW YORK
SUPREME COURT : COUNTY OF SCHUYLER

THE PEOPLE OF THE STATE OF NEW YORK,

              Petitioner,

    -against-

SHAWN SHORT,
an individual under the supervision of
New York State Division of Parole,

**_AFFIRMATION IN SUPPORT_
_OF ORDER TO SHOW CAUSE_**

Index No. 2007-0341
RJI No. 2007-0134

      GEOFFREY B. ROSSI, an attorney duly admitted to practice in the Courts of the State of New York, affirms, under penalty of perjury, the following:

      1.    I am an Assistant Attorney General acting of counsel to Andrew M. Cuomo, Attorney General of the State of New York, and attorney for the petitioner herein.

      2.    I submit this affirmation in support of the order to show cause filed in this matter on November 30, 2007. This affirmation is submitted upon information and belief, the source of my information and the grounds for my belief being a review of the documentation provided by the New York State Division of Parole, the New York State Department of Correctional Services, the New York State Office of Mental Health, and conversations I have had with employees of those State agencies.

      3.    Respondent, Shawn Short, was convicted on May 6, 1992 by jury verdict of Sodomy in the First Degree, a Class B violent felony, Rape in the First Degree, a Class B violent felony, and of acting in a manner injurious to a child, a Misdemeanor. He was sentenced to an indeterminate period of incarceration from 5 to 15 years in a New York State Correctional Facility. Respondent's conduct leading to the above convictions included Mr. Short having both vagina and anal intercourse with a 6 year old girl on one occasion between late May and June of 1991. Respondent was 17 years old at the time of his commission of these offenses.

      4.    Respondent was paroled on May 3, 2002. By August 14, 2002, he had been arrested on a parole warrant on the basis of 25 charges that were filed against him in a parole

revocation petition. The charges included respondent having contact with his then girlfriend's 3 year old boy on at least 11 occasions. One of the conditions of respondent's parole was that he have no contact with minor children. In addition, respondent was charged with behaving in a manner as to violate the provisions of the law in that he placed his mouth on the penis of a male child. While he was not found guilty of that charge, he was found guilty of 11 of the 25 charges including charges that he lied to his parole officers. These violations occurred after respondent had promised to abide by all of the conditions of his parole. It is worth noting that Shawn Short's conduct violating the conditions of his parole started as early as two months after being released to parole supervision.

5. On January 15, 2003, respondent's parole was revoked and he was sentenced to serve an additional 29 months in a New York State Correctional Facility.

6. On October 31, 2005, respondent was released to the supervision of the New York State Division of Parole.

7. On June 8, 2007, the State of New York filed and served an order to show cause and an Article 10 petition commencing the instant matter. The maximum expiration of respondent's sentence was June 10, 2007. Pursuant to Article 10 of the Mental Hygiene Law however, respondent's release from parole supervision was stayed by the filing of the order to show cause in this matter dated June 8, 2007.

8. On or about October 5, 2007 the New York State Division of Parole lodged a warrant for the arrest of respondent for violating the conditions of his parole. The violation of parole petition contains allegations that respondent violated the conditions of his parole as early as December, 2006. The violation of parole petition also contains numerous charges alleging contact between respondent and minor children on numerous occasions.

9. On October 30, 2007, a probable cause hearing on the State's Article 10 petition was conducted at the Schuyler County Courthouse. By written decision dated November 6, 2007, this Court found probable cause to believe that respondent suffers from the condition of Pedophilia and that this predisposes him to conduct constituting a sex offense. The

Court found sufficient evidence to support a finding of probable cause that respondent is a sex offender requiring civil management.

10. By an order dated November 19, 2007, this Court's previous order staying respondent's release from parole was rescinded pursuant to Mental Hygiene Law Article 10.06(k) and the New York State Division of Parole was also directed to withdraw the violation of parole petition that was lodged against respondent on October 5, 2007.

11. Pursuant to Mental Hygiene Law §10.06(k), after finding probable cause that Shawn Short is a sex offender requiring civil management, the Court ordered respondent to commitment to the Tioga County Jail for his civil commitment trial.

12. On April 12, 2007 Mental Hygiene Legal Services filed a declaratory judgment action attacking the constitutionality of certain provisions of the Sex Offender Management and Treatment Act, Article 10 of the New York Mental Hygiene Law, in the United States District Court, Southern District of New York. Shawn Short, the respondent in the instant matter, intervened in the matter and joined MHLS' motion. MHLS' motion in Federal Court, among the several provisions challenged by the motion filed by MHLS, and pertinent here, was the contention of MHLS that MHL §10.06(k) denies respondents in Article 10 proceedings equal protection of the laws guaranteed by the constitution.

13. In a written decision dated November 16, 2007, United States District Judge George E. Lynch, granted MHLS' motion for a preliminary injunction with respect to the challenged portion of MHL §10.06(k) insofar as it permits civil detention pending trial without an individualized finding of current dangerousness.

