# Exhibit 3

STATE OF NEW YORK
SUPREME COURT : COUNTY OF SCHUYLER

---

THE PEOPLE OF
THE STATE OF NEW YORK,
                              *Petitioner*,

-against-

SHAWN SHORT,
an individual under the supervision of
New York State Division of Parole,
                              *Respondent*,

for Commitment Under Article 10
of the Mental Hygiene Law

**AFFIRMATION IN OPPOSITION
TO MOTION TO VACATE ORDER**

Index No. 2007-0341
RJI #2007-0134

---

Hollie S. Levine, an attorney admitted to the practice of law in the Sate of New York affirms as follows:

1. I am an Associate Attorney on the staff of the Mental Hygiene Legal Service (MHLS) for the Third Judicial Department, Sheila E. Shea, Director.

2. The MHLS represents the respondent, Shawn Short, in the above captioned proceeding.

3. I submit this affirmation in opposition to the petitioner' motion to vacate the November 21, 2007, order of this Court that directed the release of respondent pending the trial of this matter.

4. Petitioner seek to vacate this Court's November 21, 2007, release order, asserting that this Court's prior finding of probable cause to believe that respondent has a "mental abnormality" constitutes a sufficient basis for respondent's involuntary secure confinement pending trial.

5. This Court's order directing respondent's release pending trial was issued in accordance with the November 16, 2007, decision and order of the United State's District Court in *MHLS and Short v. Spitzer, et al*, 2007 WL 4115936 (SDNY).

6. The Federal District Court enjoined the use of MHL §10.06(k) to confine respondent Short and other article 10 respondents pending trial "absent a specific, individualized finding of probable cause to believe that a person is sufficiently dangerous to require confinement, and that lesser conditions of supervision will not suffice to protect the public during pendency of the proceedings." (2007 WL 4115936, at p. 16).

7. Following the issuance of the Federal Court's decision and order, this Court applied the standard enunciated by the Federal Court and determined that there were not sufficient grounds to confine respondent pending trial.

8. The Federal District Court considered and expressly rejected petitioner's contention in the within motion that a probable cause finding of "mental abnormality" per se constitutes a sufficient predicate for the secure confinement of an article 10 respondent pending trial (2007 WL 4115936, at pp 12-15).

9. Respondent was granted leave to intervene and is a named plaintiff in *MHLS and Short v Spitzer, et al*, and petitioner and the other State defendants are bound by the Federal Court's determination in his favor in that case.

10. The State has not appealed or secured a stay pending appeal from the United States District Court's November 19, 2007, decision and order, and the New York Supreme Court cannot sit in review of or interfere in the enforcement of that judgment with respect to the plaintiffs and defendants in that proceeding.

11. When this Court decided that respondent should be released pending trial, petitioner (the New York State Attorney General) took the position that respondent should be supervised by the Division of Parole, pending trial.

12. Petitioner now seeks to vacate this Court's ensuing release order, asserting that the Court acted improperly in directing respondent to "report daily by telephone to the Division of Parole and [to] make arrangements to report in person no later than November 29, 2007."

13. Petitioner now maintains that the Court's November 21, 2007, release order should be vacated because the Division of Parole has no legal authority to supervise respondent pending trial, and that the Federal District Court's decision "leaves the State without adequate means to supervise the respondent and thereby safeguard the community if the respondent remains at liberty" (Rossi affirmation, ¶¶ 18, 19).

14. Petitioner misstates the import and effect of the Court's November 21, 2007, order. The Court did not order the Division of Parole to supervise respondent in the community. The order directs *respondent* to:

1) reside at his mothers residence;
2) consume no alcohol or drugs;
3) honor a 7:00 PM to 7:00 AM daily curfew;
4) have no contact with minor children;
5) not remain within 500 feet of places where children are gathered;
6) report daily by telephone to the Division of Parole and in person no later than November

29, 2007.

15. This Court did not exceed its jurisdiction in directing respondent to report to the Division of Parole. Notwithstanding petitioner's suggestion to the contrary, the Court's November 21, 2007, Order does not impose any affirmative duties or responsibilities upon the Division of Parole.

16. Under the terms of the Court's order as it now stands, the petitioner and the various agencies of the State of New York are free to monitor or to not monitor respondent's compliance with the Court's order, *as they deem appropriate.*

17. Assuming that the Division of Parole lacks jurisdiction to do so, petitioner and the State of New York otherwise have the means and resources at its disposal to surveil and monitor respondent's compliance with the conditions established by this Court.

18. Petitioner has investigators on its staff who can surveil and monitor respondent, for compliance with conditions 1-5 of the Court's order, as do the New York State Police. The State can also seek the assistance of local law enforcement in that regard.

19. The New York State Office of Mental Health (OMH) also has the authority to provide necessary services to petitioner in the community, pending the trial of this matter.

20. OMH is charged with the duty of "seeing that mentally ill persons are provided with care and treatment, that such care, treatment and rehabilitation is of high quality and effectiveness" (MHL §7.07[c]). The OMH Commissioner is required "to plan, promote, establish, develop coordinate, evaluate and conduct programs and services of . . . examination, care, treatment rehabilitation, training and research for the benefit of the mentally ill." (MHL 7.15[a]. Such programs must include outpatient services. *(id)*

21. OMH directly operates and funds community based services, including case management services, throughout the State of New York. Upon information and belief more than 37,000 persons throughout the state of New York receive outpatient services directly from OMH.

22. Many thousands more receive community services via unified services plans developed by OMH in conjunction with County Mental Health Departments and local service providers that are licensed and overseen by OMH.

23. The petition in this matter alleges that respondent suffers from a mental abnormality. The report of Dr. Berryman, a psychologist employed by OMH asserts that "respondent meets the DSM IV diagnostic criteria for the following mental disorder: Axis I Pedophilia." Pedophilia is a mental illness within the meaning of the Mental Hygiene Law (see MHL §1.03[20]).

24. Given the State's posture that respondent is mentally ill but that the Division of Parole lacks the statutory to receive the required daily call from respondent, respondent would not object to the modification of condition #6 of the Court's November 21, 2007 Order to substitute the "Office of Mental Health or such other person or entity designated by the petitioner" as the entity to which

respondent must report by telephone on a daily basis.

25.    Should it be petitioner's position that this Court should otherwise expand or modify the conditions set forth in this Court's November 21, 2007 order, respondent respectfully requests notice and an opportunity to be heard with respect to the specific conditions sought by respondent.

WHEREFORE, respondent respectfully requests that petitioner's motion to vacate this Court's November 21, 2007 order be denied.

Dated: December 5, 2007

SHEILA E. SHEA, Director
Mental Hygiene Legal Service, Third Department

By: *[signature]*

Hollie S. Levine
Associate MHLS Attorney
44 Hawley Street - Room 1602
Binghamton, New York  13901
(607) 721-8440