UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MENTAL HYGIENE LEGAL SERVICE and SHAWN SHORT,<br><br>               Plaintiffs,<br><br>- against -<br><br>ELIOT SPITZER, in his official capacity as Governor of the State of New York, ANDREW CUOMO, in his official capacity as Attorney General of the State of New York, MICHAEL HOGAN, in his official capacity as Commissioner of the New York State Office of Mental Health, DIANA JONES RITTER, in her official capacity as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, and BRIAN FISCHER, in his official capacity as Commissioner of the New York State Department of Correctional Services,<br><br>               Defendants. | Docket Number 07-CV-2935 (GEL) (THK) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS INTERVENOR COMPLAINT AGAINST DEFENDANTS SPITZER, RITTER, AND FISCHER**

                                            ANDREW M. CUOMO
                                            Attorney General of the State
                                             of New York
                                            <u>Attorney for Defendants</u>
                                            120 Broadway, 24th Floor
                                            New York, New York 10271
                                            Tel. No. (212) 416-8641

                                            December 17, 2007

EDWARD J. CURTIS, JR.
BRUCE McHALE
Assistant Attorneys General
<u>of Counsel</u>

**TABLE OF CONTENTS**

<u>**Page**</u>

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

INTERVENOR OFFERS NO FACTUAL OR LEGAL BASIS SUPPORTING HIS CLAIM
AGAINST DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**PRELIMINARY STATEMENT**

This memorandum of law is submitted on behalf of Defendants ELIOT SPITZER, Governor of the State of New York, DIANA JONES RITTER, Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities ("OMRDD"), and BRIAN FISCHER, Commissioner of the New York State Department of Correctional Services ("DOCS") (collectively "Defendants"), in support of their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") for an order dismissing so much of the Intervenor Complaint dated October 5, 2007 ("Intervenor Compl.") as is asserted against them. Plaintiff-Intervenor ("Intervenor") challenges certain aspects of New York State's "Sex Offender Management and Treatment Act" ("SOMTA") codified at, <u>inter alia</u>, Article 10 of the New York State Mental Hygiene Law ("MHL").

**ARGUMENT**

**INTERVENOR OFFERS NO FACTUAL OR LEGAL BASIS SUPPORTING HIS CLAIM AGAINST DEFENDANTS**

In response to Defendants' motion, Intervenor states no facts and offers no legal basis to support the Intervenor Complaint. Intervenor states that on November 21, 2007, the State court judge hearing the MHL Article 10 proceeding released him pending trial. Intervenor's Mem. at 2. Apparently, however, Intervenor is not satisfied with the expiration of his supervision by the New York State Division of Parole or with his release from confinement. Instead, he argues that "[t]he

Executive Branch officers should remain parties if for no other reason to fulfill their role of coordinating services between the agencies as to the services to be provided to [Intervenor] pending trial." Id. Intervenor does not explain why the State court judge needs this Court's assistance in directing Intervenor's release or in arranging for such supervision of Intervenor as the State court can order. Nor does Intervenor explain how, in the absence of statutory authority, Defendant Spitzer can "coordinate" services of New York State agencies that have no authority or jurisdiction over Intervenor. Finally, Intervenor does not explain what services he believes can be offered to him by the Commissioner of OMRDD or the Commissioner of DOCS.

To support his claim against Defendants, Intervenor refers to one case, Dreary v. Guardian Loan Co. (563 F. Supp. 264 (S.D.N.Y. 1983)), which he argues "permit[s] a state officer to be named as a party defendant as long as such officer has 'some connection' with the enforcement of the statute in question ...." Intervenor's Mem. at 4. In fact, in Dreary, the Court noted that in Rizzo v. Goode (423 U.S. 362, 376 (1976)) the United States Supreme Court dismissed claims against "the Mayor, the City Managing Director and the Police Commissioner because there was no 'showing of direct responsibility' on the part of the named defendants for the improper conduct of the police officers in

2

question." 563 F. Supp. at 266. In Dreary, by contrast, the defendants, who were the Chief Judge, another judge, and the Superintendent of Banks, were alleged to have "have authorized and approved the challenged actions." Id. at 266-67.

As in Dreary, here there is no showing that Defendants authorized or approved any action against Intervenor. MHL Article 10 places that responsibility with the Attorney General, see MHL 10.06 (a), and, arguably, with the Commissioner of the New York State Office of Mental Health ("OMH"), who would supervise the secure facility in which Intervenor is to be confined, see MHL 10.06 (k), 10.03 (o). Under SOMTA, Defendant Spitzer does not authorize or approve proceedings against individuals, and there is no allegation in the Intervenor Complaint that Defendants Ritter and Fischer had any involvement in the action against Intervenor. To continue defendants Spizter, Ritter and Fischer as defendants herein is to effectively hold that the Governor of New York and these agency heads are proper defendants in every case presented under SOMTA, regardless of the fact that they have no direct involvement, or any contact whatsoever, with any individual respondent, and that their presence is not necessary to effect the relief sought by intervenor plaintiff or any other SOMTA respondent. For these reasons, the Intervenor Complaint fails to state a claim against these Defendants.

**CONCLUSION**

For the foregoing reasons, so much of the Intervenor Complaint as is asserted against Defendant Spitzer, Ritter, and Fischer should be dismissed.

Dated: New York, New York
       December 17, 2007

                                        ANDREW M. CUOMO
                                        Attorney General of the State
                                         of New York
                                        <u>Attorney for Defendants</u>
                                        By:
                                        _____
                                        EDWARD J. CURTIS, JR.
                                        Assistant Attorney General

EDWARD J. CURTIS, JR.
BRUCE McHALE
Assistant Attorneys General
<u>of Counsel</u>