UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
MENTAL HYGIENE LEGAL SERVICE and     :
SHAWN SHORT,                         :
:
Plaintiffs,      :
:
-v.-                        :
:
ELLIOT SPITZER, ANDREW CUOMO,        :
MICHAEL HOGAN, DIANA JONES RITTER,   :
and BRIAN FISCHER,                   :
:
Defendants.      :
:
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/07

07 Civ. 2935 (GEL)

**ORDER**

GERARD E. LYNCH, District Judge:

Defendants Elliot Spitzer, Governor of the State of New York, Diana Jones Ritter,

Commissioner of the New York State Office of Mental Retardation and Developmental

Disabilities, and Brian Fischer, Commissioner of the New York State Department of

Correctional Services, move for dismissal of the complaint of intervenor-plaintiff Shawn Short

as to them. The motion will be granted.

Defendants correctly point out that the intervenor-plaintiff's complaint makes no

reference to any action taken by any of these officials against him. The proceedings brought

against him under Article 10 of the Mental Hygiene Law are brought by New York State's

Attorney General, Andrew M. Cuomo, on behalf of the State's Office of Mental Health, whose

commissioner is Michael Hogan. Messrs. Cuomo and Hogan are both defendants named in the

complaint and any relief to which intervenor-plaintiff may be entitled may be fulfilled through

their participation.

Intervenor-plaintiff argues that defendants' current motion to dismiss should be denied because (i) defendants are named in the complaint of plaintiff Mental Hygiene Legal Service ("MHLS"), (ii) preliminary relief was awarded against them despite an argument that MHLS's complaint against them should be dismissed, and (iii) the intervenor-plaintiff adopts the arguments advanced by MHLS to rebut defendants' arguments that MHLS's complaint should be dismissed as to them. That argument fails for two reasons. First, although Spitzer, Ritter, and Fischer argued in their opening brief that MHLS's complaint should be dismissed as against them, they did not respond in their reply brief or at oral argument to MHLS's specific responses to those arguments. The Court deemed the argument abandoned and did not address it in ruling on the motion to dismiss and motion for preliminary relief. See, e.g., United States ex rel. Winslow v. PepsiCo, Inc., No. 05 Civ. 9274, 2007 WL 1584197, at *7 n.4 (S.D.N.Y. May 31, 2007); Matsumura v. Benihana Nat. Corp., No. 06 Civ. 7609, 2007 WL 1489758, at *2 n.2 (S.D.N.Y. May 21, 2007); Dichiara v. Ample Faith Invs. Ltd., No. 06 Civ. 3838, 2006 WL 3431197, at *8 n.10 (S.D.N.Y. Nov. 29, 2006); Watson v. Delgado, No. 05 Civ. 6071, 2006 WL 1716869, at *8 n.112 (S.D.N.Y. June 20, 2006); Ayyash v. Bank Al-Madina, No. 04 Civ. 9201, 2006 WL 587342, at *5 n.6 (S.D.N.Y. March 9, 2006); Affymetrix, Inc. v. PE Corp., 219 F. Supp. 2d 390, 398 n.12 (S.D.N.Y. 2002); Levy v. Bessmer Trust Co., N.A., No. 97 Civ. 1785, 2000 WL 1300402, at *2 (S.D.N.Y. Sep. 14, 2000); see also Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc., 417 F. Supp. 2d 341, 394 n.94 (S.D.N.Y. 2006); Network Enters., Inc. v. APBA Offshore Prods., Inc., No. 01 Civ. 11765, 2006 WL 2707335, at *3 (S.D.N.Y. Sep. 20, 2006).

Second, and more importantly, MHLS's complaint seeks broad relief against the enforcement of the statutory scheme, in which all the moving defendants play a role.

Intervenor-plaintiff's situation is distinguishable, as he seeks relief only as to his own situation. Whether or not the Governor, Commissioner of Correctional Services, or Commissioner of the Office of Mental Retardation and Developmental Disabilities can play a role in the enforcement of Article 10's provisions in some cases, intervenor-plaintiff's complaint alleges no fact, expressly or by implication, supporting the conclusion that these officials played or play any role in his case.

Finally, defendants point out that insofar as intervenor-plaintiff seeks relief as to his particular case, his participation in this action is unnecessary. Unlike the many potential respondents in statutory proceedings for whom plaintiff MHLS speaks in seeking relief against what they contend is a statute in certain respects unconstitutional on its face, intervenor-plaintiff is a respondent in actual proceedings. Any argument he has can be advanced in those proceedings, which have already resulted in a decision in the State Court fully consistent with the Opinion and Order of this Court. Moreover, in that proceeding intervenor-plaintiff can address issues unique to the constitutionality of the statute as applied to his own situation and can address questions of state law that are not part of the present case. It is thus reasonable to ask what purpose his participation in this litigation serves and whether the same principles that require federal courts to abstain in favor of on-going criminal proceedings, see Younger v. Harris, 401 U.S. 37, 43 (1971), also apply here, where plaintiffs contend that the proceedings are in other respects analogous to criminal actions.

It is unnecessary to address this issue further as it is essentially irrelevant to the specific relief sought by the moving defendants. The issue may well be raised in some manner at some point in this litigation as it progresses. In the meantime, however, intervenor-plaintiff may well

wish to reconsider whether any purpose is served by his continued participation in this action

now that the dust has settled a bit on the matters that led to his motion to intervene.

SO ORDERED.

Dated: New York, New York
        December 20, 2007

GERARD E. LYNCH
United States District Judge