UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MENTAL HYGIENE LEGAL SERVICE,

Plaintiff,

- against -

ELIOT SPITZER, in his official capacity as Governor of
the State of New York, ANDREW CUOMO, in his
official capacity as Attorney General of the State of New
York, MICHAEL HOGAN, in his official capacity as
Commissioner of the New York State Office of Mental
Health, DIANA JONES RITTER, in her official capacity
as Commissioner of the New York State Office of Mental
Retardation and Developmental Disabilities, and BRIAN
FISCHER, in his official capacity as Commissioner of the
New York State Department of Correctional Services,

Defendants.

Docket Number 07-CV-2935
(GEL) (AJP)

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS IN FAVOR OF DEFENDANTS SPITZER AND FISCHER

ANDREW M. CUOMO
Attorney General of the
State of New York
*Attorney for the Defendants*
120 Broadway
New York, New York 10271
(212) 416-8567

JOSHUA PEPPER
EDWARD CURTIS, JR.
Assistant Attorneys General
*Of Counsel*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST
      DEFENDANT SPITZER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   THE COMPLAINT FAILS TO STATE A CLAIM AGAINST
      DEFENDANT FISCHER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

i

**PRELIMINARY STATEMENT**

This memorandum of law is submitted on behalf of Defendants ELIOT SPITZER,

Governor of the State of New York ("the Governor") and BRIAN FISCHER, Commissioner of

the New York State Department of Correctional Services ("Commissioner" or "DOCS") in

support of their motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP")

for a judgment dismissing so much of the Complaint dated April 12, 2007 ("Complaint") as is

asserted against them.  Plaintiff Mental Hygiene Legal Services ("MHLS") is seeking to

challenge certain aspects of New York State's Sex Offender Management and Treatment Act

("SOMTA" or "the Act").  Defendants Spitzer and Fischer, whom Plaintiffs are suing in their

official capacities only, play no role in the enforcement of the acts that Plaintiff alleges are

unconstitutional.[1]

**STATEMENT OF FACTS**

On March 14, 2007, Governor Eliot Spitzer signed the Sex Offender Management and

Treatment Act.  The Act designs a system to evaluate detained sex offenders nearing completion

of their incarceration or other confinement to determine their need for management or treatment.

SOMTA affects sex offenders detained by DOCS, the Office of Mental Health ("OMH"), or the

Office of Mental Retardation and Developmental Disabilities ("OMRDD").  MHL 10.03(a), (g).

SOMTA also affects sex offenders supervised by the Division of Parole ("Parole").  MHL

10.03(a), (g).

When it appears to DOCS, OMH, or OMRDD that a sex offender may be nearing release

---

[1]In its Order dated December 20, 2007, dismissing Defendants Spitzer, Fischer, and Ritter from the Intervenor Complaint, this Court explained that it deemed Defendants' arguments abandoned with respect to the issues presented in this Motion and thus did not rule on these issues.  Defendants did not intend to abandon its arguments and should not be precluded from making these arguments in the instant Motion.

from its care or custody, the agency must give notice of that fact to the Commissioner of OMH

and to the Office of the Attorney General ("OAG").  MHL 10.05(b).  When a sex offender is

nearing termination of supervision from Parole, Parole may give similar notice to OMH and

OAG.  *Id.*  Such notice includes a description of the acts constituting the sex offense, the

person's criminal history, his most recent sentence and supervisory terms, available information

regarding the particular sex offense, the person's institutional history, and any information in a

sex offender treatment program.  MHL 10.05(c).

In such a case, a multi-disciplinary staff conducts a preliminary review of relevant

records.  MHL 10.05(d).  If the multi-disciplinary staff should determine that the individual may

be a sex offender requiring civil management, the staff refers the case to a Case Review Team

("CRT").  *Id.*  The CRT reviews the records and may arrange for a psychiatric examination of the

person.  MHL 10.05(e).  If the CRT finds that the person may be a sex offender requiring civil

management, it must notify the person and OAG in writing.  MHL 10.05(g).  OAG may then file

a securing petition or a  sex offender civil management petition.  MHL 10.06(a), (f).  If the OAG

does so, the process enters the court system.  MHL 10.06, 10.07.

## ARGUMENT

**I.     THE COMPLAINT DOES NOT STATE A CLAIM AGAINST DEFENDANT
        SPITZER.**

A state official's duty to execute the laws, without more, does not make that official a

proper party in a lawsuit challenging the constitutionality of the statute.  *Warden v. Pataki,* 35 F.

