UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
:
MENTAL HYGIENE LEGAL SERVICE, :
:
        Plaintiff, :
    -v.- :
:
ELIOT SPITZER, in his official capacity as : Docket No. 07-CV-2935 (GEL)
Governor of the State of New York, :
ANDREW CUOMO, in his official capacity as :
Attorney General of the State of New York, :
MICHAEL HOGAN, in his official capacity :
as Commissioner of the New York State Office :
of Mental Health, DIANA JONES RITTER, in her :
official capacity as Commissioner of the New York :
State Office of Mental Retardation and :
Developmental Disabilities, and BRIAN FISCHER, :
in his official capacity as Commissioner of the New :
York State Department of Corrections Services, :
:
        Defendants. :
:
----------------------------------------------------------------X

MEMORANDUM OF LAW
IN OPPOSITION TO MOTION
FOR JUDGMENT ON THE PLEADINGS
AS TO DEFENDANTS SPITZER AND FISCHER

                                              MARVIN BERNSTEIN, Director
                                              Mental Hygiene Legal Service, First Department
                                              SIDNEY HIRSCHFELD, Director
                                              Mental Hygiene Legal Service, Second Department
                                              <u>Attorneys for Plaintiff</u>
                                              41 Madison Avenue, 26th Floor
                                              New York, New York 10010
                                              Phone:  (212) 779-1734

                                              January 18, 2008

SADIE ZEA ISHEE
DENNIS B. FELD
    <u>Of Counsel</u>

## TABLE OF CONTENTS

## TABLE OF CONTENTS

Preliminary Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      **I.  Defendants have waived their objections to the issues presented here.**. . . . . . . . . . 2

      **II.  Commissioner Fischer is directly involved in implementing the challenged statutory provisions.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      **III.  Governor Spitzer is an appropriate defendant in this action.**. . . . . . . . . . . . . . . . 5

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**TABLE OF AUTHORITIES**

CASES

*Assoc. of American Medical Colleges v. Carey*, 482 F. Supp.1358 (N.D.N.Y. 1980) . . . . . . . . . 5

*Austin v. Ford Models, Inc.*, 149 F.3d 148 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Ex Parte Young*, 209 U.S. 123 (1908). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8

*Federal National Mortgage Assoc. v. Lefkowitz*, 383 F. Supp. 1294 (S.D.N.Y. 1974). . . . . . . 5, 6

*Johnson v. Rockefeller*, 58 F.R.D. 42 (S.D.N.Y. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Marshall v. Switzer*, 900 F. Supp. 604 (N.D.N.Y. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Mendez v. Heller*, 530 F.2d 457 (2d. Cir. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Romeu v. Cohen,* 121 F.Supp.2d 264 (S.D.N.Y. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Socialist Workers Party v. Rockefeller*, 314 F.Supp. 984 (S.D.N.Y. 1970) . . . . . . . . . . . . . . 6, 7

*State ex rel. Harkavy v. Consilvio*, 809 N.Y.S.2d 836 (Sup. Ct., New York County 2005). . . . 7, 8

*Swierkeiwicz v. Sorama N.A.*, 534 U.S. 506 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States ex rel. Winslow v. PepsiCo, Inc.*, No. 05 Civ. 9274, 2007 WL 1584197 (S.D.N.Y. May 31, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Warden v. Pataki*, 35 F.Supp.2d 354 (S.D.N.Y. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**STATUTES**

Fed. R. Civ. P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

N.Y. Mental Hygiene L. 10.05 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

N.Y. Mental Hygiene L. 10.06 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

N.Y. Mental Hygiene L. 10.07 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

N.Y. Const. Art. 4 § 3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

N.Y. Exec. L. § 63 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

N.Y. Exec. L. § 71. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Preliminary Statement**

This memorandum of law is submitted by Plaintiff Mental Hygiene Legal Service (MHLS) in opposition to the motion for judgment on the pleadings filed on January 8, 2008 by Defendants Eliot Spitzer, Governor of the State of New York, and Brian Fischer, Commissioner of the New York State Department of Correctional Services (DOCS). The underlying action challenges the constitutionality of certain aspects of New York's Sex Offender Management and Treatment Act (SOMTA). The motion should be denied because the same arguments were previously raised and abandoned by these defendants in prior proceedings in this matter, and so should be deemed waived. In any event, however, the motion is without merit because defendants Spitzer and Fischer are integrally involved in the challenged provisions of the Act.

