UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK

Original Filed By ECF

MENTAL HYGIENE LEGAL SERVICE,

                Plaintiff,

           - against -

ELIOT SPITZER, in his official capacity as Governor of the State of New York, ANDREW CUOMO, in his official capacity as Attorney General of the State of New York, MICHAEL HOGAN, in his official capacity as Commissioner of the New York State Office of Mental Health, DIANA JONES RITTER, in her official capacity as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, and BRIAN FISCHER, in his official capacity as Commissioner of the New York State Department of Correctional Services,

                Defendants.

Docket Number 07-CV-2935 (GEL) (AJP)

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS IN FAVOR OF DEFENDANTS SPITZER AND FISCHER

ANDREW M. CUOMO  
Attorney General of the  
State of New York  
*Attorney for the Defendants*  
120 Broadway  
New York, New York 10271  
(212) 416-8567

EDWARD J. CURTIS, JR.  
JOSHUA PEPPER  
Assistant Attorneys General  
*Of Counsel*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    DEFENDANTS HAVE NOT WAIVED THEIR RIGHT TO BE DISMISSED AS IMPROPER DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.    DEFENDANT SPITZER IS ENTITLED TO JUDGMENT IN HIS FAVOR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    III.    DEFENDANT FISCHER IS ENTITLED TO JUDGMENT IN HIS FAVOR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page**

*Ass'n of Amer. Medical Colleges v. Carey,*
    482 F. Supp. 1358 (N.D.N.Y. 1980) ................................................. 3

*CSX Transport, Inc. v. NYS Office of Real Prop. Services,*
    306 F.3d 87 (2d Cir. 2002) ...................................................... 3, 4

*Comm. Union Ins. Co. v. Int'l Flavors & Fragrances, Inc.,*
    822 F.2d 267 (2d Cir. 1987) ..................................................... 2

*Ex Parte Young,*
    209 U.S. 123 (1908) ............................................................ 3

*Fed. Nat'l Mortgage Ass'n v. Lefkowitz,*
    383 F. Supp. 1294 (S.D.N.Y. 1974) ............................................. 3, 4

*In re Burger Boys,*
    94 F.3d 755 (2d Cir. 1996) ..................................................... 2

*Johnson v. Rockefeller,*
    58 F.R.D. 42 (S.D.N.Y. 1972) .................................................. 3, 4

*Soc. Workers Party v. Rockefeller,*
    314 F. Supp. 984 (S.D.N.Y. 1970) ............................................... 3

**Federal Rules**

FRCP 12(b)(6) ....................................................................... 1, 2

FRCP 12(c) ......................................................................... 1, 2

**State Statutes**

Mental Hygiene Law ("MHL")
    § 10.05(a) ..................................................................... 4
    § 10.05(e) ..................................................................... 4
    § 10.06(f) ..................................................................... 5

**PRELIMINARY STATEMENT**

This reply memorandum of law is submitted on behalf of Defendants ELIOT SPITZER, Governor of the State of New York ("the Governor") and BRIAN FISCHER, Commissioner of the New York State Department of Correctional Services ("Commissioner" or "DOCS") in support of their motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP") for a judgment dismissing so much of the Complaint dated April 12, 2007 ("Compl.") as is asserted against them.  Plaintiff Mental Hygiene Legal Service ("MHLS") is seeking to challenge certain aspects of New York State's Sex Offender Management and Treatment Act ("SOMTA" or "the Act").

Defendants Spitzer and Fischer, whom Plaintiffs are suing in their official capacities only, play no role in the enforcement of the acts that Plaintiff alleges are unconstitutional.  While Plaintiffs argue that this Court should adapt a different rule for determining whether Fischer and the Governor are proper defendants, binding precedent establishes that to state a cause of action against a state officer, the complaint must allege that the particular officer is committing or threatening to commit an unconstitutional act.  Without having alleged any such unconstitutional act, Plaintiff cannot maintain this action against the Governor or Fischer.

**ARGUMENT**

**I.    DEFENDANTS HAVE NOT WAIVED THEIR RIGHT TO BE DISMISSED AS IMPROPER DEFENDANTS.**

In their motion to dismiss pursuant to FRCP 12(b)(6), the Defendants argued that Defendants Spitzer, Ritter, and Fischer were all improper parties. *See* D.I. 9.  In response to Plaintiff's argument to the contrary, the Defendants withdrew their argument with respect to

1

Ritter only. D.I. 17, at 10 n.7. This footnote necessarily implied that Defendants maintained their argument with respect to Spitzer and Fischer. Nonetheless, Plaintiff argues that Defendants' explicit reference only to Ritter constitutes "manifest abandonment" of Defendants' right to judgment on the pleadings. Plaintiff's flowery rhetoric does not persuade.

Waiver requires the intention to relinquish a known right. *In re Burger Boys,* 94 F.3d 755, 763 (2d Cir. 1996). Proof of waiver of a defense requires evidence of an intent to abandon that defense. *Comm. Union Ins. Co. v. Int'l Flavors & Fragrances, Inc.,* 822 F.2d 267, 274 (2d Cir. 1987). Plaintiff has offered no proof of any such intention, nor could it. Perhaps Defendants could have been clearer in their reply brief that their withdrawal applied only to Ritter, but Defendants did not intend to waive anything.

