UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MENTAL HYGIENE LEGAL SERVICE and
SHAWN SHORT,

                Plaintiffs,

-v.-

ELLIOT SPITZER, ANDREW CUOMO,
MICHAEL HOGAN, DIANA JONES RITTER,
and BRIAN FISCHER,

                Defendants.

------------------------------------------------------------x

07 Civ. 2935 (GEL)

**ORDER**

GERARD E. LYNCH, District Judge:

      Defendants Eliot Spitzer and Brian Fischer move for judgment on the pleadings, seeking to be dismissed from this case on the ground that they play no role in the enforcement of the statutory provisions for the extended treatment or detention of certain sex offenders, the constitutionality of which is at issue in this case. The motion will be denied.

      This motion is an entire waste of the time of everyone involved in processing it. The lawsuit challenges the constitutionality of the statutory provisions involved. No damages are sought from any of the defendants, the primary relief sought is an injunction against the enforcement of these provisions. On the one hand, it is doubtful whether the Governor of the State or the Commissioner of the Department of Correctional Services – two frequently-sued parties – are affected in any way by being named as defendants in the case; on the other, it would not affect plaintiffs' ability to obtain full relief if these defendants were dismissed. Their presence or absence is of no practical significance whatsoever.

The motion having been made, however, it must be resolved. In dismissing these defendants from the separate complaint of the intervenor-plaintiff, the Court specifically distinguished the situation with respect to the principal complaint, finding that "MHLS's complaint seeks broad relief against the enforcement of the statutory scheme, in which all the moving defendants play a role." (Order of Dec. 20, 20007, at 2.) With respect to the Commissioner of Correctional Services, it is difficult to understand the argument that he is not properly named in a lawsuit challenging a statute that, among other things, can result in extending the period during which an inmate (for example, when subjected to a "securing position") is detained in a facility maintained by his Department. He is thus clearly properly named in the complaint.

With respect to the Governor, the case is closer. There is some authority to the effect that the Governor's constitutional responsibility to enforce state laws is insufficient to make him a proper defendant in cases to enjoin enforcement of unconstitutional state statutes. See Warden v. Pataki, 35 F. Supp. 2d 354, 359 (S.D.N.Y. 1999); Romeu v. Cohen, 121 F. Supp. 2d 264, 272 (S.D.N.Y. 2000); Wang v. Pataki, 164 F. Supp. 2d 406, 410 (S.D.N.Y. 2001); see also United States v. New York, No. 04 Civ. 00428, 2007 WL 951576, at *3 (N.D.N.Y. March 27, 2007). However, there is also substantial authority to the contrary, see Fed. Nat'l Mortgage Ass'n v. Lefkowitz, 383 F. Supp. 1294, 1298 (S.D.N.Y. 1974); Johnson v. Rockefeller, 58 F.R.D. 42, 46 (S.D.N.Y. 1973); Socialist Workers Party v. Rockefeller, 314 F. Supp. 984, 988 n.7 (S.D.N.Y. 1970) (three-judge court); see also Ass'n of Am. Med. Colls. v. Carey, 482 F. Supp. 1358, 1363 & n.14 (N.D.N.Y. 1980). No doubt the matter has not been authoritatively resolved because for

injunctive relief, the issue is of little moment, and for cases involving damages, the requirement of personal involvement is well established.

Defendants characterize the cases permitting actions against the Governor as "old" (D. Reply at 3), but precedents are not weakened by being venerable, and this Court finds these cases marginally more persuasive than those cited by defendants.

Accordingly, defendants' motion is denied.

SO ORDERED.

Dated: New York, New York
       February 4, 2008

_____
GERARD E. LYNCH
United States District Judge