UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
     :
MENTAL HYGIENE LEGAL SERVICE,     :
     :
    Plaintiff,     :
and SHAWN SHORT,     :
    Intervening Plaintiff,     :
     :
   -v.-     :  STIPULATION
     :
ELIOT SPITZER, in his official capacity as     :  Docket No. 07-CV-2935 (GEL)
Governor of the State of New York,     :
ANDREW CUOMO, in his official capacity as     :
Attorney General of the State of New York,     :
MICHAEL HOGAN, in his official capacity     :
as Commissioner of the New York State Office     :
of Mental Health, DIANA JONES RITTER, in her :
official capacity as Commissioner of the New York :
State Office of Mental Retardation and     :
Developmental Disabilities, and BRIAN FISCHER, :
in his official capacity as Commissioner of the New :
York State Department of Correctional Services,     :
     :
    Defendants.     :
     :
------------------------------------------------------------X

     WHEREAS, Plaintiffs have brought this action seeking to challenge the constitutionality of several provisions of the Sex Offender Management and Treatment Act,

     WHEREAS, discovery in this matter encompasses many documents generated in state court Article 10 proceedings that have been placed under seal by state court judges, as well as additional documents that the parties wish to keep confidential apart from the purposes of this litigation, and

     WHEREAS, the parties seek to protect these documents while fully complying with all discovery requests herein,

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, as follows:

1. "Confidential documents" shall mean any documents generated in individual Article 10 cases that have been placed under seal by state court judges or other documents designated as "confidential" by the producing party. Any party may designate a document as "confidential" by clearly marking the document with the word "confidential" or by written notice to the other parties. Such designation shall be to protect patient confidentiality as that term is used in MHL §§ 33.13 and 33.16, to follow court orders of seal by state court judges, or to protect the confidentiality of crime victims.

2. Confidential documents shall be produced in discovery subject to the terms of this Stipulation, unless such documents are otherwise protected by attorney-client privilege or any other applicable privilege. The parties reserve the right to withhold documents based on applicable privileges, subject to their other agreements in this litigation.

3. No confidential document shall be disclosed to any person or entity not party to this litigation.

4. No confidential document shall be attached to any federal court filing or published as an exhibit unless the names of all individuals (apart from State employees or agents) have first been redacted.

5. No confidential document arising out of state court Article 10 litigation shall be disseminated to any person who would not have access to that document as a result of the state court litigation unless the names of all individuals (apart from State employees or agents) have first been redacted.

6.  If any receiving party should conclude that any document is inappropriately designated as confidential, that party may notify the producing party in writing of its objections and the grounds thereof. The designating party shall have at least one week to respond to the objection. If the objecting party deems that response insufficient, the parties will continue to work together in good faith to resolve any issue regarding the designation of such documents.

7.  If, upon further negotiation, the parties cannot resolve any issue with respect to the propriety of a confidential designation, the parties shall jointly compose a letter to Magistrate Judge Peck describing the dispute and requesting, in accordance with Local Rule 37.2, an informal conference with the Magistrate to resolve the dispute

8.  Defendants shall destroy all confidential documents that Plaintiffs have produced in this litigation, including all copies thereof, no later than 30 days from the termination of this case. When Plaintiffs believe that this litigation has terminated, Plaintiffs shall give written notice to Defendants of that conclusion. Nothing in this agreement shall be construed to apply to any documents or any copies thereof created or produced outside this litigation.

9.  Plaintiffs shall destroy all paper copies of confidential documents received in this litigation no later than 30 days from the termination of this case. Plaintiffs shall also destroy or delete the remaining computer file either 30 days from the termination of this case or at the

earliest time permitted by Series 11220 of the Rules of the Division of Court Operations of the

State of New York Unified Court System, p. 43, whichever is later.

Dated: New York, New York
~~June~~, 2008
July 2,

| | |
|---|---|
| MARVIN BERNSTEIN, Director<br>Mental Hygiene Legal Service, First Dept.<br>SIDNEY HIRSCHFELD, Director<br>Mental Hygiene Legal Service, Second Dept.<br><br>*[signature]*<br>By: Sadie Zea Ishee, Esq.<br>41 Madison Avenue, 26th Floor<br>New York, New York 10010<br>Phone: (212) 779-1734<br>*Attorney for Plaintiffs* | ANDREW CUOMO,<br>Attorney General of the State of New York<br><br><br><br>*[signature]*<br>By: Joshua Pepper, Esq.<br>120 Broadway, 24th Floor<br>New York, New York 10271<br>Phone: (212) 416-8567<br>*Attorney for Defendants* |

SO ORDERED:
Dated:

*[signature]*
GERARD E. LYNCH
United States District Judge

7/2/08

4