UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MENTAL HYGIENE LEGAL SERVICE,

        Plaintiff,

- against -

ELIOT SPITZER, in his official capacity as Governor of the State of New York, ANDREW CUOMO, in his official capacity as Attorney General of the State of New York, MICHAEL HOGAN, in his official capacity as Commissioner of the New York State Office of Mental Health, DIANA JONES RITTER, in her official capacity as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, and BRIAN FISCHER, in his official capacity as Commissioner of the New York State Department of Correctional Services,

        Defendants.

Docket Number 07-CV-2935 (GEL) (AJP)

**DECLARATION OF GEOFFREY B. ROSSI**

    GEOFFREY B. ROSSI, ESQ., declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

    1.    I am an Assistant Attorney General in the office of ANDREW M. CUOMO, Attorney General of the State of New York. I make this declaration in support of Defendants' Motion To Dismiss the Intervenor Complaint of Shawn Short ("Short"). I make this declaration upon personal knowledge.

    2.    I prosecuted the case of *The People of the State of New York v. Shawn Short,* for commitment under Article 10 of the New York State Mental Hygiene Law ("MHL"). On or about June 8, 2007, I filed a sex-offender civil-management petition on behalf of the Attorney General in New York Supreme Court, Schuyler County. The petition was based on many things, including, *inter alia,* Short's 1992 conviction for sodomy, rape, and acting in a manner injurious

to a child, the fact that the victim was six years old at the time of the crime, and his Static-99 score of 6, which places him at high risk for repeat offenses.

3.  Pursuant to MHL § 10.07, a jury trial commenced on March 17, 2008. On March 21, 2008, after deliberating for approximately 3 hours, the jury returned a verdict by clear and convincing evidence that Short was a sex offender who suffered from a mental abnormality.

4.  On March 31, 2008, the Honorable Elizabeth A. Garry, J.S.C., issued an Interim Order pursuant to which Short agreed to temporary conditions of Strict and Intensive Supervision and Treatment ("SIST"). A true and correct copy of the Interim Order is attached hereto as Exhibit 1.

5.  On or about April 8, 2008, the police arrested Short for violating the conditions of the Interim Order and charged Short with Criminal Contempt in the Second Degree in violation of Penal Law § 215.50(3). Justice Garry subsequently issued a Confinement Order. A true and correct copy of the Confinement Order is attached hereto as Exhibit 2. Short was held in the Tioga County Jail pending disposition of his Article 10 case.

6.  Pursuant to MHL 10.07(f), the court held a dispositional hearing on May 14, 2008.

7.  On May 22, 2008, Justice Garry issued two orders subjecting Short to a SIST regimen with various conditions. The orders provided, *inter alia,* for Short to be released from prison on or about May 27, 2008, subject to the SIST conditions. A true and correct copy of the two orders are attached hereto as Exhibits 3 and 4.

8.      I have received Short's Notice of Appeal of the order of SIST. A jury verdict cannot be set aside unless "the evidence so preponderated in favor of [Short] that it could not have been reached on any fair interpretation of the evidence." *Hudson v. Lansingburg Central Sch. Dist.*, 27 A.D.3d 1027, 1030 (3d Dep't 2006). Short was convicted of rape in the first degree and sodomy in the first degree. I presented evidence at the trial of the details of his conduct of repeatedly raping and sodomizing the same six-year-old victim over a time period spanning at least four months, as well as his contact with prepubescent children during his periods of parole supervision in violation of his parole conditions. I believe these things rendered the jury's verdict a fair and reasonable interpretation of the evidence.

Dated: Binghamton, New York
       July 11, 2008

                                    _____
                                    GEOFFREY B. ROSSI, ESQ.