STATE OF NEW YORK
SUPREME COURT : COUNTY OF SCHUYLER

---

THE PEOPLE OF THE STATE OF NEW YORK,

                      Petitioner,

    -against-

SHAWN SHORT,
an individual under the supervision of
New York State Department of Parole,

                      Respondent,

for Commitment Under Article 10 of the
Mental Hygiene Law.

**ORDER**

Index No. 2007-0341
RJI No. 2007-0134

**RECEIVED**
JUN 1 2 2008
NYS Department of Law
Binghamton Regional Office

---

An Application having been made on June 8, 2007, by a Petition verified on June 8, 2007, by the People of the State of New York for an Order authorizing civil management of the Respondent, SHAWN SHORT, pursuant to Article 10 of the Mental Hygiene Law, and

A jury trial having been held, commencing March 17, 2008, in the Supreme Court, County of Schuyler, in the above-captioned matter, Justice Elizabeth A. Garry, Presiding, and Respondent having been represented by the Mental Hygiene Legal Services, Hollie S. Levine, of Counsel, and the Petitioner having been represented by Geoffrey B. Rossi, Assistant Attorney General, of Counsel to Andrew Cuomo, Attorney General of the State of New York, and the jury having rendered a verdict on March 21, 2008, finding that there is clear and convincing evidence that Respondent, Shawn Short suffers from a mental abnormality as that term is defined under Mental Hygiene Law Article 10.03(i) and the Court having determined following a further evidentiary hearing conducted on May 14, 2008, that the Respondent is a sex offender requiring Strict and Intensive Supervision and Treatment and having rendered said determination on the

record on May 16, 2008; it is hereby

ORDERED, that Respondent SHAWN SHORT is a detained sex offender requiring civil management under Article 10 of the Mental Hygiene Law and, by this Order, is subject to a regimen of Strict and Intensive Supervision and Treatment, and it is further

ORDERED that Respondent shall be released from custody and onto SIST on or about May 27, 2008, and shall be placed into the custody and control of the New York State Division of Parole for this purpose pursuant to this Order; and it is further

ORDERED that Respondent's Strict and Intensive Supervision and Treatment shall be in accord with the conditions referenced within the Court's bench Decision of May 16, 2008, as Exhibit 2, and these specified conditions are also attached hereto and incorporated herein; and it is further

ORDERED, that in accord with the provisions of Mental Hygiene Law Section 10.11, and in compliance with this statute the Court has reviewed these conditions with Counsel and has directed that the Division of Parole shall be vested with supervisory discretion regarding the approval or denial of specific privileges within the parameters of the stated conditions to be afforded to Respondent thereunder in the course of his supervision; and it is further

ORDERED, that pursuant to Mental Hygiene Law Section 10.11 (B)(2) any and all service providers designated to provide treatment services to Respondent shall submit a progress report every four (4) months to the Court, the Commissioner of OMH, the supervising Parole Officer, the Attorney General, and Mental Hygiene Legal Services; and it is further

ORDERED, that pursuant to Mental Hygiene Law Section 10.11(F), the Respondent is entitled to a review of his status under SIST every two (2) years; and it is further

ORDERED, that the Respondent shall be permitted to petition this Court for review and

modification of the provisions concerning visitation with his infant son and permission to possess and carry photographs of his son upon expiration of six months from the date of this Order, and the Court retains jurisdiction for this purpose; and it is further,

ORDERED, that Respondent shall reside at The Mark Twain Motel, 1996 Lake Street, Elmira, New York, 14901, which is in the County of Chemung, initially upon his release from confinement and thereafter at other residence(s) subject to the approval and in the discretion of the Division of Parole; and it is further

ORDERED, that Respondent has been advised by the Court and has acknowledged that any violation(s) of the terms and/or conditions of Strict and Intensive Supervision and Treatment may result in modification of SIST conditions, or the imposition of civil confinement, as well as the sanctions of civil and/or criminal contempt, and Respondent shall review and mark the document to demonstrate his awareness of the established conditions.

Dated: May 22, 2008
       Norwich, New York
ENTER

_____
Hon. Elizabeth Garry
Supreme Court Justice