# CONDITIONS OF STRICT AND INTENSIVE SUPERVISION AND TREATMENT
## M.H.L. § 10.11

STATE OF NEW YORK
SUPREME COURT            COUNTY OF Schuyler

---

The People of the State of New York       Index No. 2007-0341

   -against-                              Judge: Honorable Elizabeth A. Garry

                                          Part: 2007 - 0134

Shawn Short , Respondent

Gender: Male    Date of Birth: 3-29-1974    NYSID #: 06993507L

---

Shawn Short, having been found to be a detained sex offender who suffers from a mental abnormality requiring civil management through a regimen of strict and intensive supervision and treatment pursuant to Article 10 of the N.Y. Mental Hygiene Law, is hereby placed under the jurisdiction of the New York State Division of Parole and is subject to the lawful conditions set by this Court and the Division of Parole.

**MANDATORY CONDITIONS OF STRICT AND INTENSIVE SUPERVISION AND TREATMENT**

☒ 1. I will proceed directly to the residence to which I have been released, and, within 24 hours of my release, make my arrival report with the designated officer of the Division of Parole at the office of the Division of Parole set forth below, unless other instructions are designated on this release agreement.
- OR -
If released directly to a residential facility, I will report my arrival at such facility within 24 hours to my Parole Officer at:

(phone) 607 -721 - 8523.

Parole Area Office: Binghamton Area Office

Address:  44 Hawley Street

          Binghamton, New York 13901

Phone: 607 -721 - 8523

Report to: Parole Officer Timothy Graven

Approved Release Address. Mark Twain Motel

          1996 Lake Street

          Elmira, New York 14901

Phone: 607 – 733 - 9144

☒ 2. I will reside at my approved program/residence set forth above. I will follow all rules and regulations of the program/residence. I will not change this program/residence without the knowledge and permission of my Parole Officer.

☒ 3. I will submit to any medical/psychiatric treatment directed by this Court or my Parole Officer and comply with and remain under any care and treatment so specified.

☒ 4. I will refrain from contact with any other sex offender(s) except during treatment sessions or unless prior approval is granted by my Parole Officer.

☒ 5. I will participate in and successfully complete sex offender treatment approved by the Division of Parole. This treatment may include, but is not limited to, a psycho-sexual evaluation, a polygraph examination and/or other screening instruments. I shall sign a waiver of confidentiality allowing the Court, the Office of Mental Health, the Office of Mental Retardation & Developmental Disabilities, and the Division of Parole to





1

communicate with the treatment provider and have access to the treatment provider's records.

☒ 6. I will make office and/or written reports as directed.

☒ 7. I will not leave the State of New York or any geographic area defined in writing by my Parole Officer without permission of my Parole Officer.

☒ 8. I will submit to the taking of fingerprints and photo imaging, as well as physical inspection of my person, whenever directed by my Parole Officer or other representative of the Division of Parole.

☒ 9. I will permit my Parole Officer to visit me at my residence and/or place of employment and I will permit the search and inspection of my person, residence and property. I must discuss any proposed changes in my residence, employment or program status with my Parole Officer. I understand that I have an immediate and continuing duty to notify my Parole Officer of any changes in my residence, employment or program status when circumstances beyond my control make prior discussion impossible.

☒ 10. I will reply promptly, fully and truthfully to any inquiry of or communication by my Parole Officer or other representative of the Division of Parole.

☒ 11. I will notify my Parole Officer immediately whenever I have any contact with or am arrested by any law enforcement agency. I understand that I have a continuing duty to notify my Parole Officer of such contact or arrest.

☒ 12. I will not be in the company of or fraternize with any person that I know has a criminal record, including a Youthful Offender adjudication, except for accidental encounters in public places, work, school or in any other instance with the permission of my Parole Officer.

☒ 13. I will not behave in such manner as to violate the provisions of any law to which I am subject, nor will I engage in behavior that threatens the safety or well-being of myself or others.

☒ 14. I will not own, possess, or purchase any shotgun, rifle or firearm of any type without the written permission of my Parole Officer. I will not own, possess or purchase any deadly weapon as defined in the Penal Law or any dangerous knife, dirk, razor, stiletto, or imitation pistol. In addition, I will not own, possess or purchase any instrument readily capable to causing physical injury without a satisfactory explanation for ownership, possession or purchase.

☒ 15. In the event that I leave the jurisdiction of the State of New York, I hereby waive my right to resist extradition to the State of New York from any state in the Union and from any territory or country outside the United States. This waiver shall be in full force and effect until I am discharged from Strict and Intensive Supervision and Treatment. I fully understand that I have the right under the Constitution of the United States and under law to contest an effort to extradite me from another state and return me to New York, and I freely and knowingly waive this right as a condition of my Strict and Intensive Supervision and Treatment.

