UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MENTAL HYGIENE LEGAL SERVICE,

                 Plaintiff,

- against -

ELIOT SPITZER, in his official capacity as Governor of the State of New York, ANDREW CUOMO, in his official capacity as Attorney General of the State of New York, MICHAEL HOGAN, in his official capacity as Commissioner of the New York State Office of Mental Health, DIANA JONES RITTER, in her official capacity as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, and BRIAN FISCHER, in his official capacity as Commissioner of the New York State Department of Correctional Services,

                 Defendants.

Docket Number 07-CV-2935 (GEL) (AJP)

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS INTERVENOR-PLAINTIFF SHAWN SHORT

            ANDREW M. CUOMO
            Attorney General of the
            State of New York
            *Attorney for the Defendants*
            120 Broadway
            New York, New York 10271
            (212) 416-8567

EDWARD J. CURTIS, JR.
JOSHUA PEPPER
Assistant Attorneys General
*Of Counsel*

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Defendants ELIOT SPITZER, Governor of the State of New York;[1] ANDREW CUOMO, Attorney General of the State of New York; MICHAEL HOGAN, the Commissioner of the Office of Mental Health; DIANA JONES RITTER, Commissioner of the Office of Mental Retardation and Developmental Disabilities; and BRIAN FISCHER, Commissioner of the New York State Department of Correctional Services, in support of their motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP") for a judgment dismissing the Intervenor Complaint of Shawn Short ("Short"), dated September 27, 2007 (Docket Index # 29) ("Int. Compl."). Plaintiff Mental Hygiene Legal Service ("MHLS") is seeking to challenge certain aspects of New York State's Sex Offender Management and Treatment Act ("SOMTA"). Short alleges that the U.S. Constitution forbids Defendants from enforcing the mandatory pretrial detention provisions of SOMTA against him. Short's trial has since concluded, and the Supreme Court, Schuyler County, has subjected him to a regimen of Strict and Intensive Supervision and Treatment ("SIST"). Consequently, Short can no longer be subjected to the pretrial detention provisions he challenges. His claims are moot.

## STATEMENT OF FACTS

In 1992, Short was convicted of sodomy, rape, and acting in a manner injurious to a child. Int. Compl. ¶ 6. His victim was six years old. Declaration of Geoffrey B. Rossi ("Rossi Decl.") ¶ 2. Short was sentenced to five to 15 years of incarceration. Int. Compl. ¶ 6.

Short served ten years in prison. Int. Compl. ¶ 7. He was released on parole in May 2002, but he violated his parole conditions and returned to prison in January 2003. Int. Compl. ¶ 7. He

---

[1] On March 17, 2008, David Paterson became Governor of the State of New York.

was again released to parole supervision in October 2005. *Id.*

On or about June 8, 2007, the Attorney General filed a petition pursuant to MHL § 10.06 seeking Short's commitment to a secure treatment facility. Rossi Decl. ¶ 2. The petition cited, *inter alia,* the severity of Short's crime, the young age of his victim, and his Static-99 score of 6, which places him at high risk for repeat offenses. *Id.*

On September 28, 2007, Short filed an Intervenor Complaint, alleging that the pretrial detention provisions of Article 10 would unconstitutionally subject him to incarceration. Int. Compl. ¶ 41. On November 16, 2007, this Court issued its Opinion and Order granting in part Plaintiff's motion for a preliminary injunction. Docket Index # 39. The Order enjoined the Defendants from incarcerating any Article 10 respondent, including Short, without particularized findings that the respondent is sufficiently dangerous to require confinement and that lesser conditions of supervision will not adequately protect the public. Docket Index # 39, at 32.

On March 17, 2008, Short's jury trial pursuant to MHL § 10.07 commenced. Rossi Decl. ¶ 3. On March 21, 2008, a jury found by clear and convincing evidence that Short was a sex offender who suffered from a mental abnormality. *Id.* In accordance with that verdict, the Honorable Elizabeth A. Garry ordered interim SIST conditions, which Short violated. Rossi Decl. ¶¶ 4, 5 and Exs. 1, 2. The police rearrested Short and charged him with Criminal Contempt in the Second Degree. Rossi Decl. ¶ 5. Short was held in the Tioga County Jail pending disposition of his Article 10 case. *Id.*

On May 14, 2008, Justice Garry held a dispositional hearing. Rossi Decl. ¶ 6. Pursuant to that hearing, Judge Garry ordered on May 22, 2008, that Short undergo a SIST regimen. Rossi Decl. ¶ 7 and Exs. 3, 4. Short was released from prison on or about May 27, 2008. *Id.*

