UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

MENTAL HYGIENE LEGAL SERVICE,

              Plaintiff,

      -and-

SHAWN SHORT,

        Proposed Plaintiff-Intervenor,

          -against-

ELIOT SPITZER, in his official capacity as Governor
of the State of New York, ANDREW CUOMO, in his
official capacity as Attorney General of the State of
New York, MICHAEL HOGAN, in his official capacity
as Commissioner of the New York state Office of Mental
Health, DIANA JONES RITTER, in her official capacity
as Commissioner of the New York State Office of
Mental Retardation and Developmental Disabilities, and
BRIAN FISCHER, in his official capacity as Commissioner
of the New York state Department of Correctional Services,

          Defendants.

Docket Number
07-CV-2935 (GEL)

_____


**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO
DISMISS THE INTERVENOR COMPLAINT AS MOOT**

MENTAL HYGIENE LEGAL SERVICE
THIRD JUDICIAL DEPARTMENT
Sheila E. Shea, Director
(Hollie S. Levine, Esq. of Counsel)
Attorney for Plaintiff-Intervenor
State Office Building
44 Hawley Street, Room 1602
Binghamton, New York 13905
Phone (607) 721-8440
FAX (607) 721-8447

To:    Andrew Cuomo
        Attorney General of the
        Sate of New York
        Attorney for Defendants
        120 Broadway, 24th Floor
        New York, New York 12071
        Phone (212) 416-9641

(i)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT
        THE INTERVENOR COMPLAINT SHOULD
        NOT BE DISMISSED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

## FEDERAL CASES

*County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Fox v. Board of Trustees of State University of New York*, 42 F. 3d 135 (2nd Cir. 1994) . . . . . . . 3

*Honig v. Doe*, 484 U.S. 305, 320-321 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*MHLS v. Spitzer*, Slip Copy 2007 WL 4115936 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Murphy v. Hunt*, 455 U.S. 478 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Olmstead v. L.C. ex rel Zimring*, 527 U.S. 581, 594, fn.6 (1999) . . . . . . . . . . . . . . . . . . . . 5

*Vitek v. Jones*, 445 U.S. 480, 486-487 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## MENTAL HYGIENE LAW

Article 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Section 10.03(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

Section 10.03(r) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Section 10.06(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Section 10.06(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Section 10.06(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Section 10.06(k) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Section 10.07(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of the plaintiff-intervenor (Shawn Short). The within action seeks declaratory and injunctive relief concerning certain aspects of New York's Sex Offender Management and Treatment Act ("SOMTA"), codified in part, in Article 10 of the New York State Mental Hygiene Law ("MHL"). Because Shawn Short's Article 10 trial has concluded, Defendants have moved to dismiss the claims of Plaintiff-intervenor Shawn Short as moot. Plaintiff-intervenor opposes the relief and requests that the defendants' motion be denied.

## STATEMENT OF FACTS

As alleged in the intervenor complaint, Shawn Short (the "Intervenor") was convicted in May, 1992 of sodomy, rape, and acting in a manner injurious to a child. He was sentenced to an indeterminate period of incarceration of five (5) to fifteen (15) years in a New York State Correctional Facility. The Intervenor served ten years in prison and was initially released to parole supervision in May, 2002. However, Shawn Short's parole was revoked in January, 2003, and he was returned to prison. The Intervenor was again released to parole supervision on October 31, 2005.

The Intervenor was scheduled to be released from parole supervision on June 10, 2007. However, on June 8, 2007, the New York State Attorney General's Office (OAG) commenced a Sex Offender Civil Management Petition, under article 10 of the MHL. The proceeding was commenced in Tioga County Supreme Court and later removed to Schuyler County Supreme Court.[1]

---

[1] The State Supreme Court Justice assigned to the matter was the Honorable Elizabeth A. Garry.

