STATE OF NEW YORK
SUPREME COURT: COUNTY OF SCHUYLER
-------------------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

                Petitioner,

-against-

SHAWN SHORT, NYSID #06993507L,
an individual under the supervision of the Department
of Parole,

                Respondent.

for Commitment Under Article 10 of the Mental Hygiene Law
-------------------------------------------------------

NOTICE OF APPEAL

Index No. 2007-0341

Hon. Elizabeth A. Garry

      Please Take Notice that pursuant to CPLR 5515(1), and Mental Hygiene Law Section 10.13, the above named Respondent hereby appeals to the Appellate Division, Third Judicial Department, from a final Order and Conditions of Strict Supervision and Treatment of the Hon. Elizabeth Garry, Justice Supreme Court Schuyler County, entered in the above entitled action in the office of the clerk of that court on June 10, 2008, which final order was based on a verdict of the jury herein on March 21, 2008, finding clear and convincing evidence that the Respondent suffers from a mental abnormality, and a finding by the Court following an evidentiary hearing on May 14, 2008, that the Respondent is a sex offender requiring Strict and Intensive Supervision and Treatment. This appeal is taken from each and every part of the final Order and Conditions of Strict Supervision and Treatment, as well as from the whole thereof, including but not limited to the Court's Decision Following Probable Cause Hearing dated November 6, 2007, and all intermediate orders, findings and rulings relating thereto, the Jury's verdict of March 21, 2008, and all intermediate orders, findings and rulings relating to that proceeding, the Court's finding of May 14, 2008 and all intermediate orders, findings and rulings relating to that proceeding, and

the Court's order setting the Conditions of Strict Supervision and Treatment and all intermediate orders, findings and rulings on which such conditions are based.

Dated: July 8, 2008

                                  ASWAD & INGRAHAM

                         By: _____
                               THOMAS A. SAITTA, ESQ.
                               Attorneys for Respondent Shawn Short
                               46 Front St.
                               Binghamton, NY 13905
                               (607)-722-3495

TO: Geoffrey B. Rossi, Esq., Assistant Attorney General
     Attorney General of the State of New York
     44 Hawley St., 17th Floor
     Binghamton, New York 13901
     (607)-721-8785

STATE OF NEW YORK: SUPREME COURT
APPELLATE DIVISION: THIRD DEPARTMENT
-----------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

                Petitioner,

-against-

SHAWN SHORT, NYSID #06993507L
an individual under the supervision
of the Department of Parole,

                Respondent.

for Commitment Under Article 10 of the Mental Hygiene Law
-----------------------------------------------

PRE-CALENDAR STATEMENT
Schuyler County Index No. 2007-0341
RJI # 2007-0134
Hon. Elizabeth A. Garry

Date of Commencement of proceeding
June 8, 2007

PARTIES INVOLVED:

The State of New York, Petitioner/Respondent

Shawn Short, Respondent/Appellant

COUNSEL FOR APPELLANT:

Thomas A. Saitta, Esq.
Aswad & Ingraham
46 Front St.
Binghamton, New York 13905
(607)-722-395
(607)-722-2566, facsimile

COUNSEL FOR RESPONDENT:

Andrew M. Cuomo, Esq.
Attorney General of the State of New York
Geoffrey B. Rossi, Esq., Assistant Attorney General
44 Hawley St., 17th Floor
Binghamton, New York 13901
(607)-721-8785
(607)-721-8789, facsimile

COURT, JUDGE & COUNTY:

Supreme Court, Justice Elizabeth A. Garry, Schuyler County

NATURE AND OBJECT OF ACTION OR PROCEEDING:

Petition for an Order authorizing civil management of the Respondent/Appellant pursuant to Article 10 of the Mental Hygiene Law

APPELLATE ISSUES:

   1. Whether the jury's verdict that the respondent is a detained sex offender who suffers from a mental abnormality was supported by clear and convincing evidence.

   2. Whether the standard of clear and convincing evidence set forth in Mental Hygiene Law §10.07 violates due process under the State and Federal Constitutions.

   3. Whether it was error for the Court to allow Petitioner/Respondent to present, at trial, evidence of uncharged crimes.

   4. Whether it was error for the Court to admit into evidence at trial hospital records containing hearsay allegations of uncharged crimes.

   5. Whether it was error for the Court to preclude the Respondent/Appellant from presenting expert evidence at trial, that he is not a pedophile.

   6. Whether the Court erred in allowing the State to present, at trial, the testimony of the complaining witness, regarding the underlying sex offense supporting the State's claim that the Respondent/Appellant is a "detained sex offender".

   7. Whether it was error for the Court, in response to a jury question concerning the definition of pedophilia and other terms to provide the jury with a standard English dictionary rather than providing a definition of said terms after consultation of counsel.

   9. Whether the Court erred in permitting the jury to view photographs of the victim of the underlying sex offense supporting the State's claim that the Respondent/Appellant is a "detained sex offender".

   10. Whether it was error for the Court to allow Dr. Jennifer Berryman to examine the Respondent/Appellant prior to the appointment of counsel, and to then allow her to testify to her findings and opinions at the probable cause hearing pursuant to Mental Hygiene Law §10.06 or on the trial of this matter pursuant to Mental Hygiene Law §10.07.

11. Whether the Court's finding at the probable cause hearing was supported by sufficient evidence, and whether the Court erred in applying a reasonable cause standard to its finding.

12. Whether the application of Mental Hygiene Law §10.07, violated the Respondent/Appellant's right to due process under the Federal and New York State Constitutions in permitting his restraint, involuntary commitment and subjecting him to Conditions of Strict Supervision and Treatment in the absence of sufficiently definite criteria to define the term mental abnormality.

RELIEF SOUGHT ON APPEAL

Vacating and reversing, the jury's verdict that the Respondent/Appellant is a detained sex offender who suffers from a mental abnormality.

Vacating and reversing the Court's finding that there was probable cause to believe that the Respondent/Appellant was a sex offender requiring civil management.

Dismissing the sex offender civil management petition filed against the Respondent/Appellant.

Declaring Article 10 of the Mental Hygiene Law (in particular §10.07) to be unconstitutional.

There is no other related action or proceeding.

Submitted by:

_____
Thomas A. Saitta, Esq.
Aswad & Ingraham
Attorneys for Respondent/Appellant Short
46 Front St.
Binghamton, New York 13905

July 8, 2008

Attachments:

1. Copy of Order of Hon. Elizabeth Garry dated May 22, 2008
2. Condition of Strict and Intensive Supervision and Treatment signed by Hon. Elizabeth Garry on May 22, 2008
3. Decision Following Probable Cause Hearing signed by Hon. Elizabeth A. Garry on November 6, 2007
4. Copy of Notice of Appeal