UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MENTAL HYGIENE LEGAL SERVICE,<br><br>                    Plaintiff,<br><br>           - against -<br><br>ELIOT SPITZER, in his official capacity as Governor of the State of New York, ANDREW CUOMO, in his official capacity as Attorney General of the State of New York, MICHAEL HOGAN, in his official capacity as Commissioner of the New York State Office of Mental Health, DIANA JONES RITTER, in her official capacity as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, and BRIAN FISCHER, in his official capacity as Commissioner of the New York State Department of Correctional Services,<br><br>                    Defendants. | Docket Number 07-CV-2935 (GEL) (AJP) |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF MOTION TO DISMISS
INTERVENOR-PLAINTIFF SHAWN SHORT**

                              ANDREW M. CUOMO
                              Attorney General of the
                              State of New York
                              *Attorney for the Defendants*
                              120 Broadway
                              New York, New York 10271
                              (212) 416-8567

EDWARD J. CURTIS, JR.
JOSHUA PEPPER
Assistant Attorneys General
*Of Counsel*

**PRELIMINARY STATEMENT**

Defendants submit this reply memorandum of law in further support of their motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP") for a judgment dismissing the Intervenor Complaint of Shawn Short ("Short"), dated September 27, 2007 (Docket Index # 29). Short's trial has concluded, and his claims are thus moot. While Short speculates either that he may successfully appeal or that he may commit another sex offense, such speculation does not render his claims capable of repetition yet evading review. Short's argument ignores both Supreme Court precedent directly on point and the fact that additional offenses would not result in subjecting Short to the pre-trial detention he challenges here. The conclusion of Short's trial warrants dismissal of his claims in this Court.

**ARGUMENT**

**I.    THE INTERVENOR-PLAINTIFF'S CLAIMS ARE MOOT AND ARE NOT SUBJECT TO ANY EXCEPTION.**

Short argues that his claims are "capable of repetition, but evading review," and thus the exception to the mootness doctrine applies to him. Memorandum of Law in Opposition to Motion To Dismiss the Intervenor Complaint as Moot ("Pl. Br.") at 3. This doctrine applies only in exceptional situations. *Spencer v. Kemna,* 523 U.S. 1, 17 (1998). The doctrine requires two elements: (1) the challenged action must be too short to be fully litigated before its cessation or expiration, and (2) a reasonable expectation exists that the same action will affect the same complaining party again. *Id.* Neither element exists here.

### A. The Actions that Intervenor-Plaintiff Challenges Are Not So Fleeting so as To Prevent Full Litigation.

Although the statutory time limits of Article 10 proceedings are brief, this does not preclude Short's claims from being fully litigated. The Article 10 proceeding itself in state court affords Short an opportunity to raise the same constitutional claims that he asserts in this action. *Younger v. Harris,* 401 U.S. 37, 49 (1971). Indeed, Short has raised certain constitutional claims in his appeal. *See* Declaration of Hollie S. Levine, Ex. A. Thus, Short's pre-trial detention was not too fleeting to have been fully litigated. Short could have challenged the constitutionality of his detention at his probable-cause hearing.

### B. Short Has No Reasonable Expectation of Being Subject to the Same Action Again.

Short argues that if his appeal were successful, he could again be subject to the pre-trial detention provisions of MHL § 10.06(k). Pl. Br. at 6. This is precisely the argument that the U.S. Supreme Court rejected in *Murphy v. Hunt,* 455 U.S. 478 (1982). Just as the plaintiff in *Murphy* sought to avoid pre-trial detention by challenging bail procedures, Short seeks to avoid pre-trial detention by challenging the probable-cause procedure. The *Murphy* court held that a successful appeal was a "mere physical or theoretical possibility." *Id.* at 482. The same applies to Short.

Short also argues that because he is predisposed to committing sex offenses, he may again be subject to the pre-trial detention provision of MHL § 10.06(k) because he may be arrested and convicted of another sex offense. Pl. Br. at 5-6. This argument fails because there is no reason to subject Short to MHL § 10.06(k) again. If Short were to commit another sex offense, Defendants have the statutory power to revoke his SIST regimen pursuant to MHL § 10.11(d), and he could return to confinement under that section. Because Short's predisposition was resolved through the

jury's determination, such confinement would be post-trial, not pre-trial. The provision that Short seeks to challenge here would not apply because the detention would not be under the pre-trial provision of MHL § 10.06(k). Moreover, if Short were tried and convicted of another sex offense, nothing would prevent Defendants from relying on the already-existing finding of mental abnormality to return Short to the custody of the Commissioner of the Office of Mental Health immediately upon the expiration of his prison sentence. Again, such detention would be post-trial, not pre-trial.

