UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MENTAL HYGIENE LEGAL SERVICE and
SHAWN SHORT,

                Plaintiffs,

                -v.-

DAVID A. PATERSON, ANDREW CUOMO,
MICHAEL HOGAN, DIANA JONES RITTER,
and BRIAN FISCHER,

                Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/28/08

07 Civ. 2935 (GEL)

**OPINION AND ORDER**

GERARD E. LYNCH, District Judge:

    Defendants[1] move to dismiss the complaint of plaintiff-intervenor Shawn Short as moot. The motion will be granted.

    This action was originally filed by plaintiff Mental Hygiene Legal Service ("MHLS") on April 12, 2007, seeking a declaration that various provisions of New York's Sex Offender Management and Treatment Act are unconstitutional. On August 8, 2007, Shawn Short moved to intervene as a plaintiff. He specifically sought to join MHLS's challenge to the Act's provisions for mandatory pretrial detention, N.Y. Mental Hyg. Law § 10.06(k), and requested preliminary relief against those provisions, largely because at that time, he was facing precisely such detention. The application was granted.

---

[1] Because the complaints in this matter named lead defendant Eliot Spitzer solely in his official capacity as Governor of the State of New York, and because Governor Spitzer has since resigned, his successor David A. Paterson is automatically substituted as a defendant by operation of Fed. R. Civ. P. 25(d).

Since the granting of his motion, Short has been found by a jury to be a sex offender suffering from a mental abnormality, and the Supreme Court of the State of New York for Schuyler County has ordered him to comply with an intensive supervision and treatment program. He has appealed that order. Defendants argue that, as a result of this adjudication, Short's complaint in this Court is now moot.

The parties agree that Short's situation has changed, and that he is no longer subject to the pre-trial detention provisions he seeks to challenge. Nevertheless, Short insists that his case is not moot, because the conditions that might subject him to mandatory pre-trial detention are "capable of repetition, yet evading review." Murphy v. Hunt, 455 U.S. 478, 482 (1982). This contention is incorrect.

First, there is no basis for believing that the pre-trial detention provisions can evade review of their constitutionality due to the brevity of their pendency. Individuals subject to these provisions, including Short should the situation arise, are entirely free to litigate the constitutionality of the provisions in the New York State sex offender proceedings themselves, and the state courts are fully able to address the question in that context. Moreover, the underlying litigation here continues. Far from "evading review," the constitutionality of the challenged provisions of § 10.06(k) is under review now, whether or not Short remains a part of the case.

Second, there is no reasonable expectation that Short will be subject to the same provisions again. As Short has already been adjudicated a sex offender with a mental abnormality, any further order of detention will be a matter of post-trial adjudication of the remedies necessary to protect the public. If he complies with the state court's supervision order,

Short will not face detention at all. If he fails to comply, any detention will not be pursuant § 10.06(k).

Short points out that he is currently appealing the adjudication. Of course, it is possible that he will obtain reversal of the state court's judgment. But that possibility is speculative, and this Court declines any invitation to speculate about the prospects of a state appeal. In any event, this Court has preliminarily enjoined enforcement of § 10.06(k). See Mental Hygiene Legal Service v. Spitzer, No. 07 Civ. 2935, 2007 WL 4115936, at * 11-15 (S.D.N.Y. Nov. 16, 2007). That ruling too has been appealed, but until and unless that order is reversed on appeal, there is no possibility of Short's being detained under that provision. If the Second Circuit affirms the judgment, Short will remain safe from such pre-trial detention. If this Court's ruling is reversed, any such detention will have been found not to violate Short's rights.[2]

Thus, Short's complaint, insofar as he seeks to challenge the application of § 10.06(k) to his own case, is moot and must be dismissed on that ground.[3]

---

[2] Nor does Short's participation add anything to the issues before this Court and the Court of Appeals, or affect in any way the effective presentation of the arguments for MHLS. Short's interests, like those of all persons subject to the challenged provisions, are being vigorously asserted by MHLS, the facts of Short's case are a matter of public record and are available to the parties for reference as a concrete example of the operation of the statute; and Short's lawyer is also one of the lawyers representing Short in this action.

[3] In any event, the Court notes that even were the case not moot, the basis on which the Court granted intervention has now been entirely undermined. Short never claimed intervention as a matter of right, but rather sought permission to intervene under the discretionary provisions of Fed. R. Civ. P. 24(b), on the ground that his particular circumstances as a respondent in a sex offender proceeding facing application of the pretrial detention provisions made his participation in the case a matter of urgency. As the case has developed, the rationale for his participation in this action has dissipated. For these reasons, even if his complaint were not moot, under the present circumstances the Court would vacate its order permitting intervention and dismiss Short from the action.

3

## CONCLUSION

For the reasons stated above, the caption of this matter is amended pursuant to Fed. R. Civ. P. 25(d) to substitute Governor David A. Paterson for Governor Eliot Spitzer as a party defendant, and defendants' motion to dismiss the complaint of plaintiff-intervenor Shawn Short as moot is granted.

SO ORDERED.

Dated: New York, New York
       August 28, 2008

                                                 GERARD E. LYNCH
                                                 United States District Judge