14. The Federal Courts decision is based, at least in part, upon its finding that, under the statutory scheme of Article 10, that "at least some individuals who fit in this broader category (Sex Offender Requiring Civil Management) will not be subject to detention, but only to parole or parole like conditions of supervision while at liberty in the community, even after a jury finding that they had been proven, by clear and convincing evidence, to be sex offenders in need of civil management."

15. In <u>MHLS v. Spitzer</u>, MHLS argued that Article 10.06(k) is unconstitutional in that it requires the detention pending trial of all respondents as to whom there is probable cause that they qualify as sex offenders requiring civil management, without an individualized judicial determination that they cannot safely be at liberty pending adjudication. The state responds that the finding of dangerousness is implicit in the probable cause determination required by MHL §10.06(k) in that the finding of probable cause to believe that the respondent suffers from a mental abnormality means that the respondent is pre-disposed to the commission of conduct constituting a sex offense and that results in that person having serious difficulty controlling such conduct. MHL §10.03(i). These arguments were offered in Federal Court in the context of a comparison made between criminally charged defendants who are incarcerated awaiting trial and respondents in Article 10 proceedings who are confined awaiting trial.

16. The Court states in its decision that "what is relevant to the pre-trial release decision is not merely a generalized notion that a person presents some degree of potential danger - if that were so, any person that there is probable cause to believe committed a crime of violence could be detained without more - but also a finding that the person is sufficiently dangerous that less intrusive conditions than detention cannot guarantee the safety of the community pending trial." This analysis by the Court ignores perhaps the most compelling element that distinguishes a person charged with a crime in criminal court from a respondent in an Article 10 action to whom there is probable cause that he is a sex offender requiring civil management. That is, that a respondent in an Article 10 action suffers from a "mental abnormality." That means that there is probable cause to believe that the person has a "congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct." MHL §10.03(i). Violent crimes under the Penal Law as defined by their elements have no equivalent to the term "mental abnormality" as defined under Article 10 of the Mental Hygiene Law, such that by virtue of a finding of probable cause that the crime has

been committed that there is a concurrent finding that the defendant is a high risk, due to a mental predisposition to commit the offense again.

17. The Court in MHLS v. Spitzer, correctly points out that under Article 10, at least some individuals who are found to be sex offenders requiring civil management, will not be subject to detention but to what the Court describes as parole or probation like conditions of supervision while at liberty in the community. However, MHL Article 10 makes no provision for the petitioner to impose a regimen of strict and intensive supervision and treatment upon respondent until after a jury has found, after trial, that respondent is a sex offender in need of civil management.

18. The respondent has passed the maximum expiration date of his sentence and he is no longer under parole supervision. Parole therefore has no legal authority to supervise the conditions of parole that existed while he was still serving his sentence, nor is there authority for parole to supervise any other conditions that may be imposed upon respondent by the Court. Executive Law 259-a-4; 9 NYCRR 8003.1(a).

19. The apparent standard announced by the Court in MHLS v. Spitzer, state that to confine the respondent, this Court must find that he is sufficiently dangerous, that less intrusive conditions than detention cannot guarantee the safety of the community pending trial. Given that the New York State Division of Parole has no legal authority at this point to supervise respondent pursuant to an individualized SIST program designed specifically to address respondent's mental health needs and recidivism tendencies, the State has no adequate less restrictive alternative than confinement of respondent in an OMH facility.

20. The State will do all that it can legally in assisting the Court to supervise respondent while he is in the community pending his trial. It is the position of the petitioner, that such supervision, if any, is incumbent upon the Court to devise and that under the circumstances, Mr. Short presents too high a risk given his poor record under parole supervision.

21. Supervision of Shawn Short less than post-trial SIST or confinement in an OMH

facility is inadequate for the class of mentally abnormal and likely to reoffend sex offenders of which Mr. Short is a part. Unfortunately, the aftermath of Judge Lynch's decision in the Federal matter (MHLS v. Eliot Spitzer), leaves the State without adequate means by which to supervise the respondent and thereby safeguard the community if the respondent remains at liberty.

WHEREFORE, petitioner, the State of New York, request the following relief:

A.  An order directing respondents confinement in an OMH facility, to be determined by the Commissioner of OMH, pursuant to Article 10.06(k);or in the alternative

B.  An order directing that respondent be held in the Tioga County Jail pursuant to Correction Law §500-a(I)(e) and Mental Hygiene Law §10.069k) pending completion of his commitment trial.

DATED:   Binghamton, New York
         November 30, 2007

                                ANDREW M. CUOMO
                                Attorney General of the
                                  State of New York
                                Attorney for Respondent
                                44 Hawley Street, 17th Fl.
                                Binghamton, New York 13901
                                Tel. (607) 721-8785

                                By: _____
                                    GEOFFREY B. ROSSI
                                    Assistant Attorney General

TO:  Hollie S. Levine, Esq.
     Mental Hygiene Legal Services
     44 Hawley Street, 16th Floor
     Binghamton, N.Y. 13901