Supp.2d 354, 359 (S.D.N.Y. 1999), *aff'd sub nom. Chan v. Pataki,* 201 F.3d 430 (2d Cir. 1999).

Rather, the official may be made a party only when that official "plays some role in the

enforcement of the act." *Romeu v. Cohen,* 121 F. Supp.2d 264, 272 (S.D.N.Y. 2000), *aff'd,* 265 F.3d 118 (2d Cir. 2001).  Here, the Complaint makes no allegations against Defendant Spitzer except that he "is charged with the faithful execution of the laws of the state, including the statutory provisions here at issue" and is sued in his official capacity.  Compl. ¶ 41.  The Complaint makes no allegations that the Governor plays any role in the enforcement of SOMTA or otherwise engages in any conduct that would deprive anyone of federally protected rights.

The allegations of the Complaint and the statute at issue makes clear that all of the conduct at issue lies within the purview of OMH, OMRDD, the OAG, and the court system.  *See generally* MHL Article 10.  The Governor makes no determination as to which offenders may require civil management and plays no part in the subsequent procedure for continuing detention or other civil management of these offenders.  Only the OAG may file a securing petition or a civil-management petition.  MHL 10.06(a), (f).  To the extent that any policy or interpretation of Article 10 may guide the OAG's determination, that determination belongs to the Attorney General, not to the Governor.  Thus, no claim can lie against the Governor.  *See also Wang v. Pataki,* 164 F. Supp.2d 406, 410 (S.D.N.Y. 2001) (holding that no claim could lie against the Governor where other entities bore responsibility for implementation of statute); *United States v. New York,* 2007 WL 951576, at *3 (N.D.N.Y. March 27, 2007) (same).

## II.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT FISCHER.

In order to maintain a suit against a state official acting in his official capacity, a plaintiff must show that the officer "acting in his official capacity had 'a direct connection to, or responsibility for, the alleged illegal action.'"  *Cincotta v. New York City Human Resources*

*Admin.,* 2001 WL 897176, at \*9 n.7 (quoting *Marshall v. Switzer,* 900 F. Supp. 604, 615

(N.D.N.Y. 1995)). Against Defendant Fischer, Plaintiff alleges only that he is the Commissioner

of DOCS and that "DOCS is an 'agency with jurisdiction' charged with identifying persons as

'detained sex offenders' subject to the Act, including those never convicted of a sex offense."

Compl. ¶¶ 51-53.  This identification, of course, applies only to provide notice to the OAG of the

anticipated release of these sex offenders.  Plaintiffs makes no allegation that the simple act of

identifying those sex offenders for whom notice is required and then notifying the OAG of the

pending release of those individuals constitutes an illegal act.

Plaintiffs challenge seven provisions of SOMTA: §§ 10.05(e), 10.06(j), 10.06(k),

10.07(c), 10.07(d), 10.08(a), and 10.08(g).  Compl. ¶¶ 54-87.  Section 10.05(e), the assemblage

of the CRT, falls within the purview of OMH.  MHL § 10.05(a).  Section 10.06(j), which

precludes re-litigation of the sex offender's guilt at the probable-cause hearing, applies to the

courts.  MHL 10.06(j).  Section 10.06(k), which governs the court's disposition of a case after the

probable-cause hearing, similarly applies to the courts.  MHL 10.06(k).  Section 10.07(c) and (d),

which govern rules of evidence and burden of proof at trial, also apply to the courts.  MHL

10.07(c), (d).  Sections 10.08(a) and (g), which govern the admissibility of certain evidence and

consequences of the sex offender's cooperation, apply to the OAG and to the courts.  MHL

10.08(a), (g).  None of these provisions apply to DOCS.  Consequently, Defendant Fischer has no

responsibility to enforce any of the challenged provisions by virtue of his office and plays no role

in the allegedly unconstitutional acts.  Defendant Fischer should therefore be dismissed.

## CONCLUSION

Neither Defendant Spitzer nor Defendant Fischer plays any role in the allegedly

unconstitutional acts that Plaintiff is challenging.  Consequently, they are entitled to judgment in

their favor on the pleadings.


Dated:  New York, New York
        January 8, 2008

                                        ANDREW M. CUOMO
                                        Attorney General of the State of New York
                                        *Attorney for Defendants*

                            By:     /s/ Joshua Pepper
                                        JOSHUA PEPPER
                                        Assistant Attorney General


JOSHUA PEPPER
EDWARD CURTIS, JR.
Assistant Attorneys General
*Of Counsel*