**Statement of Facts**

SOMTA was signed into law by Governor Spitzer on March 14, 2007, and took effect 30 days later, on April 13, 2007. Plaintiff MHLS filed its complaint on Friday, April 12, 2007, one day before the law took effect, and filed a motion for a preliminary injunction 4 days later. Following this Court's Opinion and Order of November 16, 2007, which dismissed so much of Plaintiff's complaint as challenged N.Y. Mental Hygiene Law (MHL) 10.06 (j) (iii), five provisions of the statute remain at issue:

- MHL 10.06 (f), which authorizes the Attorney General to file a "securing petition," which can be used to prevent an individual's release from custody of DOCS or of the Office of Mental Health (OMH) or the Office of Mental Retardation and Developmental Disabilities (OMRDD), without notice or an opportunity for review;

-MHL 10.06 (k), which requires mandatory pretrial detention following a probable cause

hearing, without an individualized finding that the person is currently dangerous;

- MHL 10.07 (d), which authorizes civil commitment for persons who were found incompetent to stand trial for the criminal acts charged and were never convicted of any offense, without proof beyond a reasonable doubt of that the person in fact committed the underlying criminal offense;

-MHL 10.07 (c), which authorizes civil commitment for persons who were convicted of non-sex offenses that are now deemed to have involved a "sexual motivation," without proof beyond a reasonable doubt of that "sexual motivation;" and

-MHL 10.05 (e), which authorizes pre-hearing psychiatric exams of persons who may be subject to the Act, to be conducted in DOCS, OMH, or OMRDD facilities, possibly by facility employees, without adequate notice to the persons being examined and without the presence of counsel.

## Argument

**I. Defendants have waived their objections to the issues presented here.**

In this motion, defendants argue that Governor Spitzer and Commissioner Fischer lack the necessary degree of personal involvement in the challenged provisions of the statute, so that suit cannot properly lie against them. Def. Mem. at 2-5. Defendants first raised this issue in their motion to dismiss pursuant to Fed. R. Civ. P. 12 (b) (6) filed on May 16, 2007 (Docket Docs. # 9 & 12). Plaintiff opposed the motion, including responding to these arguments, in its submission of June 6th, 2007 (Docket Doc. # 16). Yet in its reply memorandum of law (Docket Doc. # 17) and at oral argument on the pending motions (Docket Doc. # 35), defendants made no

mention of its claim that defendants Spitzer and Fischer should be excluded from the case.[1]

Defendants Spitzer and Fischer (along with co-defendant Diana Jones Ritter) subsequently made a motion to dismiss the complaint of intervenor-plaintiff Shawn Short on the ground that they were not personally involved in any of the actions alleged therein. In ruling in defendants' favor on that motion, this Court made explicit that it had "deemed that argument abandoned" with respect to plaintiff MHLS. December 20, 2007 Opinion and Order (Docket Doc. # 46) at 2. This Court explained that the argument was deemed abandoned because "although Spitzer, Ritter, and Fischer argued in their opening brief that MHLS's complaint should be dismissed as against them, they did not respond in their reply brief or at oral argument to MHLS's specific responses to those arguments." *Id.* This Court cited numerous cases in support of the proposition that an argument is deemed abandoned when its proponent fails to rebut the points raised by its adversary in opposition. *Id.* (*citing United States ex rel. Winslow v. PepsiCo, Inc.*, No. 05 Civ. 9274, 2007 WL 1584197, at *7 n.4 (S.D.N.Y. May 31 2007) and eight other cases). Having abandoned this argument once, defendants should not be permitted to revive it now, as counseled litigants are not ordinarily entitled to avoid their manifest abandonment of a claim by seeking to revive that claim at a later stage of the litigation. *See*, *e.g.*, *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155-56 (2d Cir. 1998) (discussing whether an exception to this rule is appropriate for pro se litigants) (*abrogated on other grounds by Swierkeiwicz v. Sorama N.A.*, 534 U.S. 506 (2002)).

---

[1] In a footnote on the last page of its reply brief (Docket Doc. # 27) defendants explicitly withdrew their claim that defendant Diana Jones Ritter, Commissioner of the Office of Mental Retardation and Developmental Disabilities, was not a proper defendant. However, the reply brief makes no mention of defendant Spitzer or defendant Fischer.