Even if Defendants' oversight could be considered abandonment for purposes of their 12(b)(6) motion, the doctrine of waiver still would not apply to the instant situation. Plaintiff has not identified a right that Defendants could have waived; intentional relinquishment of a known right stands in stark contrast to the apparent abandonment of a single argument among many in a motion to dismiss. Plaintiff's argument, if taken to its logical conclusion, would mean that no defendant could ever make a 12(c) motion after opting not to move on the same grounds pursuant to Rule 12(b)(6). This makes no sense. Defendants always have the right to move for judgment on the grounds that Plaintiff has not stated a claim against them.

II.     **DEFENDANT SPITZER IS ENTITLED TO JUDGMENT IN HIS FAVOR.**

Plaintiff argues that the Governor is a proper party solely by virtue of his general duty to take care that the laws are faithfully executed. Pl. Br., at 5. Necessarily, this implies that the Governor would be a proper defendant in *any* lawsuit challenging the constitutionality of a New

2

York statute. Plaintiffs justify this extreme position by citing a few old district-court cases that hold that the Governor is a proper party under the facts of the particular case. *See Ass'n of Amer. Med. Colleges v. Carey,* 482 F. Supp. 1358, 1363 n.14 (N.D.N.Y. 1980); *Fed. Nat'l Mortgage Ass'n v. Lefkowitz,* 383 F. Supp. 1294, 1298 (S.D.N.Y. 1974); *Johnson v. Rockefeller,* 58 F.R.D. 42, 46 (S.D.N.Y. 1972); *Soc. Workers Party v. Rockefeller,* 314 F. Supp. 984, 988 n.7 (S.D.N.Y. 1970). Plaintiff asserts that it has identified a simple split of authority among district courts in this Circuit that the Second Circuit has not yet resolved. Pl. Br. At 6-7. Plaintiff misunderstands both the cases it cites and binding precedent.

Under precedent that has stood for an entire century, a plaintiff may bring an action to enjoin state officers "who threaten and are about to commence proceedings, of a civil or criminal nature, to enforce against parties affected an unconstitutional act." *Ex Parte Young,* 209 U.S. 123, 156 (1908). This is a "limited exception to the general principle of sovereign immunity," which applies to state officers insofar as "in the performance of their duties [] there may be an ongoing violation of federal law." *CSX Transp., Inc. v. NYS Office of Real Prop. Servs.,* 306 F.3d 87, 98-99 (2d Cir. 2002). In other words, the complaint must allege that the state officer is violating or threatening to violate the United States Constitution or other federal law.

Plaintiff has not alleged that the Governor is violating or threatening to violate federal law or the U.S. Constitution. The simple allegation that the Governor "is charged with the faithful execution of the laws of the state, " Compl. ¶ 41, does not articulate any such violation. The Complaint states no cause of action against the Governor.

Even the cases Plaintiff cites do not support its argument. In *Fed. Nat'l Mortgage Ass'n*, the Court worried that dismissing the Governor "might well be prejudicial to the plaintiff"

3

because full relief might not otherwise be available to that plaintiff. *Fed. Nat'l Mortgage Ass'n,* 383 F. Supp. at 1298 n.3. Similarly, the court in *Johnson*, after declining to dismiss the Governor, dismissed the Attorney General because "no order running against him could provide any greater relief to the plaintiffs than an order running against the Governor." *Johnson,* 58 F.R.D. at 46 n.4. Here, Plaintiff can obtain complete relief from an order against Defendants Hogan, Ritter, and Cuomo, who retain all of the statutory responsibilities for the various allegedly unconstitutional acts. Thus, dismissal of the Governor would not prejudice Plaintiff in any way because no order running against the Governor would afford Plaintiff any greater relief than an order running against Defendants Hogan, Ritter, and Cuomo. Judgment in favor of the Governor is thus appropriate under the circumstances.

### III.   DEFENDANT FISCHER IS ENTITLED TO JUDGMENT IN HIS FAVOR.

As with the Governor, Defendant Fischer can be a proper defendant only if, in the performance of his duties, Fischer violates federal law. *See CSX Transp.,* 306 F.3d at 98-99. Plaintiff has not alleged any such violation.

Plaintiff argues that Fischer "is presumably responsible for developing and promulgating the procedures pursuant to which [psychiatric exams under MHL § 10.05(e)] will be conducted." Pl. Br. at 4. This speculation directly contradicts § 10.05(a) and (e), which explicitly gives the commissioner of OMH the power and the duty to establish the case review panel which would arrange for the psychiatric exam at issue. While the statute directs the OMH commissioner to do so "in consultation with" the commissioners of DOCS and OMRDD, this does not alter the OMH commissioner's ultimate responsibility for the evaluations at issue. MHL §§ 10.05(a), (e). Thus, Fischer commits no act that allegedly violates federal law.

4

Similarly, Plaintiff challenges the use of securing petitions "to deprive a person of his liberty without due process of law." Pl. Br. at 4. The Attorney General brings the securing petitions at issue, not DOCS. MHL § 10.06(f). Any successful challenge to its constitutionality would enjoin Cuomo from bringing the securing petitions at issue. This Court would accomplish nothing by enjoining Fischer from bringing a petition that the law does not empower him to bring in the first place.

## CONCLUSION

Plaintiff can maintain this action only by alleging that the state-officer defendants are committing or threatening to commit an unconstitutional act. Plaintiff has not alleged that either the Governor or Defendant Fischer is doing so or threatening to do so. Consequently, they are entitled to judgment in their favor on the pleadings.

Dated: New York, New York
      January 25, 2008

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the State of New York
*Attorney for Defendants*

By:  /s/ Joshua Pepper
     JOSHUA PEPPER
     Assistant Attorney General

EDWARD J. CURTIS, JR.
JOSHUA PEPPER
Assistant Attorneys General
*Of Counsel*