☒ 16. I will not use or possess any medications or supplements, designed or intended for the purpose of enhancing sexual performance or treating erectile dysfunction, without the written permission of my Parole Officer and the approval of his/her Area Supervisor.

☒ 17. I will participate in the Division of Parole's polygraph program as directed by my Parole Officer. I understand that this will include periodic polygraph sessions consisting of a pre-examination interview, polygraph examination and post-test interview with the Polygraph Examiner or my Parole Officer.

☒ 18. I will not use or possess any drug paraphernalia or use or possess any controlled substance without proper medical authorization

☒ 19. I will fully comply with the instructions of Parole Officer and obey such special additional written conditions as he, a Member of the Board of Parole or an authorized representative of the Division of Parole, may impose.

☒ 20. I will permit the release of information by any and all service providers designated to provide treatment services to me and the submission of progress reports by such service providers every three months to the Court. (Commissioner of the Office of Mental Health), (~~Commissioner of the Office of Mental Retardation and Developmental Disabilities~~), the Attorney General and my Parole Officer.

2

## SPECIAL CONDITIONS OF
## STRICT AND INTENSIVE SUPERVISION AND TREATMENT

x 21. I **WILL** provide a sample for DNA testing if conviction appropriate pursuant to Section 95-C, Subdivision 3, of the Executive Law, if applicable.

Initial **SS**

Special Conditions Related to Sex Offenders/Treatment:

x 22. I **WILL** immediately register as a sex offender with the local law Enforcement Agency where I reside, if applicable.

Initial **SS**

x 23. I **WILL** comply with all the requirements of the Sex Offender Registration Act, if applicable.

Initial **SS**

x 24. I **WILL NOT** knowingly enter into or upon any school grounds as that term is defined in Penal Law §220(14) or facilities, or any other facility or institution primarily used for the care or treatment of persons under the age of eighteen (18) while one or more of such persons under the age of eighteen (18) are present.

Only under the following circumstances may I enter upon or into the buildings or grounds of such facilities or institutions:

1) When I am a registered student, participant of employee of one of the described institutions or facilities and have the written permission of either the superintendent or chief administrator of such institution or facility **and** my Parole Officer for the limited purpose stated by these individuals;

2) I am an employee of a business that has a contract with one of the described institutions or facilities and have the written permission of either the superintendent or chief administrator of such institution or facility **and** my Parole Officer for the limited purpose stated by these individuals; or

3) I have a family member who is enrolled in one of the described institutions or facilities and have the written permission of either the superintendent or chief administrator of such institution or facility **and** my Parole Officer for the limited purpose stated by these individuals.

"*School grounds*" means (a) in or on or within any building, structure, athletic playing field, playground or land contained within the real property boundary line of a public or private elementary, parochial, intermediate, junior high, vocational, or high school, or (b) any area accessible to the comprising any such school or any parked automobile or other parked vehicle located within one thousand feet of the real property boundary line comprising any such school. For the purposes of this section an "area accessible to the public" shall mean sidewalks, streets, parking lots, parks, playgrounds, stores and restaurants.

Initial **SS**

x 25. I **WILL** keep my appointment for treatment assessment and intake on _____. I will answer fully and truthfully during my sex offender treatment evaluation and assessment.

Initial **SS**

x 26. I **WILL** participate and fully cooperate with the directives of my sex offender treatment program including signing the treatment program's consent to release information to the Division of Parole and taking any medications as prescribed.

Initial **SS**

x 27. I **WILL** remain in sex offender treatment at

• _____ and remain in treatment until its completion and will not leave without the knowledge and permission of my Parole Officer.

Initial **SS**

x 28. I **WILL** follow the directives of my sex offender treatment, attend treatment regularly, participate fully in treatment and not miss scheduled treatment appointments. I will report any difficulties I experience in my treatment to my provider and my Parole Officer.

Initial **SS**

x 29. I **WILL NOT** leave my sex offender treatment program without prior written permission of my Parole Officer. Should my participation in the treatment program be terminated for any reason, I will personally and immediately inform my Parole Officer and report to my Parole Officer within 24 hours of the termination.