**ARGUMENT**

I. **THE CONCLUSION OF SHORT'S TRIAL AND IMPOSITION OF THE SIST REGIMEN RENDER SHORT'S CLAIMS MOOT.**

A federal court possesses subject-matter jurisdiction over a lawsuit only when the lawsuit presents an actual "case or controversy" under Article III, § 2, of the United States Constitution. *Arizonans for Off'l English v. Arizona,* 520 U.S. 43, 64 (1997). Standing to sue is an aspect of that requirement. *Id.* In order to maintain standing to sue, the plaintiff must demonstrate personal injury that is fairly traceable to the defendant's conduct and that the requested relief can redress. *Daimler Chrysler Corp. v. Cuno,* 547 U.S. 332, 342 (2006). The injury must also be "actual or imminent," not "conjectural or hypothetical." *Id.* at 344. "Imminent" in this context means "certainly impending." *Id.* at 345.

The controversy "must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Off'l English,* 520 U.S. at 67. If an event occurs that makes it impossible for the court to grant meaningful relief to a prevailing party, the court must dismiss the case. *United States v. Blackburn,* 461 F.3d 259, 262 (2d Cir. 2006); *In re Kurtzman,* 194 F.3d 54, 58 (2d Cir. 1999).

For a declaratory judgment to issue, the dispute must call "not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." *Ashcroft v. Mattis,* 431 U.S. 171, 172 (1977). The facts must show a substantial controversy of sufficient immediacy to warrant a declaratory judgment. *Preiser v. Newkirk,* 422 U.S. 395, 402 (1975). Where the remedy sought has no implications for practical enforcement upon the parties, dismissal is appropriate. *Browning Debenture Holders' Cmte v. DASA Corp.,* 524 F.2d 811, 817 (2d Cir. 1975).

3

Here, Short seeks a declaratory judgment that the pretrial detention provisions of MHL § 10.06(k) would violate his rights under the Due Process Clause and an injunction barring Defendants from committing him to a secure treatment facility during the pendency of Article 10 proceedings against him without a finding by clear and convincing evidence that such confinement is warranted. Int. Compl. ¶¶ 41(a), 41(b). Such a judgment can have no implications for practical enforcement upon Defendants. Short's Article 10 trial has concluded. Rossi Decl. ¶ 3. The jury has already found by clear and convincing evidence that Short is a sex offender with a mental abnormality. Rossi Decl. ¶ 3. Consequently, Defendants cannot subject Short to any *pretrial* detention. Because pretrial detention is no longer an issue for Short, he cannot benefit from the declaratory judgment he seeks. This Court cannot grant Short any meaningful relief. Any declaratory judgment or injunction would have no implication for practical enforcement and thus would be a mere advisory opinion.

Short's claim in this action remains moot despite his appeal of the SIST order. Short could argue only that at some unspecified future date, if his appeal is successful, then he could potentially again be subject to pretrial detention. The Supreme Court explicitly rejected this argument in *Murphy v. Hunt,* 455 U.S. 478 (1982). In *Murphy*, the appellee sought pretrial bail and challenged the state's pretrial bail procedures. *Id.* at 480. The Supreme Court ruled that his claim to pretrial bail became moot after his criminal convictions and that his pending appeals of those convictions created only a "physical or theoretical possibility" of his once again being in a position to request pretrial bail. *Id.* at 482-83. Thus, without a "reasonable expectation" or "demonstrated probability" of a live controversy, the case was no longer reviewable and remained moot. *Id.*

Short's situation is exactly the same. Just as the *Murphy* appellee sought bail to avoid

4

pretrial detention, Short also seeks to avoid pretrial detention. Just as the *Murphy* case became moot upon the appellee's criminal convictions, Short's claims became moot upon the jury's finding and the court's judgment that Short is a sex offender with a mental abnormality. And just as the Supreme Court rejected the argument that a successful appeal could revive such claims, this Court should reject the same argument from Short. Short is not facing a "certainly impending" injury. *Daimler Chrysler,* 547 U.S. at 345. Rather, Short can only speculate that some future contingency may subject him to harm. Such a speculative contingency does not avoid mootness. *E.I. DuPont de Nemours & Co. v. Invista, B.V.,* 473 F.3d 44, 47 (2d Cir. 2006).

## CONCLUSION

Pretrial detention cannot occur after a trial, and Short's trial has concluded. Short cannot obtain effective relief for an injury he will not sustain. His claims are moot. Defendants respectfully request that this Court dismiss Short's Intervenor Complaint.

Dated: New York, New York
       July 17, 2008

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the State of New York
*Attorney for Defendants*

By:   /s/ Joshua Pepper
      JOSHUA PEPPER
      Assistant Attorney General
      120 Broadway, 24th floor
      New York, NY 10271
      tel: 1-212-416-8567
      fax: 1-212-416-6075

EDWARD J. CURTIS, JR.
JOSHUA PEPPER
Assistant Attorneys General
 *Of Counsel*