On September 28, 2007, Shawn Short filed an Intervenor Complaint in federal court alleging that the mandatory pre-trial detention provision of Mental Hygiene Law (MHL) § 10.06 (k) is unconstitutional absent a finding of dangerousness (Int. compl. ¶ 41). On November 16, 2007, this Court issued its opinion and order granting plaintiff's motion for a preliminary injunction (*MHLS v. Spitzer,* Slip Copy 2007 WL 4115936 ). The federal injunction which has been issued in this case enjoins the Defendants from confining any article 10 respondent under MHL § 10.06 (k), including Shawn Short, absent particularized findings that the respondent is sufficiently dangerous to require confinement and that lesser conditions of supervision will not be adequately protect the public.

On March 17, 2008, Shawn Short's jury trial commenced in Schulyer County Supreme Court (Levine Declaration ¶ 3). On March 21, 2008, the jury returned a verdict, finding by clear and convincing evidence, that Shawn Short was a sex offender who suffered from a "mental abnormality." By definition, Shawn Short's "mental abnormality" pre-disposes him the commission of conduct constituting a sex offense . MHL § 10.03 (i).

Pursuant to MHL § 10.06 (f), Supreme Court held a hearing on May 14, 2008 to determine whether Shawn Short requires secure confinement or whether he could be released to a regimen of Strict and Intensive Supervision and Treatment ("SIST"). Following the hearing and on May 22, 2008, Justice Garry issued an order determining that Shawn Short is a "sex offender requiring strict and intensive supervision." *I.e,* while Shawn Short suffers from a "mental abnormality," he is not a dangerous sex offender requiring confinement. MHL§ 10.03 (r).

Shawn Short has been released pursuant to the terms of his SIST regimen and has filed an

appeal in the Appellate Division, Third Department, from the final order issued by Justice Garry

which disposed of the Article 10 proceeding. (Levine Decl. ¶ ¶ 7, 8).

## ARGUMENT

## THE INTERVENOR COMPLAINT SHOULD NOT BE DISMISSED

Under Article III of the Constitution a federal court may only adjudicate actual, ongoing

controversies. *Fox v. Board of Trustees of State University of New York*, 42 F. 3d 135 ( 2nd Cir.

1994). A case is moot, and accordingly the federal courts have no jurisdiction over the litigation,

when "the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v.*

*Davis*, 440 U.S. 625, 631 (1979). The Defendants claim that Shawn Short no longer has a

cognizable interest in the outcome of this case because his Article 10 trial is over. The

Intervenor maintains, however, that his claim is one which is "capable of repetition yet evading

review." *Murphy v. Hunt*, 455 U.S.478 (1982).

The "capable of repetition, but evading review" exception to the mootness doctrine

applies when (1) the challenged action was in its duration too short to be fully litigated prior to

its cessation or expiration, and (2) there was a reasonable expectation that the same complaining

party (in this case Shawn Short) would be subjected to the same action again. *Murphy v. Hunt,*

455 U.S. at 482. Even though Shawn Short's Article 10 trial has concluded, both prongs of the

exception to the mootness doctrine are satisfied in his case.

Addressing the first prong of the *Murphy* test, it would be virtually impossible to fully

litigate the constitutionality of MHL § 10.06(k) prior to the cessation or expiration of the

mandatory pre-trial detention. That is because Article 10 codifies very short time limits by

which the probable cause hearing and trial are to be conducted and concluded. For instance,

after the filing of a sex offender management petition a probable cause hearing ordinarily must be scheduled within thirty days. MHL § 10.06 (g). If the respondent is at liberty or eligible to be released from confinement, however, his release may be stayed and the probable cause hearing shall, in that case, commence no later than seventy-two hours from the date of the respondent's anticipated release date. MHL § 10.06 (h). Thereafter, within sixty days after a probable cause determination pursuant to MHL § 10.06(k), a trial shall be conducted to determine whether the respondent is a detained sex offender who suffers from a mental abnormality. MHL § 10.07 (a). Even when factoring in adjournments which might be requested by either or both parties in an Article 10 proceeding, it would be an impossibility fully litigate the constitutionality of pre-trial detention when that detention is not anticipated to last for more than sixty days following a finding of probable cause.