Assuming *arguendo* that the law required the Attorney General to file a new civil-management petition before detaining Short again after another sex-offense conviction, Short's claim in this action would remain moot. The situation Short posits would directly mirror the case of *Spencer v. Kemna,* 523 U.S. 1 (1998), in which an inmate had already returned to prison for another crime and was scheduled to be released on parole. The U.S. Supreme Court found that the inmate had not demonstrated a reasonable likelihood that he would again have his parole revoked, and thus his challenge to parole revocation procedures remained moot. *Spencer,* 523 U.S. at 18. The hypothetical case that Short suggests would be the same: after such an arrest and conviction, a new process would begin for determining whether Short requires civil management, and whether the Attorney General would ultimately file another civil-management petition would depend on future findings. Thus, Short's anticipation of future pre-trial detention is pure speculation. Such speculation "does not rise to the level of a reasonable expectation or demonstrated probability of recurrence." *Russman v. Bd. of Educ. of the Enlarged City Sch. Dist. of the City of Watervliet,* 260 F.3d 114, 120 (2d Cir. 2001).

*Honig v. Doe,* 484 U.S. 305 (1988), on which Short principally relies, says nothing to the

3

contrary. The Second Circuit "has explicitly rejected efforts to read *Honig* broadly to require 'only that repetition could possibly occur, not that there is a probability that it will.'" *Lillbask v. State of Conn. Dep't of Educ.,* 397 F.3d 77, 86 (2d Cir. 2005) (quoting *Deeper Life Christian Fellowship, Inc. v. Sobol,* 948 F.2d 79, 82 (2d Cir. 1991). The respondent in *Honig* was highly likely to suffer the same education deprivation at issue because his aggressive behavior was "beyond his control," and the school system would commit "the same unilateral school action for which [respondent] initially sought relief." *Honig,* 484 U.S. at 320-21. Thus, the court had "abundant evidence that the scenario at issue was likely to recur." *Deeper Life,* 948 F.2d at 83. The same applies to the other cases on which Short relies, in which the plaintiffs' respective mental abnormalities rendered institutionalization inevitable. *See Olmstead v. L.C.,* 527 U.S. 581, 594 n.6; *Vitek v. Jones,* 445 U.S. 480, 486 (1980). Short's predisposition, by contrast, may be difficult for him to control, but it is not impossible, and he is currently in a SIST regimen designed to manage his predisposition so as to protect the public by minimizing the risk that he will offend again while ensuring that Short has access to proper treatment. MHL § 10.01(c). Thus, although the danger of such recidivism is real,[1] such danger does not imply any reasonable expectation that Defendants will subject Short to the pre-trial detention of MHL § 10.06(k) that he challenges in this action.

---

[1] In general, the court "can only speculate" whether someone will be arrested for violating the law and subsequently suffer harm from related procedures. *O'Shea v. Littleton,* 414 U.S. 488, 497 (1974). Such speculation is "too remote" to satisfy the case-or-controversy requirement of Article III of the U.S. Constitution. *Id.* at 498. However, Short asserts that he is likely to offend again. Pl. Br. at 5-6. As demonstrated above, this does not save Short's claims from mootness, but it does demonstrate the constitutionality of the pre-trial detention provisions of MHL § 10.06(k). By definition, a sex offender requiring civil management has a predisposition to commit additional sex offenses and is thus highly dangerous. The state has a compelling interest in protecting the public from that danger.

## CONCLUSION

Short's claims are not capable of repetition yet evading review. Any expectation that either a successful appeal or an additional sex offense would cause such repetition is pure speculation. Defendants respectfully request that this Court dismiss Short's Intervenor Complaint.

Dated: New York, New York
August 13, 2008

                                                Respectfully submitted,

                                                ANDREW M. CUOMO
                                                Attorney General of the State of New York
                                                *Attorney for Defendants*

                                   By:    /s/ Joshua Pepper
                                                JOSHUA PEPPER
                                                Assistant Attorney General
                                                120 Broadway, 24th floor
                                                New York, NY 10271
                                                tel: 1-212-416-8567
                                                fax: 1-212-416-6075

EDWARD J. CURTIS, JR.
JOSHUA PEPPER
Assistant Attorneys General
  *Of Counsel*