3

**II. Commissioner Fischer is directly involved in implementing the challenged statutory provisions.**

Even if this Court ultimately determines that defendants should not be bound by their previous abandonment of these arguments, their motion should be denied because these defendants play a more active role in implementing the challenged statutory scheme than defendants' recitation would have it. Specifically, as to Commissioner Fischer, there are at least questions of fact about the degree to which the Department of Corrections, and Mr. Fischer as its head, are responsible for the implementation of MHL 10.06 (f) [securing petitions] and MHL 10.05 (e) [pre-hearing psychiatric exams].

It is undisputed, and undisputable, that most persons who will be examined under MHL 10.05 (e) will be examined while they are in DOCS custody. As the head of DOCS, Mr. Fischer is presumably responsible for developing and promulgating the procedures pursuant to which these exams will be conducted. Furthermore, while more discovery is necessary to illuminate this question, it seems at least possible that some of the persons conducting the exams will be DOCS employees acting at Mr. Fischer's behest. As pled in MHLS's complaint (¶ 27, ¶ 87), the due process challenge to MHL 10.05 (e) addresses both the availability of counsel at the psychiatric exams, and the adequacy of the notice given to persons subject to these exams. The nature of the notice and the availability of counsel are within Mr. Fischer's control when the examinations in question involve inmates who are in his custody when the examinations take place.

Likewise, MHLS's challenge to MHL 10.06 (f) is an objection to the use of securing petitions to deprive a person of his liberty without due process of law. Where the subject of the

securing petition is a prison inmate, the deprivation of liberty authorized by the securing petition is carried out by Commissioner Fischer; that is, the inmate remains in the custody of DOCS beyond the time at which he would otherwise be entitled to liberty. Because Mr. Fischer plays a critical role in effecting the challenged deprivation of liberty, he is an appropriate defendant in this case.

In short, Commissioner Fischer does appear to have "a direct connection to, or responsibility for," at least some of the allegedly illegal portions of the statute. Def. Mem. At 3-4 (*quoting Marshall v. Switzer*, 900 F. Supp. 604, 615 (N.D.N.Y. 1995)). At a minimum, there are questions of fact as to the extent of Commissioner Fischer's involvement in the challenged statutory provisions. Discovery is necessary to determine whether Commissioner Fischer has actually instituted internal policies or procedures for the implementation of MHL 10.05 (e) and MHL 10.06 (f). It would be inappropriate to dismiss him at this stage of the litigation before these questions have been addressed.

**III. Governor Spitzer is an appropriate defendant in this action.**

Plaintiff's complaint alleged that defendant Spitzer, as governor of the State of New York, is "charged with the faithful execution of the laws of the state." Compl. ¶ 41. This mandate comes by way of the New York Constitution, which requires the Governor to "take care that the laws are faithfully executed." N.Y. Constitution, Art. 4 § 3. In numerous cases, it has been held that "this constitutional mandate, without more, provides a sufficient connection with the enforcement of the statute to make the governor a proper defendant" in a suit challenging the constitutionality of a state statute. *Federal National Mortgage Assoc. v. Lefkowitz*, 383 F. Supp. 1294, 1298 (S.D.N.Y. 1974); *see also Assoc. of American Medical Colleges v. Carey*, 482 F.

Supp.1358, 1363 n.14 (N.D.N.Y. 1980) (noting that "in numerous cases Governors have been accepted, without discussion, as defendants in challenges to State laws."); *Johnson v. Rockefeller*, 58 F.R.D. 42, 46 (S.D.N.Y. 1973); *Socialist Workers Party v. Rockefeller*, 314 F.Supp. 984, 988 n.7 (S.D.N.Y. 1970) (three-judge court) (finding that the New York Constitution provides "special authorization" to the New York governor, providing sufficient "connection with enforcement of the act" to satisfy the rule of *Ex Parte Young*, 209 U.S. 123 (1908)). This is in contrast to the Attorney General, whose statutory obligations to "support the constitutionality of challenged state statutes" (N.Y. Exec. L. § 71) and to "defend actions in which the state is interested" (N.Y. Exec. L. § 63 (1)) cannot form the basis for liability. *Mendez v. Heller*, 530 F.2d 457 (2d. Cir. 1976); *see also Federal Nat'l Mort. Assoc.*, 383 F. Supp. at 1296-98 (finding that Executive Law provisions could not form the basis of the Attorney General's liability, while Constitutional provision did provide an adequate basis for Governor's liability).