Initial **SS**

3

x 30. I WILL comply with and follow through with the discharge plan and treatment directives developed for me, upon discharge from my sex offender treatment plan.
Initial SS

x 31. I WILL NOT frequent areas that sell or promote pornographic/sexual activity or material such as bookstores, massage parlors, topless bars, juice bars and sex shops. Further, I WILL NOT purchase or possess pornography or any sexually explicit materials.
Initial SS

x 32. I WILL NOT engage nor participate in any on-line computer service that involves the exchange of electronic messages or establishes sexual encounters or liaisons.
Initial SS

X 33. I WILL NOT call or view any sexually explicit telephone, movies or television services and I WILL submit copies of telephone, television, Internet service and/or cable bills to my Parole Officer upon his/her request.
Initial SS

x 34. I WILL NOT purchase, possess or engage in any way, the use of any sexually explicit materials or erotic magazines, tapes, pictures, films or digital images.
Initial SS

x 35. I WILL NOT be in contact with any children under the age of eighteen (18) unless I have prior approval from my Parole Officer, AND a responsible adult age twenty-one and over is present.
Initial SS

x 36. I WILL NOT have contact with the following individual(s):

_____. This means that I will not attempt to meet in person, communicate by letter, telephone, electronically (computer) or through a third party, these individual(s) without the knowledge and permission of my Parole Officer.
Initial SS

x 37. I WILL NOT enter or be within 300 yards of places where children congregate, such as toy stores, parks, pet stores, schools, playgrounds, video galleries, malls, bike trails, skating rinks, amusement parks, bowling alleys, pool halls, etc., without the prior approval of my Parole Officer.
Initial SS

x 38. I WILL NOT have children's toys, children's magazines/books or children's clothing in my possession without the prior knowledge and permission of my Parole Officer.
Initial SS

x 39. I WILL NOT have animals (puppies, kittens, etc.) in my possession without the prior knowledge and permission of my Parole Officer.
Initial SS

x 40. I WILL NOT have names, addresses, cut out pictures or photos of minors in my possession without the prior knowledge and permission of my Parole Officer.
Initial SS

x 41. I WILL NOT hitchhike or pick up hitchhikers at any time. I shall not offer anyone a ride in my motor vehicle without the permission of my Parole Officer.
Initial SS

x 42. I WILL NOT purchase or possess photographic or video equipment without the prior and written permission of my Parole Officer.
Initial SS

x 43. I WILL NOT cross-dress or participate in any sexual fetishes.
Initial SS

x 44. I WILL notify my Parole Officer when I establish a relationship with a consenting adult and then shall inform the other party of my prior criminal history concerning sexual abuse, in the presence of my Parole Officer. I will also inform my Parole Officer of HOW and WHEN this person can be contacted, and provide an address and telephone number for this person.
Initial SS

Special Conditions Alcohol/Substance Abuse/ Mental Health Treatment Programs:

x 45. I WILL enter and complete _____ Alcohol/Substance Abuse Treatment program, and will not leave that program without the consent of my Parole Officer.
Initial SS

4

x 46. I **WILL** abstain from the use of **ALL** alcoholic beverages. I will not frequent any establishment that sells alcoholic beverages for onsite consumption. Additionally, I **WILL NOT** possess or purchase alcohol.  Initial SS

x 47. I **WILL** submit to random drug/alcohol testing. Further I will not purchase, possess, or consume substances for the purpose of altering the results of any substance abuse testing or polygraph examination.  Initial SS

x 48. I **WILL NOT** use or possess any drug paraphernalia or use or possess any controlled substance without proper medical authorization.  Initial SS

x 49. I **WILL** participate and fully cooperate with any therapy or counseling as directed by the Court and/or my Parole Officer.  Initial SS

x 50. I **WILL** abide by the following curfew:

   I shall be in my approved residence between the hours of 7 P.M. and 7 A.M. on weekdays between the hours of 7 P.M. and 7 A.M. on weekends (Friday and Saturday nights) unless given written permission by my Parole Officer to do otherwise.  Initial SS

x 51. I **WILL NOT** own or operate a motor vehicle nor will I apply for, or possess a driver's license without the knowledge and permission of my Parole Officer. Should I be given permission to apply for and receive a driver's license, I will keep a driving log specifying distances, dates, times, places and mileage. I will also inform my Parole Officer of all vehicles that I may operate if given permission to drive. Further I will only use this mode of transportation to attend sex offender treatment, medical appointments, vocational training, employment, pre-approved leisure activities and reporting to my Parole Officer. I further agree to go directly to and from these destinations only.  Initial SS

x 52. I **WILL** carry on my person at all times, a log **TRUTHFULLY** detailing **ALL** of my daily events to include dates, times, places with addresses, vehicle information and people with names for review by my Parole Officer at any given time.  Initial SS

x 53. I **WILL NOT** rent, operate or be a passenger in any vehicle without the permission of my Parole Officer.  Initial SS

x 54. I **WILL** live and remain at my approved residence and have **NO** unauthorized visitations from others without prior approval or knowledge of my Parole Officer.  Initial SS