The second prong of the *Murphy* test is also satisfied because there is a reasonable likelihood that the intervenor will again suffer the deprivation of liberty which gave rise to the Intervenor Complaint. *See, e.g., Honig v Doe*, 484 U.S. 305, 320-321 (1988). In *Honig*, the issue was whether state and local school authorities could unilaterally exclude disabled children from the classroom for dangerous or disruptive conduct growing out of their disabilities. On appeal, the defendants in *Honig* maintained that the case was moot in that the students whose claims were at issue in the case were no longer entitled to the benefits of the federal law at issue.

In determining one student's claim to be moot, the Court observed that the respondent had aged out and was no longer entitled to the protections of the statute (which limited eligibility to disabled children between the ages of 3 and 21). However, another student's claims were not moot because the student was only twenty (20) and had not yet completed high school. More

Page -4-

importantly, for purposes of this analysis, however, the Court also observed that although the student was not faced with a  proposed suspension by the time his case reached the Supreme Court, the respondent's disability and very inability to conform his conduct to socially acceptable norms made it likely that he would again engage in the same type of classroom misconduct that precipitated the lawsuit.

In reaching this determination, the Supreme Court majority in *Honig* stated  that "its concern in these cases, as in all others involving potentially moot claims, was whether the controversy was *capable* of repetition and not... whether the claimant had demonstrated that a recurrence of the dispute was more probable than not. " (emphasis in original).  305 U.S. at 320, fn. 6; *see* also, *Olmstead v. L.C. ex rel Zimring*, 527 U.S. 581, 594, fn.6 (1999) - claims of mentally disabled persons seeking transfer from institutional placements to community based settings were not moot, although transfers had occurred, because of the possibility that such persons could be re-institutionalized; *Vitek v. Jones*, 445 U.S. 480, 486-487 (1980) - patient's history of chronic illness made it likely that he would again be transferred to a mental institution defeating mootness.

In the instant case, there is an obvious reason why the Intervenor's claims are not moot. He could again be subject to the mandatory pre-trial detention provisions of Article 10 if arrested and convicted of another sex offense.  As in *Honig*, this is not a hypothetical or remote consideration.  Shawn Short has been determined by a jury to have a "mental abnormality." By definition, that means he is *predisposed* to the commission of conduct constituting a sex offense and that he has serious difficulty in controlling such conduct.  MHL § 10.03 (i).  By virtue of the adjudication of "mental abnormality," with a "predisposition" to engage in conduct constituting

Page -5-

a sex offense, the Intervenor has demonstrated that there is a reasonable likelihood that he will again be subject to the mandatory pre-trial detention which gave rise to his complaint in the first place.

Also, while a jury has determined that Shawn Short has a "mental abnormality," an appeal has been filed with the Appellate Division, Third Department. As can be seen from Exhibit A annexed to the declaration of Hollie S. Levine, there are several grounds for reversal set forth in appellate counsel's pre-calendar statement. One possible outcome of the appeal could be that the jury verdict of "mental abnormality" is set aside and a new trial ordered. If the final order entered in this case were reversed and a new trial ordered, there is nothing in Article 10 which would preclude the State from attempting to invoke MHL § 10.06 (k) again in Shawn Short's case to subject him to pre-trial detention pending a new trial.

## CONCLUSION

The Intervenor's claims are not moot and it is respectfully requested that the Defendants' motion to dismiss the Intervenor Complaint be denied.

Respectfully submitted,

Dated: Binghamton, New York
      August 8, 2008

Mental Hygiene Legal Service
Sheila E. Shea, Director
State Office Building, 16th Floor
44 Hawley Street-Room 1602
Binghamton, New York 13901

By: _____
          Hollie S. Levine
          Associate Attorney
          Phone (607) 721-8440
          FAX (607) 721- 8447