The key difference between N.Y. Const. Art. 4 § 3, which is itself sufficient to make the Governor a party in a suit challenging the constitutionality of a state statute, and the provisions of the Executive Law that require the Attorney General to defend the state in such actions, which is not sufficient to import liability, is that the Governor has a constant and ongoing constitutional obligation to execute the laws of the state as they are written. The Governor's duty to execute the laws of the state does not arise only when the statute in question is attacked in a court of law, as does the Attorney General's obligation to defend state statutes. Because the Governor is perpetually "tak[ing] care that the laws are faithfully executed," N.Y. Const. Art. 4, § 3, he has a direct "connection with the enforcement of" all the laws of this State. *Ex Parte Young*, 209 U.S. 123, 157 (1908). Under the particular language of the New York Constitution, the governor *is*

"expressly directed to see to [the statute's] enforcement," and thus would *always* be a proper defendant in an action "to enjoin the enforcement of an act alleged to be unconstitutional." *Young*, 209 U.S. at 157.

There is, of course, authority that holds, in contrast to the cases cited herein, that the Governor's constitutional obligation to make sure that the laws of the state are faithfully executed is not itself enough to make the Governor a proper defendant where a statute's constitutionality is challenged. Def. Mem. at 2-3 (*citing Warden v. Pataki*, 35 F.Supp.2d 354, 359 (S.D.N.Y. 1999); *Romeu v. Cohen,* 121 F.Supp.2d 264, 272 (S.D.N.Y. 2000)). But the Second Circuit affirmed those cases on other grounds and has never expressly reached the question of the Governor's amenability to suit on the basis of N.Y. Const. Art. 4, § 3. Plaintiff submits that the Governor's express and ongoing constitutional obligation to "take care that the laws are faithfully executed" is alone sufficient to make him a proper defendant in an action that seeks to enjoin the enforcement of such a law. *Socialist Workers Party* 314 F.Supp. at 988 n.7 (*citing Young*, 209 U.S. at 157).

Beyond simply the special constitutional mandate of the New York Governor's office, however, defendant Spitzer should remain a party to this suit because the history of the SOMTA statute demonstrates that the Governor has historically been directly involved in decisions about how OMH, DOCS and other state agencies will treat sex offenders following the completion of their prison terms. SOMTA was passed into law only after defendant Spitzer's predecessor in office, Governor Pataki, failed in his attempt to secure the post-prison civil commitment of sex offenders without the benefit of a specific authorizing statute. *See State ex rel. Harkavy v. Consilvio*, 809 N.Y.S.2d 836, 852-53 (Sup. Ct., New York County 2005); *see also* Kenneth Lovett, "'Dangerous' Sex Predators Freed," *New York Post* (July 16, 2007) (both detailing history

7

of Governor Pataki's involvement with sex offender policy). Governor Pataki made no secret of the fact that he, as Governor of the State of New York, was dictating the sex offender policies of state executive agencies. *Harkavy*, 809 N.Y.S.2d at 852-53. In press releases and news articles, Pataki stated that he had personally directed the Commissioners of OMH, DOCS, and OMRDD to "push the envelope" to find a way to effectuate post-prison civil commitment of sex offenders without the benefit of an authorizing statute. *Id*. Pataki made clear in the press that he, not the individual commissioners, was dictating the state's sex offender policies. *Id.* While it will require discovery to determine whether Governor Spitzer has taken the same hands-on approach to directing the sex offender policies of state executive agencies that his predecessor employed, there is recent historical precedent for the New York governor taking an active role in this arena. The types of "directives" to state agencies that were issued under Governor Pataki, which he was able to issue "by virtue of his office," would certainly establish a sufficient connection to make the Governor amenable to suit under *Ex Parte Young*, 209 U.S. at 157. In light of this history, dismissing Governor Spitzer as a defendant in this action prior to any discovery would be inappropriate.

## Conclusion

Because defendants Spitzer and Fischer have previously abandoned the arguments that they now seek to resurrect, and because, in any event, both defendants have a sufficient connection to the enforcement of the SOMTA statute to make them proper parties in this case, Defendants' motion should be DENIED.

Dated: January 18, 2007
     New York, New York

                              MARVIN BERNSTEIN, Director
                              Mental Hygiene Legal Service, First Department
                              SIDNEY HIRSCHFELD, Director
                              Mental Hygiene Legal Service, Second Department
                              *Attorneys for Plaintiff*
                                S/
                              By: Sadie Zea Ishee (SI-9540)
                              Senior Staff Attorney


SADIE ZEA ISHEE
DENNIS B. FELD
*Of Counsel*