x 55. I **WILL** seek, obtain and maintain employment.  Initial SS

x 56. I **WILL** submit applications for employment at three (3) sites daily and provide a list of places to my Parole Officer as directed, where applications have been submitted.  Initial SS

x 57. I **WILL** enter into a vocational and/or academic program if directed by my Parole Officer to do so. I will not leave such program without the knowledge or permission of my Parole Officer.  Initial SS

x 58. I **WILL NOT** own or possess a beeper, scanner or cell phone without permission of my Parole Officer. If given permission to possess a cell phone, I will not possess one that is video or photo-capable.  Initial SS

x 59. I **WILL HAVE NO** telephone blocks, or answering machines used to screen telephone calls.  Initial SS

x 60. I **WILL NOT** rent or have control of a U.S. Post Office box without the prior knowledge and permission of my Parole Officer.  Initial SS

or WILL cooperate fully with the implementation of a GPS or ELECTRONIC MONITORING PROGRAM. I WILL NOT tamper with ANY equipment and WILL ensure that All equipment is returned to the Division of Parole upon completion.

Initial SS

x 62. I WILL possess only one computer at my residence if granted permission by my Parole Officer to have possession of a computer:

> I WILL NOT use, possess, have control of any/all computers or computer related materials until I obtain approval by my Parole Officer.

> I WILL provide all personal/business phone, Internet and/or cable records to my Parole Officer upon request.

> I WILL obtain prior written approval from my Parole Officer to use an electronic bulletin board system, services that provide access to the Internet, or any public or private computer network. Billing/transaction records will be submitted to my Parole Officer upon request.

> I WILL NOT use any form of encryption, cryptography, steganography, compression and/or other method that might limit access to, or change the appearance of, data and/or images on any computer without prior written approval from my Parole Officer.

> I WILL cooperate with unannounced examinations by my Parole Officer of any and all computer(s) and/or other electronic device(s) to which I have access. This includes access to all data and/or images stored on hard disk drives, floppy diskettes, CD ROMs, optical disks, magnetic tape and/or any other storage media whether installed within a device or removable.

> I WILL install or allow to be installed at my own expense equipment and/or software to monitor or limit computer use, or remove any hardware device including modem, network card, and/or other device that may be used to provide access to another computer or computers.

> I WILL acknowledge that individuals who have access to (my) any computer system and/or other communication or electronic storage devices that are approved will also be subject to monitoring and/or search and seizure. I agree to be fully responsible for all material, data, images and information found on (my) such computer and/or other communication or electronic storage devices at all times.

> I WILL NOT attempt to circumvent, alter, inhibit, or prevent the functioning of any monitoring or limiting equipment, device or software that has been installed by or at the behest of, or is being utilized by, the Division of Parole for the purposes of recording, monitoring or limiting my computer or Internet use and access, nor will I attempt to remove or tamper with such equipment, device or software in any way.

> I WILL NOT alter or destroy any records of computer use without the approval of the Division of Parole. This includes, but is not limited to, the deletion or removal of browser history data regardless of its age, and the possession of software or items designed to boot into or utilize RAM kernels, alter or "wipe" computer media, defeat forensic software, or block monitoring software. This also includes a prohibition against restoring a computer to a previous state or the reinstallation of operating systems without the prior approval of the Division of Parole.

> I WILL NOT, if prohibited by condition(s) of release access or possessing certain items, information or material, utilize or attempt to utilize any computer or device for purposes of accessing or possessing such items, information or material. If I am prohibited by condition(s) of release from contacting or communicating with any person(s), I will not utilize or attempt to utilize any computer or device for purposes of contacting or communicating with such person(s).

Initial SS

x 63. I will participate and fully cooperate with any recommended mental health evaluations and will fully comply with the mental health provider's recommendations that may include and not be limited to psychiatric examinations, medication therapy, individual therapy, group therapy and appropriate laboratory testing for levels of psychotropic or neuroactive medications.

Initial SS

6

x 64. I will submit to psychiatric examinations as designated by the Commissioner of Mental Health to determine continued suitability for Strict and Intensive Supervision and Treatment.

Initial _SS_

x 65. **I WILL** participate and fully cooperate with my case manager in areas of case management services that may include but not be limited to entitlements, housing, vocational, educational and recreational programs.

Initial _SS_

**Additional Conditions Imposed:**

I hereby certify that I have read and understand the above conditions of my Strict and Intensive Supervision and Treatment and that I have received a copy of this document.

Signed this ___23rd___ day of ___May___, 2008.

Respondent: _Shawn Short_

Dated: ___May 22___, 2008

_____
Justice of the Supreme Court

Distribution:
NYS Division of Parole - NYS Office of Mental Health - Respondent - Attorney for Respondent - Office of the Attorney General

7